1  Donald Williams
   44 1/2 S. Division Apt., 37
2  Grand Rapids, MI., 49503

FILED - GR

06 SEP -5 AM 10: 33

CLERK
U.S. DIST. COURT
WESTERN DIST. OF MICH

# *In The United States District Court*
# *For The Western District Of Michigan*

| | |
|---|---|
| Donald Williams, | ) Case No.:  **1:06 CV0635** |
| Plaintiff, | ) COMPLAINT |
| vs. | ) Robert Holmes Bell |
| Grand Rapids Public Library, | ) Chief, U.S. District Judge |
| Defendant, | ) |

Comes Now, the Plaintiff Donald Williams, with his Complaint.

## I. <u>COMPLAINT</u>

### A. JURISDICTION

#### a) The Plaintiff

1. The Plaintiff is Donald Williams, a citizen of the United States, born at Saint Mary's Hospital, Grand Rapids, MI., June 15, 1956, and resides at 44 ½ S. Division St., SE., Apt., 37, Grand Rapids, MI., 49503.

2. The Plaintiff brings this action pursuant Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

#### b) The Defendant

1. The Defendant is Grand Rapids Public Library, 111 Library Street N.E, Grand Rapids MI., 49503.

### c) Jurisdiction Of The Court

1. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state.    The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person.  Title 28 U.S.C.A. § 1331, 1332, 1343.

2. This courts jurisdiction is invoked by Plaintiff under the Civil Rights Act, 42 U.S.C. § 1983.  Plaintiff under the Civil Rights Act invokes this courts jurisdiction, Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.  This Court has jurisdiction of this action pursuant to Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

## B. COMPLAINT

### a) Complaint

1. On 9/21/05 at 11:05am I, Plaintiff, walked into the Grand Rapids Public Library, 111 Library Street N.E, Grand Rapids MI., 49503.  I went to a table and setup my laptop computer.  At 2:15pm I, Plaintiff, viewed a topless picture of Veronica Zemanova and I looked behind me and Tim, Grand Rapids Public Library employee, was standing about 8-15 feet behind me from where I was sitting who then walked up from behind me and told me "you can't view that in here."

> From behind me, Tim was looking over my shoulder and watching and viewing what I was doing on my laptop computer about 8-15 feet away from where I was sitting, I caught Tim Invading My Privacy.

I told Tim "I'm not on the internet, this picture is on my personal computer." Tim said, "I don't care, you can't view that in a public place. I'm going to have to ask you to leave. Close it up (the laptop) you're done." After I packed up my laptop computer I walked over to the Reference Desk where Tim was and I asked him his name. He said, "Tim." I said, "Tim what?" He said, "Just Tim." I said, "Over at the table you said I was done. What did you mean? I'm ban, barred, form the Library permanently or what?" Tim said, "No, your just ban, barred, from the library for the day." I, Plaintiff, left the library.

1. At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk, entrance to the library. And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." I went to the 4th floor and talked with Mr. Baldridge, assistant director. I told Mr Baldridge that "I viewed a topless woman on my laptop computer and Tim told me to leave the library for the day." Mr Baldridge said, "It's our policy not to allow the viewing of nudity in the library". I said "I was not viewing the picture on the internet. The picture is on my personal computer." Mr Baldridge said, "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." I asked Mr Baldridge "Was Tim authorized to tell me to leave the library for the day for viewing a topless woman on my personal computer." Mr Baldridge said "Yes, Tim was authorized to tell you to leave the library for the day." I asked Mr Baldridge, "Wouldn't it have been more appropriate for Tim to have informed me of your policy and asked me to stop viewing the picture. And, that if I continued

to view the picture that I would then be told to leave the library for the day. Rather, than just telling me to leave the library for the day." Mr Baldridge said "That is something I'll take into consideration." (Mr Baldridge gave me, Plaintiff, the impression that he, Mr Baldridge, was the policy making official). I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." I, Plaintiff, thanked Mr Baldridge for his time, leaving the 4th floor, and searched the library for signs prohibiting the viewing of pornography in the library. I, Plaintiff, found no signs prohibiting the viewing of pornography in the library and left the building, the Grand Rapids Public Library. From 9/21/05 to the filing of this complaint I, Plaintiff, have not seen a sign in the Grand Rapids Public Library prohibiting the viewing of pornography in the Grand Rapids Public Library. (See Exhibit A – Suggestion Form and Affidavit Of Donald Williams attached hereto and made a part of this complaint).

### b) Unconstitutional Application Of Law

1. The allegation and evidence clearly demonstrates that Defendant dose not have a complaint form for Plaintiff to challenge or redress Defendant's unconstitutional custom or policy of deprivation of Plaintiffs Civil Rights, Const. Amend. 14 § 1, to public library facilities.   Defendant not only affirmatively formulated an unconstitutional custom or policy which deprives Plaintiff Civil Rights to public library facilities, but, Defendant also applies that unconstitutional custom or policy in depriving, circumventing, Plaintiffs Constitutional Rights of due process and equal protection of the law. West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001). Defendant's assistant director and

Summary of COMPLAINT - 4

1

2

3

4

5

6

7

policy making official, Mr Baldridge, implicitly authorized and approved a custom or policy that abridges Plaintiff Civil Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim.   Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982).   42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.   (See Affidavit Of Donald Williams attached hereto and made a part of this complaint).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2. Consequently, Plaintiff was denied access and use of public library facilities, thereby, depriving Plaintiffs Civil Rights to the First Amendment, Fifth Amendment, Eight Amendment and Fourteenth Amendment of the Constitution of the United States (42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1).   Defendant's preference, ordinance, regulation, custom, policy, procedure and action of depriving Plaintiff access and use of public library facilities purposefully, willfully and intentionally deprives Plaintiff of Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law for Plaintiff to receive goods, services, facilities, privileges, advantages and accommodations to public library facilities. Thereby causing Plaintiff to be subjected to cruel and unusual punishments (harassing and making Plaintiff leave the public library facilities), depriving Plaintiff of life and liberty, and abridging Plaintiffs privileges and immunities by persons clothed with the authority of state or local government proporting to act thereunder by the exercise of power without reasonable justification in the service of a legitimate governmental objective, County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998).   Whether or not the conduct of Defendant was authorized or even if it was prescribed by law.   Monroe v. Pape,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.  The Defendant is liable for the consequences of Defendants acts in a Civil Rights case so long as the conduct of Defendant is done under color of law and deprives a Plaintiff of a Civil Right. Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850.§ 1.  42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

## C. ARGUMENT

### a) Exhaustion Of State Remedy

1. At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk.  And, I asked him, Tim, for a complaint form.  Tim said "we don't have a complaint form.  All we have is a suggestion form.  You could talk to my supervisor or manager of the Library on the 4th floor."  I went to the 4th floor and talked with Mr. Baldridge, Assistant Director.  I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form."  Mr Baldridge said "That is correct.  We do not have a complaint form, but a suggestion form.  You could write a complaint onto that."  (See Exhibit A – Suggestion Form and Affidavit Of Donald Williams attached hereto and made a part of this complaint).

### b) Rev. Stat. § 1983

1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

**Summary of COMPLAINT - 6**

action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C.A. § 1983.

### c) Rev. Stat. § 1979

1.  Under Rev. Stat. § 1979 to state claim under due process clause, it need not be alleged that purpose of acts complained of was to discriminate between persons or classes of persons.   To state claim under statute providing for civil action of deprivation of rights, allegation that act was committed under color of state law is necessary.  Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962).  A complaint states a claim under section 1979, if the facts alleged show that the defendant: (1) while acting under color of state or local authority, (2) subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any right, privileges or immunities secured to the plaintiff by the Constitution and laws of the United States.  Marshall v. Sawyer, at page 646;  Cohen v. Norris, at page 30.  The facts alleged in a complaint are sufficient with regard to the first of these elements if they lay groundwork for proof that, at the time in question, the defendant was clothed with the authority of state or local government and was purporting to act thereunder.  Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed, 1495; Marshall v. Sawyer, 301 F.2d at page 646.

2.  The Defendant's' conduct was engaged in under color of state law if they were clothed with the authority of the state and were proporting to act thereunder, whether or not the conduct complained of was authorized or, indeed, even if it was prescribed by law.  Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.  It is clear that under "color" of law means under "pretense" of law.  Thus acts of officers in the ambit of their personal pursuits are plainly excluded.  Acts of officers who undertake to perform their official duties are included

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

whether they hew to the line of their authority or overstep it.   The Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff of a civil right. Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850.

### d) Immunity

1. Municipal immunity is not deprivative immunity and municipal governments are not entitled to the same scope of immunity as municipal governmental decision-makers responsible for unconstitutional policy or custom. Rheuark v. Shaw, D.C.Tex.1979, 477 F.Supp 897, reversed 628 F.2d 297.   State and municipal officials whose actions violate constitutional rights are not protected by the states sovereign immunity or by U.S.C.A. Const. Amend 11.   Ybarra v. City of Town of Los Altos Hills, C.A.Cal.1974, 503 F.2d 250.  Public officials are not immune from suit when they transcend their lawful authority by invading constitutional rights. American Federation of State, County, and Municipal Emp., AFL-CIO v. Woodward, C.A.Neb.1969, 406 F.2d 137.   The judicially fashion doctrine of official immunity does not reach so far as to immunize criminal conduct proscribed by an Act of Congress. O'Shea v. Littleton, Ill.1974, 94 S.Ct. 669, 414 U.S. 488, 38 L.Ed 2d 674.  Municipalities have no qualified immunity form liability under Section 1983.   Owen v. City of Independence, 445 U.S. 622, 655-58 (1980).  A Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff a civil right.  Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850.§ 1. Subdivisions of the state, such as counties, and municipalities are not protected by Eleventh Amendment.  Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363,

33 L.Ed. 766 (1890). The Eleventh Amendment limits the jurisdiction only as to suits against a state[1].

2. Prospective and declaratory relief against individual state and county officials should not be dismissed. Under the fiction Ex parte Young, officials may be stripped of their character as agents of the state when they violate federal law. Lawson, 211 F.3d at 334-335. The state has no power to impart to Defendant any immunity from responsibility to the supreme authority of the United States. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Federal Courts recognize Three exceptions to Eleventh Amendment immunity: (1) waiver/consent by the state, (2) abrogation of immunity by Congress, and (3) prospective injunctive relief pursuant to Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908). Lawson, 211 F.3d at 334-35.

### e) Due Process And Equal Protection

1. According to the mandates of U.S.C.A. Const. Amend. 14 and this section a person's right to good name, reputation, honor & integrity are important and must be protected by courts. Warren v. National Ass'n of Secondary School Principals, D.C.Tex.1974, 375 F.Supp 1043. This section providing civil action for deprivation of rights embraces deprivation of both due process of law and equal protection of laws, it contemplates such deprivation through unconstitutional application of law by conspiracy or otherwise and it permits damages, including punitive damages. Mansell v. Saunder, C.A.Fla.1967, 372 F.2d 573.

---

[1] Suits may be brought by private citizens against counties and municipalities under section 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

**Summary of COMPLAINT - 9**

2. Action based on this section providing that every person who under color of any statute, ordinance, etc., of any state or territory subjects any citizen of United States or other person within jurisdiction thereof to deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to injured party is not limited to due process, but extends also to denial of equal protection. Hoffman v. Halden, C.A.Or.1959, 268 F.2d 280. Conduct under color of state law that can be fairly characterized as intentional, unjustified, brutal and offensive to human dignity violates victims constitutional right to due process. Meredith v. State of Ariz., C.A.Ariz1975, 523 F.2d 481. So long as the conduct of defendant is done under color of law and deprives a plaintiff of a civil right a defendant is liable for the natural consequences of his acts in a civil rights case. Aldridge v. Mullins, D.C.Tenn, 1972, 377 F.Supp 850. Lack of ascertainable standards is violation of due process actionable under this section. Barnes v. Merritt, C.A.Ga.1967, 376 F.2d 8.

### f) Harassment - MCL 600.2907. Malicious persecution or action; civil liability, penalty

1. Sec. 2907. Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way preceded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is not such person known, shall be liable to the person so arrested, attached or preceded against, in treble the amount of damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be

1
2

deemed guilty of a misdemeanor; punishable on conviction by imprisonment in
the county jail for a term not exceeding 6 months.

3
4
5
6
7

2. An action for abuse of process of malicious persecution must have as it heart the
malicious, willful disregard of rights, or intentionally injurious conduct, of
defendant, particularly in attempting to subvert, processes of law.   Rice v.
Winkelman Bros. Apparel, Inc, (1968) 164 N.W.2d417, 13 Mich.App. 281.

8

### g) Triable Issues Of Material Fact

9
10

1. This is a Civil Rights case against the Defendant's for deprivation of Civil Rights,
42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

11
12
13
14
15

2. Defendant affirmatively and by omission, with regard to Plaintiff Civil Rights to
public facilities, did formulate a custom or policy which abridged Plaintiff Civil
Rights, Const. Amend. 14 § 1, and deprived Plaintiff access and use of public
library facilities, privileges and immunities.   West v. Atkins, 487 U.S. 42, 48
(1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001).

16
17
18
19
20
21
22

3. Defendant's assistant director and policy making official, Mr Baldridge, implicitly
authorized and approved a custom or policy which deprives Plaintiffs Federally
Secured and Protected Constitutional Rights and knowingly acquiesced in the
unconstitutional conduct of the offending employee, Tim.   Leach v. Shelby
County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668
F.2d 869, 874 (6th Cir 1982).

23
24
25

4. The offending employee Tim in an act of abuse of process (due process and
equal protection of the law) and malicious persecution had an unfaithful heart
with malicious, willful disregard of Plaintiff Civil Rights and intentionally injurious
conduct of defendant (MCL 600.2907), particularly in subverting that process of

law (due process and equal protection of the law, MCL 600.2907).   <u>Rice v.</u>
<u>Winkelman Bros. Apparel, Inc</u>, (1968) 164 N.W.2d417, 13 Mich.App. 281.

## D. CLAIM

**a) Plaintiff Claims Defendant's Preference, Ordinance, Regulation,
Custom, Policy, Procedure, And Actions Of requiring Plaintiff to
Leave Grand Rapids Public Library Facilities Deprive Plaintiff Of
Federally Secured and Protected Fourteenth Amendment
Constitutional Right Of Due Process And Equal Protection Of The
Law To Access Public Library Facilities.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy,
procedure, and actions of depriving Plaintiff access to public library facilities
purposefully, willfully and intentionally deprives Plaintiff of Federally Secured and
Protected Fourteenth Amendment Constitutional Right of due process and equal
protection of the law, Constitutional Amendment 14 § 1.   Defendant thereby
subjecting Plaintiff to the deprivation of goods, services, facilities, privileges,
immunities, advantages and accommodations to public facilities.   Defendant
thereby causing Plaintiff to be subjected to cruel and unusual punishments
(harassing Plaintiff to leave public library, Constitutional Amendment 8) and
abridging Plaintiffs privileges and immunities and depriving Plaintiff of life and
liberty without due process and equal protection of the law, Constitutional
Amendment 5, 14 § 1.   And, causing Plaintiff to be deprived of a redress of
grievances to challenge Defendant in having no complaint form, Constitutional
Amendment 1, by persons clothed with the authority of state and local
government proporting to act thereunder by an affirmative abuse of power

without reasonable justification in any service of a legitimate governmental objective, Constitutional Amendment 14 § 1. Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

**b) Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Requiring Plaintiff to Leave Grand Rapids Public Library Facilities Deprive Plaintiff Of Federally Secured and Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities. Thereby Subjecting Plaintiff And Causing Plaintiff To Be Subjected To Harassment.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of depriving Plaintiff access to public library facilities purposefully, willfully and intentionally deprives Plaintiff of Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law, Constitutional Amendment 14 § 1. Defendant thereby subjecting Plaintiff to the deprivation of goods, services, facilities, privileges, immunities, advantages and accommodations to public facilities. Defendant thereby causing Plaintiff to be subjected to cruel and unusual punishments (harassing Plaintiff to leave public library, Constitutional Amendment 8) and abridging Plaintiffs privileges and immunities and depriving Plaintiff of life and liberty without due process and equal protection of the law, Constitutional Amendment 5, 14 § 1. And, causing Plaintiff to be deprived of a redress of grievances to challenge Defendant in having no complaint form, Constitutional Amendment 1, by persons clothed with the authority of state and local government proporting to act thereunder by an affirmative abuse of power

without reasonable justification in any service of a legitimate governmental objective, Constitutional Amendment 14 § 1.   Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

## E. DAMAGES

### a) Fiscal Year Budget of The City Of Grand Rapids, Michigan

1. The City of Grand Rapids, Michigan, Fiscal Year Budget for 2005 is $265, 000,000, http://www.grand-rapids.mi.us/.

### b) Injunctive Relief

1. District court has power to grant injunctive relief where there has been deprivation of civil rights. Sewell v. Pegelow, C.A.4 (Va.) 1961, 291 F.2d 196. Schnell v. City Of Chicago, C.A.7 (Ill.) 1969, 407 F.2d 1084.  Dixon v. Duncan, D.C. Va. 1963, 218 F.Supp. 157.

**WHEREFORE**, the Plaintiff requests that this Court enter an Order:

2. Declaring that the discriminatory customs, policies, practices, procedures and prejudices of the Defendant's purposeful, willful and intentional deprivation of Plaintiffs Civil Rights to public library facilities violate Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1 and such deprivations of Plaintiffs Civil Rights by Defendant's discriminatory customs, policies, practices, procedures and prejudices are unconstitutional, and

3. Enjoining Defendant, their employees, agents, and successors, and all other persons in active concert or participation with them from engaging in any act or practice which on the basis of any discriminatory customs, policies, practices,

procedures and prejudices deprives any Civil Rights secured by Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1, and

4. Requiring Defendant, their employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct of deprivation of Civil Rights, discriminatory customs, policies, practices, procedures and prejudices.

### c) Compensatory Relief

1. The Plaintiff further prays for such additional relief as the interests of justice may require together with compensatory, mental and emotional stress and punitive damages.

2. Compensatory damages for deprivation of federal rights are governed by federal standards, both federal and state rules my be utilized. Sullivan v. Little Hunting Park, Inc., U.S. Va. 1969, 90 S.Ct. 400, 396 U.S. 229, 24 L.Ed.2d 386. Compensatory damages in Sec. 1983 may not only include out-of-pocket loss and monetary harms but also injuries as impairment of reputation, personal humiliation and mental anguish and suffering. Coleman v. Rahija, C.A.8 (Iowa) 1997, 114 F.3d 778.

| Compensatory Relief | |
|---|---|
| Personal Humiliation – Told could not view nude picture in the library and told to leave the library in Violation of Civil Rights to privileges and immunities, services and facilities, and of life and liberties. | $1,500,000.00 |
| Harassment - Defendant subjecting Plaintiff to cruel and unusual punishments (harassing Plaintiff to leave public library, Constitutional Amendment 8) and abridging Plaintiffs privileges | $1,500,000.00 |

| | |
|---|---|
| and immunities and depriving Plaintiff of life and liberty without due process and equal protection of the law. | |
| **Total Compensatory Damages** | **$3,000,000.00** |

**Table 1 Compensatory Relief**

### d) Mental & Emotional Stress Relief

| Mental & Emotional Stress Relief | |
|---|---|
| Mental Anguish – Had to leave library in violation of Civil Rights to access public facilities. | $1,000,000.00 |
| Emotional Anguish – Could not redress violation of Civil Rights Defendant has no complaint form, had to File United States District Court. | $1,000,000.00 |
| **Total Mental, Emotional & Financial Damages** | **$2,000,000.00** |

**Table 2 Mental & Emotional Stress Relief**

### e) Punitive Relief

1. Punitive Damages are imposed in civil rights action for their effect on defendant and to vindicate public interest in deterring malicious or wanton conduct by public officials and in arriving at appropriate amount to be awarded in punitive damages, court must take into consideration severity of constitutional violation and what is necessary to reasonably deter such conduct in the future. Aumiller v. University of Delaware, D.C. Del., 1977, 434 F.Supp 1273.

| Punitive Relief | |
|---|---|
| Deprivation of Federally Secured and Protected Constitutional Rights, Const. Amend. 1, 5, 8, 14 § 1, Due Process and Equal Protection of the Law. | $10,000,000.00 |
| **Total Punitive Damages** | **$10,000,000.00** |

1    **Table 3 Punitive Relief**

2
         **f) Total Relief**
3

4    | Total Relief | |
     | --- | --- |
     | **Total Damages** | **$15,000,000.00** |

5
     **Table 4 Total Relief**
6

7    ## F. JURY INSTRUCTIONS

8    2. FRCP Rule 38(a)(b): The right of trial by jury as declared by the Seventh

9       Amendment to the Constitution or as given by a statute of the United States shall

10      be preserved to the parties inviolate.  (b) Any party may demand a trial by jury of

11      any issue triable of right by a jury by (1) serving upon the other parties a demand

12      therefor in writing at any time after the commencement of the action and not later

13      than 10 days after the service of the last pleading directed to such issue, and (2)

14      filing the demand as required by Rule 5(d). Such demand may be indorsed upon

15      a pleading of the party.

16   3. The Plaintiff requests a class action determination, jury trial demanded.

17
     **WHEREFORE**, Plaintiff prays this Honorable Court radically discipline Defendant for
18
     deprivations of Plaintiffs Federally Secured and Protected Constitutional Rights.
19

20                          Dated This Tuesday, September 5, 2006

21

22                          By:

23                          **Donald V. Williams**
                            **44 ½ S. Division St., SE., Apt., 37**
24                          **Grand Rapids, MI., 49503**

25

**Summary of COMPLAINT - 17**

1

## *G. DECLARATION UNDER PENALTY OF PERJURY*

2    I declare (or certify, verify, or state) under penalty of perjury that the foregoing

3    [Complaint] is true and correct.  28 U.S.C. § 1746; 18 U.S.C. §§ 1621, et seq.

4                                    Dated This Tuesday, September 5, 2006

5

6                          By:

7

8                          **Donald V. Williams**
                           **44 ½ S. Division St., SE., Apt., 37**
9                          **Grand Rapids, MI., 49503**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Summary of COMPLAINT - 18**