Donald Williams
44 1/2 S. Division St., S.E. Apt., 37
Grand Rapids, MI., 49503

Honorable Robert Holmes Bell
Chief United States District Judge

# In The United States District Court
# For The Western District Of Michigan

| | | |
|---|---|---|
| Donald Williams, | ) | Case No.: No. 1-06-cv-635 |
| Plaintiff, | ) | Motion For Default Judgment |
| vs. | ) | |
| Grand Rapids Public Library, | ) | |
| Defendant | ) | |

**COMES NOW**, the Plaintiff Donald Williams, with his dispositive Motion For Default Judgment.

## I. MOTION FOR DEFAULT JUDGMENT

### A. Statement Of The Case

1. In essence Plaintiff claims Defendant deprived Plaintiff of Constitutional Rights to public library facilities thereby subjecting Plaintiff to deprivation of Constitutional Rights and Harassment. Plaintiff's cause is grounded in 42 U.S.C. § 1983. Defendant has not responded with an answer in the prerequisite amount of time.

### B. Argument And Authorities

#### 1. Argument

2. FRCP Rule 4(a) – The summons to Defendant was signed by the clerk, bore the seal of the court and identified the court and the parties. It also stated the time

within which the Defendant must appear and defend and notified Defendant that failure to do so will result in a judgment by default against the Defendant for the relief demanded in the complaint (See Affidavit Of Process Of Service).

3. FRCP Rule 12(a)(1)(A) - Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint (See Affidavit Of Process Of Service).

4. FRCP Rule 55(a)(b)(1)(2) – When a party against whom a judgment for affirmative relief is sought and who has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default, (See Affidavit Of Process Of Service). Judgment by default may be entered as follows:

   (1)   By the Clerk.

   (2)   By the Court.

5. FRCP Rule 54(c) - This judgment by default is not different in kind from or exceeding in amount prayed for in the complaint. And every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

6. FRCP Rule 8(d) - The effect of failure to deny averments in a pleading to which a responsive pleading is required are admitted when not denied (See Affidavit Of Process Of Service).

7. FRCP Rule 56(c)(e) - The judgment shall be rendered if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law (See Affidavit Of Process Of Service).. Summary

Summary of Motion For Default Judgment - 2

Judgment, interlocutory in character, should be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Defendant may not rest upon the mere allegations or denials of the Plaintiffs' pleading, but the Defendant response, must set forth specific facts showing that there is a genuine issue for trial. If the Defendant does not so respond summary judgment shall be entered against the Defendant.

### 2. Authorities

1. Plaintiff's cause is grounded in 42 U.S.C. § 1983. Persons who, under color of state law, deprive other persons of constitutional rights are liable to the injured party. 42 U.S.C. § 1983 (West 1981).

2. If there is no genuine issue as to any material fact, a judgment shall be rendered forthwith, if the moving party is entitled to it as a matter of law. FRCP Rule 56(c). A genuine issue exists only if a reasonable fact-finder could find for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A scintilla of evidence, furthermore, is insufficient to create a genuine issue. Id. At 252. In the circumstances of the present case there is not a scintilla of evidence of any genuine issue as to any material fact. The unanswered and uncontroverted facts in the circumstances of the present case dictate granting default judgment in favor of Plaintiff (See Affidavit Of Process Of Service).

3. With A Violation Of A Clearly Defined Right Defendant Is Not Immune From Liability. Under § 1983, a Defendant is not liable for allegedly violating rights which are not clearly established (See Complaint). Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410-11, 102 S. Ct. 2727 (1982). In Harlow, the

United States Supreme Court provided a mechanism by which "insubstantial claims [could be resolved] on summary judgment." Id.

> [T]he judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably anticipate subsequent legal developments.

4. Id. If the right of the Plaintiff is not clearly established, summary judgment for the Defendant is appropriate (See Complaint). With a clearly defined right, Defendant is not immune form liability (Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000d; MCL 600.2907).

### C. Conclusion

1. The rights of the Plaintiff are clearly established. Defendant is not immune from liability. In the circumstances of the present case there is not a scintilla of evidence of any genuine issue as to any material fact. Plaintiff in a light most favorable to Defendant shown Plaintiff is entitled to judgment as a matter of law. Default Judgment should be rendered on the issue of liability alone.

**WHEREFORE**, Plaintiff prays this Honorable Court GRANT Plaintiffs Motion For Default Judgment.

### D. Effort To Comply With LCIVR 7.1(d)

1. In an effort to comply Plaintiff would show the Court Defendant has neglected to answer, FRCP Rule 12(a)(1)(A).

2. In an effort to comply Plaintiff would show the Court FRCP Rule 55(a)(b)(1)(2), Motion For Default Judgment.

3. In an effort to comply Plaintiff, in good faith, believes Defendant will object to Plaintiffs Motion For Default Judgment.

Dated This Friday, October 27, 2006

By: *(signature)*
**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

### E. Certification Of Mailing

I do hereby certify that on the  27  day of October, 2006. I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Friday, October 27, 2006

By: *(signature)*
**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**