```
Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503
```

**Honorable Robert Holmes Bell**
**Chief United States District Judge**

## In The United States District Court
## For The Western District Of Michigan

| | |
|---|---|
| Donald Williams, | ) Case No.: 1-06-cv-635 |
|  | ) |
|     Plaintiff, | ) Opposition Of Motion For |
|  | ) Extended Time For Filing |
| vs. | ) Responsive Pleading |
|  | ) |
| Grand Rapids Public Library, | ) |
|  | ) |
|     Defendant | ) |

**Comes Now**, the Plaintiff Donald Williams, with his Opposition Of Defendants Motion For Extended Time For Filing Responsive Pleading.

## I. OPPOSITION OF MOTION FOR EXTENDED TIME FOR FILING RESPONSIVE PLEADING

### A. Brief

1. This is a Civil Rights Action for violation of Federally Secured and Protected Constitutional Rights (Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1).

2. This Honorable Court should NOT GRANT Defendants "Motion To Extend Time For Filing Responsive Pleading" where Defendant is misleading, commits perjury, is negligent, and for no good cause shown or excusable neglect is superfrivolous in Defendants "Motion To Extend Time For Filing Responsive Pleading" FRCP Rule 6(b).

Summary of Opposition Of Motion For Extended Time - 1

**B. Argument**

1. Unless I, Plaintiff, misunderstood FRCP Rule 12(a)(1)(A) the Defendant has 20 days to respond with an answer from receipt of the summons and complaint not 20 days from acknowledgement of service (See Defendants Motion To Extend Time For Filing Responsive Pleading 2 and 3). FRCP Rule 4(a) – The summons to Defendant was signed by the clerk, bore the seal of the court, and identified the court and the parties. The summons was directed to the Defendant and stated the name and address of the Plaintiff. It also stated the time within which the Defendant must appear and defend and notified Defendant that failure to do so will result in a judgment by default against the Defendant for the relief demanded in the complaint. FRCP Rule 12(a)(1)(A) - Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint. Defendant received the summons and complaint by US Marshals service on September 22, 2006 and a response is due 20 working days thereafter excluding day of receipt, October 20, 2006 (See Affidavit Of Process Of Service). Defendant (Grand Rapids Public Library - GRPL) obviously did not exercise due diligence, under the circumstances, and counsel for Defendant activities negligently caused Defendant to fail in filing an answer, responsive pleading. Defendant was notified of the result, consequences, in what failing to respond would be, (FRCP Rule 4(a)).

2. FRCP Rule 12(a)(1)(A) - Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint. The Defendant has not asserted any law or statute that would allow Defendants Motion to prevail, LCivR 7.1(a). (See

Summary of Opposition Of Motion For Extended Time - 2

Defendants Motion To Extend Time For Filing Responsive Pleading). The Plaintiff has a Federally Secured and Protected Constitutional Right of due process and equal protection of the law (42 USCA Sec. 1983, Const. Amend. 14 § 1) to expect Defendants Motion (See Motion To Extend Time For Filing Responsive Pleading) will be DENIED.  (See Plaintiff Complaint - Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1).

3. FRCP Rule 8(d) - The effect of failure to deny averments in a pleading to which a responsive pleading is required are admitted when not denied. That fact is made to appear, FRCP Rule 55(a)(b)(1)(2)

4. FRCP Rule 11(a) Defendants Motion is represented by Daniel A. Ophoff, assistant city attorney for the defendant at 300 Monroe Ave,, NW, Grand Rapids, MI., 49503 Court (See Motion To Extend Time For Filing Responsive Pleading). Defendant has presented to this and certified that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:

5. FRCP Rule 11 (b)(1)  It is being presented for improper purpose, such as to harass Plaintiff and to cause unnecessary delay and needless increase in the cost of litigation. (See Defendants assertions 1, 2, 3, and 5 of Defendants Motion To Extend Time For Filing Responsive Pleading).  More specifically Defendants 4th assertion "The complaint is pro per and 18 pages in length asserting federal constitutional protected rights and privileges to view internet pornography in the Grand Rapids Public Library (See Defendants Motion To Extend Time For Filing Responsive Pleading - page 2 number 4).   Plaintiff Complaint specifically indicated about not being on the internet. And Defendants response "you can't

view that in here." "I don't care, you can't view that in a public place." "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." (See Plaintiff Complaint B (a)1 and B (a)2). There is no assertion in Plaintiffs Complaint about constitutional rights and privileges to view internet pornography in the Grand Rapids Public Library. There is however a complaint and claim for being deprived public library facilities, privileges advantages, immunities and harassment (See Plaintiff Complaint I, A, B, C, D, E, F, G).

6. FRCP Rule 11 (b)(2) Defendants assertions, claims, defenses, and contentions are unwarranted by existing law or statute and are frivolous arguments for extension and modification of time (See Motion To Extend Time For Filing Responsive Pleading). Defendant fails to cite any statue or existing law which would enable Defendant motion to prevail, LCivR 7.1(a). Furthermore, Defendant GRPL lack of diligence and defense counsels volume of work and activities are not a good cause or excusable neglect not to exercise due diligence in filing a responsive pleading. The lack of exercising due diligence is unreasonable under the circumstances. (See Defendant Motion To Extend Time For Filing Responsive Pleading page 2 number 5). FRCP Rule 12(a)(1)(A) FRCP Rule 8(d)

7. FRCP Rule 11 (b)(3) Defendants allegations and other contentions have no evidentiary support that would allow Defendant to prevail, LCivR 7.1(a). (See Defendants Motion To Extend Time For Filing Responsive) (FRCP Rule 4(a), FRCP Rule 12(a)(1)(A), FRCP Rule 8(d), FRCP Rule 11 (a)(b)(c)).

8. FRCP Rule 11 (b)(4)  There is no factual contention that warrants by evidence, good cause, excusable neglect, law or statute which is reasonably based on a lack of information or belief, LCivR 7.1(a) (See Defendants Motion To Extend Time For Filing Responsive Pleading).

9. FRCP Rule 11 (c)  This Court should determine that subdivision (b) has been violated and impose an appropriate sanction upon the attorney, law firms, or parties that have violated subdivision (b) and DENY Defendants Motion To Extend Time For Filing Responsive Pleading.  Because, perjury is actionable as criminal offense, 18 USC Sec. 152(3), 1621, 1622, 1623, 1920; 28 USC Sec. 593(b)(3); 28 USC Sec 1746.  Where the Defendant has certified and stated the pro per, Plaintiff, asserted constitutional protected rights and privileges to view internet pornography in the Grand Rapids Public Library.  (See Defendants Motion To Extend Time For Filing Responsive Pleading page 2 number 4).  Where Plaintiff has never made such assertion, statement or claim (See Plaintiffs Complaint).

10. In an attempt to disguise a pleading as a motion Defense counsel has attacked Plaintiff integrity by stating pro per, Plaintiff, asserted federal constitutional protected rights and privileges to view internet pornography in the Grand Rapids Public Library (See Defendants Motion To Extend Time For Filing Responsive Pleading page 2 number 4).  The Plaintiff has a right to good name, reputation, honor and integrity which is important according to the mandates of U.S.C.A. Const. Amend. 14 and this section, 1983, they must be protected by courts.  This allegation is rude, bad faith, unwarranted and being presented for improper purpose such as to harass Plaintiff and cause unnecessary delay and increase in the cost of litigation.  More specifically it is prohibited. FRCP Rule 7(a).

Summary of Opposition Of Motion For Extended Time - 5

> There shall be a complaint and an answer and no other pleading shall be allowed.

### C. Conclusion

1. This is a Title 42 U.S.C.A. § 1983 action in which Plaintiffs Rights and process of service is clearly established. This Honorable Court should DENY Defendants "Motion To Extend Time For Filing Responsive Pleading". Because, Defendant is misleading about US Marshals proof of service, commits perjury, is negligent, unreasonable under the circumstances, and for no good cause shown or excusable neglect is superfrivolous.

2. Defendant is misleading about US Marshals proof of service and acknowledgement of summons and complaint. The summons and complaint was delivered and received by proper service. Defendant GRPL did not exercise diligence and defense counsel neglected filing a response with diligence. Defendants' volume of work and activities are an unreasonable, unsupported, unacceptable assertion under the circumstances. There is no factual contention by evidence, good cause, excusable neglect, law or statute which is reasonably warranted that would allow Defendants motion to prevail.

3. Defendants Motion is being presented for improper purpose, such as to harass Plaintiff by bad faith statements and to cause unnecessary delay and needless increase in the cost of litigation. This Court should determine that subdivision FRCP Rule 11 (b) has been violated and impose an appropriate sanction upon the attorney where perjury is actionable as criminal offense. And, where Defendant violates FRCP Rule 7(a)

4. Defendant did not exercise diligence and was negligent in filing an answer. The summons and complaint was delivered and received properly. Defendant GRPL did not exercise due diligence, under the circumstances, and defense counsels volume of work and activities are not good cause shown or excusable neglect for failing to file a responsive pleading. They are unwarranted and unreasonable under the circumstances.

5. Defendants' "Motion To Extend Time For Filing Responsive Pleading" contentions, assertions, allegations, claims, and defenses have no evidentiary support and are unwarranted by existing law or statute. Neither do they show good cause or excusable neglect and therefore are superfrivolous arguments for extension and modification of time.

6. This Honorable Court should DENY Defendants "Motion To Extend Time For Filing Responsive Pleading" because, Defendant did not exercise due diligence and was most certainly negligent in filing an answer by Defendants own admission of activities. Plaintiff is entitled to Const. Amend. 14 § 1 (See Plaintiff Complaint).

**WHEREFORE**, Plaintiff prays this Honorable Court, Radically inform Defendant that <u>Plaintiffs Federally Secured and Protected Constitutional Rights are not negotiable</u> by Denying Defendants "Motion For Extension Of Time For Filing Responsive Pleading".

## II. <u>EFFORT TO COMPLY WITH LCIVR 7.1(d)</u>

1. Plaintiff would show the Court that Defendant requested Plaintiff consent to Defendants Motion To Extend Time For Filing Responsive Pleading by LCIVR 7.1(d).

Summary of Opposition Of Motion For Extended Time - 7

2. Plaintiff would show this Court and the Defendant an Opposition Of Defendants Motion To Extend Time For Filing Responsive Pleading.

3. Plaintiff would show this Court, in good faith, that Plaintiff believes Defendant will object to Plaintiffs Opposition Of Motion For Extended Time For Filing Responsive Pleading.

Dated This Friday, October 27, 2006
By: *[signature]*

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

## III. CERTIFICATION OF MAILING

I do herby certify that on the __27__ day of __October__, __2006__. I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Friday, October 27, 2006
By: *[signature]*

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

Summary of Opposition Of Motion For Extended Time - 8