UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DONALD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-635 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| GRAND RAPIDS PUBLIC LIBRARY, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| _____) | |

      Plaintiff has filed a "Motion for Default Judgment" (docket # 16) against defendant for failure to file a response to the complaint. When a defendant has failed to plead or otherwise defend as provided by law, plaintiff must first seek the entry of a default under Fed. R. Civ. P. 55(a). The entry of a default under Rule 55(a) is a prerequisite to obtaining a default judgment under Rule 55(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Plaintiff's motion for the entry of a default judgment is therefore out of order, because he did not take the proper first step of seeking the entry of a default from the Clerk of the Court. *See Dahl v. Kanawaha Inv. Holding Co.*, 161 F.R.D. 673, 683 (D. Iowa 1995). In such circumstances, a motion for default judgment is properly considered as a motion for the entry of default pursuant to Rule 55(a). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

      Plaintiff's motion states that defendant "has not responded with an answer in the prerequisite amount of time." The court record reflects that defendant was served on October 10, 2006. On October 26, 2006, defendant requested an extension of time in which to respond to the

complaint (docket # 9), which extension was granted until November 20, 2006. Therefore, defendant is not in default. Accordingly:

      IT IS ORDERED that plaintiff's Motion for Default Judgment, construed as a motion for entry of default against defendant (docket # 16), be and hereby is DENIED.

      DONE AND ORDERED this 2nd day of November, 2006.

                /s/  Joseph G. Scoville
                United States Magistrate Judge