Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**
**Chief United States District Judge**

# *In The United States District Court*
# *For The Western District Of Michigan*

| | |
|---|---|
| Donald Williams, | ) Case No.: 1-06-cv-635 |
| Plaintiff, | ) Motion For Sanctions |
| vs. | ) |
| Grand Rapids Public Library, | ) |
| Defendant | ) |

**Comes Now**, the Plaintiff Donald Williams, with his Motion For Sanctions.

## I. MOTION FOR SANCTIONS

### A. Brief

1. This is a Civil Rights Action for violation of Federally Secured and Protected Constitutional Rights (Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1).

2. This Honorable Court should SANCTION Defendant For "Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)" where Defendant is misleading and commits perjury (See Defendants "Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)).

3. This Court should impose a monetary sanction against Defendant for violation of Plaintiff Constitutional Rights and perjury. FRCP Rule 11(a)(b)(c)(1)(a)(2) – A sanction imposed for violation of this rule shall be limited to what is sufficient to

deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**B. Argument**

1. FRCP Rule 12(a)(1)(A) the Defendant had 20 days to respond with an answer from receipt of the summons and complaint. Defendant received the summons and complaint by US Marshals service on September 22, 2006 and a response was due 20 working days thereafter excluding day of receipt, October 20, 2006. Defendant (Grand Rapids Public Library - GRPL) did not exercise due diligence, under the circumstances, and counsel for Defendant activities negligently caused Defendant to fail in filing an answer, responsive pleading. Because Defendant needed to substantiate a Motion For Extended Time the Defendant filed superfrivolous motion (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)).

2. FRCP Rule 12(a)(1)(A) - The Defendant did not asserted any law or statute that would allow Defendants Motion to prevail, LCivR 7.1(a). (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)). The Plaintiff has a Federally Secured and Protected Constitutional Right of due process and equal protection of the law (42 USCA Sec. 1983, Const. Amend. 14 § 1) to expect Defendant will be sanctioned for such a superfrivolous motion

which was presented for improper purpose and to harass Plaintiff and to cause unnecessary delay and needless increase in the cost of litigation.

3. FRCP Rule 11(a) Defendants Motion was represented by Daniel A. Ophoff, assistant city attorney for the defendant at 300 Monroe Ave, NW, Grand Rapids, MI., 49503 (See Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)). Defendant presented to this Court and certified that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:

4. FRCP Rule 11 (b)(1) It is being presented for improper purpose, such as to harass Plaintiff and to cause unnecessary delay and needless increase in the cost of litigation. (See Defendants assertions 1, 2, 3, and 5 of Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)). More specifically Defendants 4th assertion "The complaint is pro per and 18 pages in length asserting federal constitutional protected rights and privileges to view internet pornography in the Grand Rapids Public Library (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b) - page 2 number 4). Plaintiff Complaint specifically indicated about not being on the internet. And Defendants response "you can't view that in here." "I don't care, you can't view that in a public place." "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." (See Plaintiff Complaint B (a)1 and B (a)2). There is no assertion in Plaintiffs Complaint about constitutional rights and privileges to view internet pornography in the Grand Rapids Public Library. There is however a complaint and claim for being deprived public library facilities, privileges

advantages, immunities and harassment (See Plaintiff Complaint I, A, B, C, D, E, F, G).

5. FRCP Rule 11 (b)(2)  Defendants assertions, claims, defenses, and contentions are unwarranted by existing law or statute and are frivolous arguments for extension and modification of time (See Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)).  Defendant fails to cite any statue or existing law which would enable Defendant motion to prevail, LCivR 7.1(a).  Furthermore, Defendant Grand Rapids Public Library (GRPL) lack of diligence and defense counsels volume of work and activities where not a good cause or excusable neglect not to exercise due diligence in filing a responsive pleading.  The lack of exercising due diligence and motion for extension of time was unreasonable under the circumstances.  (See Defendant Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b) page 2 number 5).  FRCP Rule 12(a)(1)(A) FRCP Rule 8(d)

6. FRCP Rule 11 (b)(3)  Defendants allegations and other contentions have no evidentiary support that would allow Defendant to prevail, LCivR 7.1(a).  (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)) (FRCP Rule 4(a), FRCP Rule 12(a)(1)(A), FRCP Rule 8(d), FRCP Rule 11 (a)(b)(c)).

7. FRCP Rule 11 (b)(4)  There was no factual contention that was warranted by evidence, good cause, excusable neglect, law or statute which is reasonably based on a lack of information or belief, LCivR 7.1(a) (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)).

8. FRCP Rule 11 (c)  This Court should determine that subdivision (b) has been violated and impose an appropriate sanction upon the attorney, law firms, or

Summary of Motion For Sanctions - 4

parties that have violated subdivision (b). Because, perjury is actionable as criminal offense, Title 18 USC Sec. 152(3), 1621, 1622, 1623, 1920; 28 USC Sec. 593(b)(3); 28 USC Sec 1746. Where the Defendant has certified and stated the pro per, Plaintiff, asserted constitutional protected rights and privileges to view internet pornography in the Grand Rapids Public Library. (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b) page 2 number 4). Where Plaintiff has never made such assertion, statement or claim (See Plaintiffs Complaint).

9. In an attempt to disguise a pleading as a motion Defense counsel attacked Plaintiff integrity by stating pro per, Plaintiff, asserted federal constitutional protected rights and privileges to view internet pornography in the Grand Rapids Public Library (See Defendants Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b) page 2 number 4). The Plaintiff has a right to good name, reputation, honor and integrity which is important according to the mandates of U.S.C.A. Const. Amend. 14 and this section, they must be protected by courts. This allegation is rude, bad faith, unwarranted and being presented for improper purpose such as to harass Plaintiff and cause unnecessary delay and increase in the cost of litigation. More specifically it is prohibited. FRCP Rule 7(a).

> There shall be a complaint and an answer and no other pleading shall be allowed.

## C. DAMAGES

### 1. Fiscal Year Budget of The City Of Grand Rapids, Michigan

1. The City of Grand Rapids, Michigan, Fiscal Year Budget for 2005 is $265,000,000, http://www.grand-rapids.mi.us/.

### 2. Compensatory Relief

1. The Plaintiff prays for such fees and other expenses, compensatory, as the interests of justice may require together with mental and emotional stress sanctions.

2. Compensatory damages for deprivation of federal rights are governed by federal standards, both federal and state rules my be utilized. Sullivan v. Little Hunting Park, Inc., U.S. Va. 1969, 90 S.Ct. 400, 396 U.S. 229, 24 L.Ed.2d 386. Compensatory damages in Sec. 1983 may not only include out-of-pocket loss and monetary harms but also injuries as impairment of reputation, personal humiliation and mental anguish and suffering. Coleman v. Rahija, C.A.8 (Iowa) 1997, 114 F.3d 778.

| Compensatory Sanction | |
|---|---|
| Compensation – expenses for Affidavit and Transportation | $40.00 |
| Impairment Of Reputation – pro per, Plaintiff, asserted federal constitutional protected rights and privileges to view internet pornography in the GRPL – Perjury and Const. Amend 14 sec. 1 | $149,980.00 |
| Personal Humiliation – pro per, Plaintiff, asserted federal constitutional protected rights and privileges to view internet pornography in the GRPL – Perjury Const. Amend 14 sec. 1 | $149,980.00 |
| **Total Compensatory Sanction** | **$300,000.00** |

Table 1 Compensatory Sanction

### 3. Mental & Emotional Stress Sanction

| Mental & Emotional Stress Sanction | |
|---|---|
| Mental Anguish – violation of civil rights to due process and equal protection of the law specifically prohibited - FRCP Rule 7(a), FRCP Rule 11(b) | $100,000.00 |
| Emotional Anguish or Suffering– violation of civil rights to due process and equal protection of the law specifically prohibited - FRCP Rule 7(a), FRCP Rule 11(b) | $100,000.00 |
| **Total Mental, Emotional & Financial Sanction** | **$200,000.00** |

Table 2 Mental & Emotional Stress Sanction

### 4. Total Sanction

| Total Sanction | |
|---|---|
| Total Sanction | $500,000.00 |

Table 3 Total Sanction

### D. Conclusion

1. This is a Title 42 U.S.C.A. § 1983 action in which Plaintiffs Rights and process of service is clearly established. This Honorable Court should SANCTION Defendant for "Motion To Extend Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)". Because, Defendant is misleading about US Marshals proof of service, commits perjury and is negligent in filing responsive pleading, and for no good cause shown or excusable neglect is superfrivolous.

2. This Courts SANCTION should consist of an order for Defendant to pay a penalty into court and because this sanction is imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable expenses incurred as a direct result of the violations, FRCP Rule

11(b) and FRCP Rule 7(a), Title 18 USC Sec. 152(3), 1621, 1622, 1623, 1920; 28 USC Sec. 593(b)(3); 28 USC Sec 1746, Const. Amend. 14 sec. 1.

**WHEREFORE**, Plaintiff prays this Honorable Court, Radically SANCTION Defendant for "Motion For Extension Of Time For Filing Responsive Pleading Pursuant FED.R.CIV.P6(b)" because <u>Plaintiffs Federally Secured and Protected Constitutional Rights are not negotiable</u>.

## II. EFFORT TO COMPLY WITH LCIVR 7.1(d)

1. Plaintiff would show the Court that Defendant perjured themselves and violated FRCP Rule 11(b) and FRCP Rule 7(a), Title 18 USC Sec. 152(3), 1621, 1622, 1623, 1920; 28 USC Sec. 593(b)(3); 28 USC Sec 1746, Const. Amend. 14 sec. 1.

2. Plaintiff would show this Court for the above violation a Motion For Sanctions.

3. Plaintiff would show this Court, in good faith, that Plaintiff believes Defendant will object to Plaintiffs Motion For Sanctions.

Dated This Wednesday, November 1, 2006

By: _____

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

## III. CERTIFICATION OF MAILING

I do herby certify that on the ___/___ day of November, 2006. I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Wednesday, November 1, 2006

By: *[signature]*

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

Summary of Motion For Sanctions - 9