UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WILLIAMS,                )
                                )
       Plaintiff,              )         Case No. 1:06-cv-635
                                )
v.                              )         Honorable Robert Holmes Bell
                                )
GRAND RAPIDS PUBLIC LIBRARY,    )
                                )         **MEMORANDUM OPINION**
       Defendant.              )
_____ )

       This is a civil rights case brought by a *pro se* plaintiff against the Grand Rapids Public Library. By order entered September 11, 2006, this court referred the matter to Magistrate Judge Joseph G. Scoville for all pretrial purposes, including the entry of orders deciding nondispositive matters under 28 U.S.C. § 636(a)(1)(A). (docket # 5). Since that time, the magistrate judge has issued two orders: an order granting defendant an extension of time to answer the complaint (docket # 11) and an order denying plaintiff's application for a default judgment (docket # 22). Plaintiff has appealed both of those orders to this court. (docket #'s 21, 25). When a magistrate judge enters an order nondispositive of a claim or defense, the district court may modify or set aside the order only if it is found to be clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). Upon review of the orders of the magistrate judge, this court finds that plaintiff's objections are frivolous and must be denied.

       The summons and complaint were served by the United States Marshal in this case, as plaintiff is proceeding *in forma pauperis*. Because of the lack of available deputies to serve civil

process, the Marshal in this district chooses to send civil process by certified mail pursuant to the waiver of service provision of Rule 4(d) of the Federal Rules of Civil Procedure. Although service by certified mail is not one of the enumerated methods of service under Rule 4, Rule 4(d) allows the sending of process by mail, with an acknowledgment of service form to be completed by the defendant. In 99% of cases, the defendant acknowledges service, and the taxpayers are spared the unnecessary expense of sending a Deputy Marshal out to make personal service under the Rule. In the present case, the defendant received the summons and complaint on September 22, 2006, and signed the acknowledgment of service on October 10. A response was not due until sixty days after the date the Marshal mailed process, or November 21, 2006. FED. R. CIV. P. 4(d)(3).

  Before the expiration of this period for response to the complaint, attorneys for defendant filed a motion for extension of time (docket # 9). On the same day, October 26, 2006, the magistrate judge entered an order granting the motion and extending the time to answer. Plaintiff has appealed the order extending the time to answer, asserting that it is "premature" and that it was entered before plaintiff had a chance to respond thereto. Plaintiff is mistaken. Rule 6(b) of the Federal Rules of Civil Procedure grants the court authority to order an enlargement of time "with or without motion or notice" if the request is made before the expiration of the prescribed period. Under Rule 6(b), therefore, the court was not required to wait for plaintiff's response but could act immediately on the request for extension of time, as defendant filed its motion before the original period expired. Consequently, plaintiff's objection to the order of the magistrate judge is meritless.

  On October 27, 2006, plaintiff filed an "Application for Entry of Default Judgment" (docket # 15) and a "Motion for Entry of Default Judgment" (docket # 16). By order entered November 2, 2006, the magistrate judge treated the application for entry of a default judgment as an

application for the entry of a default pursuant to Rule 55(a). This was eminently correct, as a motion for default judgment is out of order unless and until a default has been entered under Rule 55(a). The magistrate judge further concluded that the entry of a default was not appropriate, as the court had already granted an extension of time for defendant's response.

Plaintiff has appealed this order on a number of grounds. First, although acknowledging that the entry of a default is a necessary prerequisite to the entry of a default judgment, plaintiff asserts falsely that he requested the entry of a default from the Clerk on October 27, 2006. Plaintiff's statement is demonstrably untrue. Plaintiff's application was for a "default judgment," not a default. (docket # 15). Plaintiff next argues that the magistrate judge miscalculated the time in which defendant was required to answer. Plaintiff argues that defendant had 20 days after receiving the summons and complaint on September 22 in which to file an answer. As explained above, this is incorrect. When properly calculated, the motion to extend time was filed within the original period for answering.

Finally, plaintiff should be aware that the federal courts do not favor resolution of civil suits by the means of default judgments. *See Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *accord United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.3d 839, 846 (6th Cir. 1983). On the present record, no federal court would seriously entertain resolution of this case by the entry of a default judgment. Furthermore, plaintiff should be aware that the provisions of Rule 11 apply to him with full force, even though he is not an attorney. *See, e.g., Russell v. City of Farmington Hills*, 52 F. App'x 766, 767 (6th Cir. 2002); *Singh v. Capital Univ. Law & Graduate Ctr.*, 47 F. App'x 320, 321 (6th Cir. 2002). Therefore, plaintiff is obliged, like all other litigants, not to file baseless or frivolous papers with the federal court. This includes frivolous

appeals from the orders of the magistrate judge. If plaintiff plans to appeal every minor order entered by the magistrate judge in this matter, he should keep in mind that Rule 11 empowers the court to deter the maintenance of frivolous appeals by the issuance of sanctions. Plaintiff has a long history of bringing meritless claims in this court *in forma pauperis*. Every judge of this court has found that plaintiff has brought a meritless case, sometimes against clearly immune defendants, other times on the basis of frivolous legal grounds. *See, e.g., Williams v. Grand Rapids Housing Comm'n*, case no. 1:04-cv-352, Judgment of 3/31/05 (W.D. Mich. 2005) (Bell, J.); *Williams v. 36th Judicial Court*, case no. 1:03-cv-821, Judgment of 12/11/03 (W.D. Mich. 2003) (McKeague, J.); *Williams v. Wood*, case no. 1:02-cv-500, Judgment of 1/13/03 (W.D. Mich. 2003) (Miles, J.); *Williams v. 36th District Court*, case no. 1:02-cv-427, Judgment of 10/4/02 (W.D. Mich. 2002) (Quist, J.); *Williams v. Michigan Works*, case no. 1:02-cv-274, Judgment of 8/13/02 (W.D. Mich. 2002) (Quist, J.); *Williams v. Ameritech*, case no. 1:02-cv-273, Judgment of 7/16/02 (W.D. Mich. 2002) (Enslen, J.). In addition to the cited cases, the records of this court reflect several other cases dismissed as frivolous or for failure to state a claim upon which relief can be granted. With a history of baseless lawsuits and seeming abuse of the privilege of proceeding *in forma pauperis*, plaintiff is warned that his continued assertion of baseless complaints or motions may result in the imposition of sanctions and/or revocation of plaintiff's privilege of proceeding *in forma pauperis*. *See In re Guess*, No. 95-3334, 1995 WL 613771, at * 1 (6th Cir. Oct. 18, 1995)..

For the reasons set forth above, plaintiff's appeals from the orders of the magistrate judge (docket #'s 21, 25) will be overruled.

Date:   November 14, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE