## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DONALD WILLIAMS,**

      Plaintiff,                             Case No. 1:06-CV-0635

v                                       Hon. Robert Holmes Bell
                                       Chief, U.S. District Judge

**GRAND RAPIDS PUBLIC LIBRARY,**

      Defendant.

_____/

**DONALD WILLIAMS**
44 ½ S. Division., Apt. 37
Grand Rapids, MI  49503

**DANIEL A. OPHOFF (P23819)**
Assistant City Attorney
Attorney for Defendant
300 Monroe Ave., NW, Suite 620
Grand Rapids, MI  49503
(616) 456-4023

_____/

### ANSWER TO COMPLAINT
### AND AFFIRMATIVE DEFENSES

**NOW COMES** Daniel A. Ophoff, Assistant City Attorney for the City of Grand Rapids on behalf , attorney for Defendant Grand Rapids Public Library and in answer to Plaintiff's Complaint, states as follows:

## I.  COMPLAINT

### A.    JURISDICTION

#### a)      The Plaintiff

1.    The Plaintiff is Donald Williams, a citizen of the United States, born at Saint Mary's Hospital, Grand Rapids, MI., June 15, 1956, and resides at 44 ½ S. Division St., SE., Apt., 37, Grand Rapids, MI., 49503.

**1-ANSWER:**    **Defendant Grand Rapids Public Library (GRPL) lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs.**

2.    The Plaintiff brings this action pursuant Title 28 U.S.C.A. § 1331, 1332, 1343;

Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

**2-ANSWER:**    **These allegations assert a legal conclusion which requires no responsive pleading.**

### b)    The Defendant

1.    The Defendant is Grand Rapids Public Library, 111 Library Street N.E, Grand

Rapids MI., 49503.

**3-ANSWER:**    **Defendant GRPL generally admits the allegations contained in this complaint paragraph. Defendant GRPL further states that it is a charter created entity of the City of Grand Rapids.**

### c)    Jurisdiction Of The Court

1.    The district courts shall have original jurisdiction of ail civil actions arising under

the Constitution, laws, or treaties of the United States. The district courts shall

have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75.000 and is between citizens of a state. The

district courts shall have original jurisdiction of any civil action authorized by law

to be commenced by any person. Title 28 U.S.C.A. § 1331, 1332, 1343.

**4-ANSWER:**    **These allegations assert a legal conclusion which requires no responsive pleading.**

2.    This courts jurisdiction is invoked by Plaintiff under the Civil Rights Act, 42 U.S.C.

§ 1983. Plaintiff under the Civil Rights Act invokes this courts jurisdiction, Title 28

U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const.

Amend. 1. 5, 8. 14 § 1. This Court has jurisdiction of this action pursuant to Title

28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979;

Const. Amend. 1, 5. 8, 14 § 1.

<u>**5-ANSWER:**</u>    **Defendant GRPL lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs.**

### B.    *COMPLAINT*

### a)    **Complaint**

1.    On 9/21/05 at 11:05am I, Plaintiff, walked into the Grand Rapids Public Library,

111 Library Street N.E, Grand Rapids Ml., 49503. I went to a table and setup my

laptop computer. At 2:15pm I, Plaintiff, viewed a topless picture of Veronica

Zemanova and I looked behind me and Tim, Grand Rapids Public Library

employee, was standing about 8-15 feet behind me from where I was sitting who

then walked up from behind me and told me "you can't view that in here."

> From behind me, Tim was looking over my shoulder and watching and viewing what I was doing on my laptop computer about 8-15 feet away from where I was sitting, I caught Tim Invading My Privacy.

I told Tim "I'm not on the internet, this picture is on my personal computer." Tim

said, "i don't care, you can't view that in a public place. I'm going to have to ask

you to leave. Close it up (the laptop) you're done." After I packed up my laptop

computer I walked over to the Reference Desk where Tim was and I asked him

his name. He said, "Tim." I said, "Tim what?" He said, "Just Tim." I said, "Over at

the table you said I was done. What did you mean? I'm ban, barred, form the

Library permanently or what?" Tim said. "No, your just ban. barred, from the library for the day." I, Plaintiff, left the library.

**6-ANSWER:**     **Defendant GRPL asserts that it generally lacks sufficient information to be able to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs. Defendant GRPL denies that Plaintiff was viewing a partially nude picture of a female but was viewing an image of a fully nude female performing a sexual act upon herself.  Defendant GRPL admits that the Plaintiff was asked to leave the main library branch premises on the date asserted for the remainder of the day (approximately 8 hours).  Defendant GRPL affirmatively asserts that Plaintiff argued with the GRPL employee about his right to view internet pornography in the Public Library and was thereafter asked to leave because he refused to reasonably comply with Library rules concerning creating disturbances and viewing internet pornography.**

1.    At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk, entrance to the library- And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." I went to the 4th floor and talked with Mr. Baldridge, assistant director. I told Mr Baldridge that "I viewed a topless woman on my laptop computer and Tim told me to leave the library for the day." Mr Baldridge said, "It's our policy not to allow the viewing of nudity in the library". I said "I was not viewing the picture on the internet. The picture is on my personal computer. "Mr Baldridge said, "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." I asked Mr Baldridge "Was Tim authorized to tell me to leave the library for the day for

viewing a topless woman on my personal computer." Mr Baldridge said "Yes, Tim was authorized to tell you to leave the library for the day." I asked Mr Baldridge, "Wouldn't it have been more appropriate for Tim to have informed me of your policy and asked me to stop viewing the picture. And, that if I continued to view the picture that I would then be told to leave the library for the day.  Rather, than Just telling me to leave the library for the day." Mr Baldridge said "That is something I'll take into consideration." (Mr Baldridge gave me, Plaintiff, the impression that he, Mr Baldridge, was the policy making official). I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." I. Plaintiff, thanked Mr Baldridge for his time. leaving the 4th floor, and searched the library for signs prohibiting the viewing of pornography in the library. I, Plaintiff, found no signs prohibiting the viewing of pornography in the library and left the building, the Grand Rapids Public Library. From 9/21/05 to the filing of this complaint I, Plaintiff, have not seen a sign in the Grand Rapids Public Library prohibiting the viewing of pornography in the Grand Rapids Public Library. (See Exhibit A ""Suggestion Form and Affidavit Of Donald Williams attached hereto and made apart of this complaint).

**7-ANSWER:**       **Defendant GRPL lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs.  Defendants deny Plaintiff stated he viewed a partially nude woman and that Bill Baldridge told him the Public Library disallowed viewing nudity.  Defendant denies Plaintiff's claim that he was not viewing an image on the internet and assert that Plaintiff's claim was only that he could view what he wanted in the Public Library.  Defendants further deny Plaintiff**

**asked if a warning was an appropriate first step to his violation of Library rules and affirmatively assert that Plaintiff at all times simply stated his right to view what he wanted in the Public Library.   Defendant GRPL admits it has no specific form designated "complaint form" and admits that it prohibits public viewing internet pornographic images in the public library and further admits that "Tim" and William Baldridge are authorized to ask patrons to leave the GRPL premises for violation of patron conduct and internet use policies of the GRPL.  Defendant GRPL affirmatively asserts that Plaintiff did file a complaint which was received and reviewed approximately one year after the incident referenced in this complaint.**

### b)    Unconstitutional Application of Law

1.    The allegation and evidence clearly demonstrates that Defendant does not have a complaint form for Plaintiff to challenge or redress Defendant's unconstitutional custom or policy of deprivation of Plaintiffs Civil Rights, Const. Amend. 14 § 1, to public library facilities.   Defendant not only affirmatively formulated an unconstitutional custom or policy which deprives Plaintiff Civil Rights to public library facilities, but, Defendant also applies that unconstitutional custom or policy in depriving, circumventing, Plaintiffs Constitutional Rights of due process and equal protection of the law. West v. Atkins. 487 U.S. 42, 48 (1988); Redding v. St. Edward. 241 F.3d 530, 532 (6th Cir. 2001). Defendant's assistant director and policy making official, Mr Baldridge, implicitly authorized and approved a custom or policy that abridges Plaintiff Civil Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim.   Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668F.2d 869, 874 (6th Cir 1982). 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const.

Amend. 1. 5, 8. 14 § 1. (See Exhibit A - Suggestion Form and Affidavit Of Donald Williams attached hereto and made a part of this complaint).

**8-ANSWER:    Defendant GRPL denies as untrue the Plaintiff's conclusory assertions of unconstitutional custom or policy which deprived Plaintiff of any of his civil rights.**

2.    Consequently, Plaintiff was denied access and use of public library facilities, thereby, depriving Plaintiffs Civil Rights to the First Amendment, Fifth Amendment, Eight Amendment and Fourteenth Amendment of the Constitution of the United States (42 U.S.C.A. § 1983; Rev. Stat § 1979; Const. Amend. 1, 5,8, 14 § 1).   Defendant's preference, ordinance, regulation, custom, policy. procedure and action of depriving Plaintiff access and use of public library facilities purposefully, willfully and intentionally deprives Plaintiff of Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law for Plaintiff to receive goods, services, facilities, privileges, advantages and accommodations to public library facilities. Thereby causing Plaintiff to be subjected to cruel and unusual punishments(harassing and making Plaintiff leave the public library facilities), depriving Plaintiff of life and liberty, and abridging Plaintiffs privileges and immunities by persons clothed with the authority of state or local government proportion to act thereunder by the exercise of power without reasonable justification in the service of a legitimate governmental objective. County of Sacramento v. Lewis, 523 U.S. 833, 846. 118 S. Ct. 1708, 1716 (1998). Whether or not the conduct of Defendant was authorized or even if it was prescribed by law. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 l-.Ed.2d 492. The

Defendant is liable for the consequences of Defendants acts in a Civil Rights case so long as the conduct of Defendant is done under color of law and deprives a Plaintiff of a Civil Right. <u>Aldridge vs. Mullins</u>, D.C.Tenn.1972 377 F.Supp 850.§ 1. 42 U.S.C.A. § 1983;Rev. Stat § 1979; Const. Amend. 1, 5, 8, 14 § 1.

**<u>9-ANSWER:</u>** **Defendant GRPL denies as untrue Plaintiff's conclusory allegations of unconstitutional policy or custom which deprived Plaintiff of his civil rights under color of law. Defendant GRPL affirmatively asserts that Plaintiff was asked to leave the main branch of the GRPL for violation of library policy for approximately one-half of the remaining library day.**

### *C    ARGUMENT*

#### a)    **Exhaustion Of State Remedy**

1.    At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk. And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." i went to the 4th floor and talked with Mr. Baldridge, Assistant Director- I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." (See Exhibit A - Suggestion Form and Affidavit Of Donald Williams attached hereto and made a part of this complaint).

**<u>10-ANSWER:</u>** **Defendant GRPL lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs. Defendant GRPL affirmatively asserts Plaintiff did return to the GRPL main branch library after**

**he was asked to leave for violation of library policy to file a complaint. Defendant GRPL additionally affirmatively asserts that Plaintiff was able to file his complaint against the library on a standard suggestion form. Plaintiff waited approximately one year to file his complaint. (See Suggestion form attached to Plaintiff's complaint).**

      **b)    Rev. Stat. §1983.**

1.    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C.A.§ 1983.

<u>**11-ANSWER:**</u>    **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

      **c) Rev. Stat§ 1979**

1.    Under Rev. Stat. § 1979 to state claim under due process clause, it need not be alleged that purpose of acts complained of was to discriminate between persons or classes of persons- To state claim under statute providing for civil action of deprivation of rights, allegation that act was committed under color of state law is necessary. <u>Cohen v. Morris</u>, 300 F.2d 24 (9th Cir. 1962). A complaint states a claim under section 1979, if the facts alleged show that the defendant: (1) while acting under color of state or local authority, (2) subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any right, privileges or

immunities secured to the plaintiff by the Constitution and laws of the United States. <u>Marshall v. Sawyer</u>, at page 646; <u>Cohen v. Morris</u>, at page 30. The facts alleged in a complaint are sufficient with regard to the first of these elements if they lay groundwork for proof that, at the time in question, the defendant was clothed with the authority of state or local government and was purporting to act hereunder. <u>Screws v. United States</u>. 325 U.S. 91, 111, 65 S.Ct. 1031. 89 L.Ed, 1495; <u>Marshall v. Sawyer</u>, 301 F.2d at page 646.

**12-ANSWER:** **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

2.    The Defendant's' conduct was engaged in under color of state law if they were clothed with the authority of the state and were proporting to act thereunder, whether or not the conduct complained of was authorized or, indeed, even if it was prescribed by law. <u>Monroe v. Pape</u>. 365, U.S. 167, 187, 81 S.Ct 473, 5L.Ed.2d 492. It is clear that under "color" of law means under "pretense" of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded. Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it. The Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff of a civil right. <u>Aldridge vs. Mullins</u>, D.C.Tenn.1972 377 F.Supp 850.

**13-ANSWER:** **The allegations contained above assert a legal conclusion which requires no responsive pleading.  Defendant GRPL affirmatively asserts that Plaintiff's constitutionally protected rights were not violated under color of law by unconstitutional custom or policy.**

### d)    Immunity

1.    Municipal immunity is not deprivative immunity and municipal governments are not entitled to the same scope of immunity as municipal governmental decision-makers responsible for unconstitutional policy or custom. Rheuark v. Shaw, D.C. Tex. 1979, 477 F.Supp 897, reversed 628 F.2d 297. State and municipal officials whose actions violate constitutional rights are not protected by the states sovereign immunity or by U.S.C.A. Const. Amend 11. Ybarra v. City of Town Los Altos Hills, C.A.Cal-1974, 503 F.2d 250. Public officials are not immune from suit when they transcend their lawful authority by invading constitutional rights. American Federation of State, County, and Municipal Imp., AFL-CIO v. Woodward, C.A.Neb.1969, 406 F.2d 137. The judicially fashion doctrine of official immunity does not reach so far as to immunize criminal conduct proscribed by an Act of Congress. O'Shea v. Littleton, Ill.1974. 94 S.Ct. 669,414U.S. 488, 38 L.Ed 2d 674. Municipalities have no qualified immunity form liability under Section 1983. Owen v. City of independence, 445 U.S. 622. 655-58 (1980). A Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff a civil right Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850, § 1. Subdivisions of the state, such as counties, and municipalities are not protected by Eleventh Amendment. Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct 363, 33 L.Ed. 766 (1890). The Eleventh Amendment limits the jurisdiction only as to suits against a state[1].

**14-ANSWER:**        **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

---

[1] Suits may be brought by private citizens against counties and municipalities under section 1983. Monel v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

2.     Prospective and declaratory relief against individual state and county officials should not be dismissed. Under the fiction Ex parte Young, officials may be stripped of their character as agents of the state when they violate federal law. Lawson, 211 F.3d at 334-335. The state has no power to impart to Defendant any immunity from responsibility to the supreme authority of the United States. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441. 52 LEd. 714 (1908). Federal Courts recognize three exceptions to Eleventh Amendment immunity: (1) waiver/consent by the state, (2) abrogation of immunity by Congress, and (3) prospective injunctive relief pursuant to Ex Parte Young, 209 U.S. 123, 28 S.Ct.441 (1908). Lawson, 211 F.3d at 334-35.

**15-ANSWER:**        **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

### e)      Due Process And Equal Protection

1.     According to the mandates of U.S.C.A. Const. Amend. 14 and this section a person's right to good name, reputation, honor & integrity are important and must be protected by courts.    Warren v. National Ass'n of Secondary School Principals, D.C.Tex.1974, 375 F.Supp 1043. This section providing civil action for deprivation of rights embraces deprivation of both due process of law and equal protection of laws, it contemplates such deprivation through unconstitutional application of law by conspiracy or otherwise and it permits damages, including punitive damages. Mansell v. Saunder, C.A-Fla.1967, 372F.2d 573.

**16-ANSWER:**        **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

2.    Action based on this section providing that every person who under color of any statute, ordinance, etc., of any state or territory subjects any citizen of United States or other person within jurisdiction thereof to deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to injured party is not limited to due process, but extends also to denial of equal protection. Hoffman v. Halden, C.A.Or.1959. 268 F.2d 280. Conduct under color of state law that can be fairly characterized as intentional, unjustified, brutal and offensive to human dignity violates victim's constitutional right to due process. Meredith v. State of Ariz., C.A.Ariz 1975, 523 F.2d 481. So long as the conduct of defendant is done under color of law and deprives a plaintiff of a civil right a defendant is liable for the natural consequences of his acts in a civil rights case. Aldridge v. Mullins, D.C.Tenn, 1972, 377 F.Supp 850. Lack of ascertainable standards is violation of due process actionable under this section. Barnes v. Merritt, C.A.Ga.1967, 376 F.2d 8.

**17-ANSWER:**    **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

       **f)**    **Harassment - MCL 600.2907, Malicious persecution or action; civil liability, penalty**

1.    Sec. 2907. Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way preceded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is not such person known, shall be liable to the person so

arrested, attached or preceded against, in treble the amount of damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be deemed guilty of a misdemeanor; punishable on conviction by imprisonment in the county jail for a term not exceeding 6 months.

**18-ANSWER:**    **The allegations contained above assert a legal conclusion which requires no responsive pleading. Defendant GRPL affirmatively asserts the alleged actions did not violate Michigan Constitution or statute. Defendant GRPL also affirmatively asserts MCL 600.2907 does not create a cause of action for malicious persecution.**

2.    An action for abuse of process of malicious persecution must have as it heart the malicious, willful disregard of rights, or intentionally injurious conduct, of defendant, particularly in attempting to subvert, processes of law.  Rice v. Winkelman Bros. Apparel, Inc, (1968) 164 N.W.2d417,13 Mich. App. 281.

**19-ANSWER:**    **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

### g)    Triable Issues Of Material Fact

1.    This is a Civil Rights case against the Defendant's for deprivation of Civil Rights,42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1.

**20-ANSWER:**    **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

2.    Defendant affirmatively and by omission, with regard to Plaintiff Civil Rights to public facilities, did formulate a custom or policy which abridged Plaintiff Civil

14

Rights, Const. Amend. 14 § 1, and deprived Plaintiff access and use of public library facilities, privileges and immunities. <u>West v. Atkins</u>, 487 U.S. 42, 48(1988): <u>Redding v. St. Edward</u>, 241 F.3d 530, 532 (6th Cir. 2001).

**<u>21-ANSWER:</u>        Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

3.      Defendant's assistant director and policy making official, Mr. Baldridge, implicitly authorized and approved a custom or policy which deprives Plaintiffs Federally Secured and Protected Constitutional Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim.   <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668F.2d 869, 874 (6th Cir 1982)

**<u>22-ANSWER:</u>        Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

4.      The offending employee Tim in an act of abuse of process (due process and equal protection of the law) and malicious persecution had an unfaithful heart with malicious, willful disregard of Plaintiff Civil Rights and intentionally injurious conduct of defendant (MCL 600.2907), particularly in subverting that process of law (due process and equal protection of the law, MCL 600.2907). <u>Rice v. Winkelman Bros. Apparel. Inc</u>., (1968) 164 N.W.2d417,13 Mich. App. 281.

**<u>23-ANSWER:</u>        Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by illegal custom or policy of the GRPL.  Defendant GRPL additionally denies Plaintiff's allegations that any of his rights under State Constitution or State law were violated.**

### D.    CLAIM

#### a)    Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of requiring Plaintiff to Leave Grand Rapids Public Library Facilities Deprive Plaintiff Of Federally Secured and Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.

1.    Plaintiff claims Defendants preference, ordinance, regulation, custom, policy, procedure, and actions of depriving Plaintiff access to public library facilities purposefully, willfully and intentionally deprives Plaintiff of Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law, Constitutional Amendment 14 § 1. Defendant thereby subjecting Plaintiff to the deprivation of goods, services, facilities, privileges, immunities, advantages and accommodations to public facilities. Defendant thereby causing Plaintiff to be subjected to cruel and unusual punishments(harassing Plaintiff to leave public library, Constitutional Amendment 8) and abridging Plaintiffs privileges and immunities and depriving Plaintiff of life and liberty without due process and equal protection of the law, Constitutional Amendment 5, 14 § 1. And, causing Plaintiff to be deprived of a redress of grievances to challenge Defendant in having no complaint form, Constitutional Amendment 1, by persons clothed with the authority of state and local government proportion to act thereunder by an affirmative abuse of power

16

without reasonable justification in any service of a legitimate governmental objective, Constitutional Amendment 14 § 1. Title 28 U.S.C.A. § 1331, 1332,1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8,14§ 1.

**24-ANSWER:**  **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

      **b)**  **Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Requiring Plaintiff to Leave Grand Rapids Public Library Facilities Deprive Plaintiff Of Federally Secured and Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities. Thereby Subjecting Plaintiff And Causing Plaintiff To Be Subjected To Harassment.**

1.    Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of depriving Plaintiff access to public library facilities purposefully, willfully and intentionally deprives Plaintiff of Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law. Constitutional Amendment 14 § 1. Defendant thereby subjecting Plaintiff to the deprivation of goods, services, facilities, privileges, immunities, advantages and accommodations to public facilities. Defendant thereby causing Plaintiff to be subjected to cruel and unusual punishments(harassing Plaintiff to leave public library, Constitutional Amendment

8) and abridging Plaintiffs privileges and immunities and depriving Plaintiff of life and liberty without due process and equal protection of the law, Constitutional Amendment 5, 14 § 1. And, causing Plaintiff to be deprived of a redress of grievances to challenge Defendant in having no complaint form. Constitutional Amendment 1, by persons clothed with the authority of state and local government proporting to act thereunder by an affirmative abuse of power Summary of COMPLAINT "13without reasonable justification in any service of a legitimate governmental objective, Constitutional Amendment 14 § 1. Title 28 U.S.C.A. § 1331, 1332,1343; Title 42 U.S.C.A. § 1983; Rev. Stat § 1979; Const. Amend. 1, 5, 8,14 § 1.

**25-ANSWER:**      **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

### E.    DAMAGES

#### a)    Fiscal Year Budget of The City Of Grand Rapids, Michigan

1.    The City of Grand Rapids, Michigan, Fiscal Year Budget for 2005 is $265,000,000, http://www.grand-rapids.mi.us/.

**26-ANSWER:**      **Defendant GRPL denies the allegations contained in this complaint paragraph as they are untrue and Plaintiff is left to his proofs.**

#### b)    Injunctive Relief

1.    District court has power to grant injunctive relief where there has been deprivation of civil rights. Sewell v. Pegelow, C.A.4 (Va.) 1961, 291 F.2d 196.

Schneil v. City Of Chicago, C.A.7 (Ill.) 1969, 407 F.2d 1084. Dixon v. Duncan,

D.C. Va. 1963. 218 F.Supp. 157.

**27-ANSWER:**          **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

2.      Declaring that the discriminatory customs, policies, practices, procedures and prejudices of the Defendant's purposeful, willful and intentional deprivation of Plaintiffs Civil Rights to public library facilities violate Title 28 U.S.C.A. § 1331,1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat § 1979; Const. Amend. 1, 5, 8,14 § 1 and such deprivations of Plaintiffs Civil Rights by Defendant's discriminatory customs, policies, practices, procedures and prejudices are unconstitutional, and

**28-ANSWER:**          **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

3.      Enjoining Defendant, their employees, agents, and successors, and all other persons in active concert or participation with them from engaging in any act or practice which on the basis of any discriminatory customs, policies, practices, procedures and prejudices deprives any Civil Rights secured by Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend.1, 5. 8,14 §1, and

**29-ANSWER:**          **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

4.      Requiring Defendant, their employees, agents, and successors, and all other persons in active concert or participation with any of them to take such

affirmative steps as may be necessary to remedy the past unlawful conduct of

deprivation of Civil Rights, discriminatory customs, policies, practices,

procedures and prejudices.

**30-ANSWER:**      **Defendant GRPL denies as untrue any allegations that Plaintiff's constitutional rights have been unconstitutionally abrogated by illegal custom or policy of the library and therefore Plaintiff's demand for compensatory relief based on the allegations set out in this complaint should be denied.**

### c) Compensatory Relief

1.      The Plaintiff further prays for such additional relief as the interests of Justice may

require together with compensatory, mental and emotional stress and punitive

damages.

**31-ANSWER:**      **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

2.      Compensatory damages for deprivation of federal rights are governed by federal

standards, both federal and state rules my be utilized. Sullivan v. Little Hunting

Park. Inc.. U.S. Va. 1969, 90 S.Ct. 400, 396 U.S. 229, 24 L.Ed.2d

386.Compensatory damages in Sec. 1983 may not only include out-of-pocket

loss and monetary harms but also injuries as impairment of reputation, personal

humiliation and mental anguish and suffering. Coleman v. Rahiia, C.A.8 (Iowa)

1997, 114 F.3d 778.

**32-ANSWER:**      **Defendant GRPL denies as untrue any allegations that Plaintiff's constitutional rights have been unconstitutionally abrogated by illegal custom or policy of the library and therefore Plaintiff's demand for compensatory relief based on the allegations set out in this complaint should be denied.**

| Compensatory Relief | |
|---|---|
| Personal Humiliation - Told could not view nude picture in the library and told to leave the library in Violation of Civil Rights to privileges and immunities, services and facilities, and of life and liberties. | $1,500,000.00 |
| Harassment - Defendant subjecting Plaintiff to cruel and unusual punishments (harassing Plaintiff to leave public library, Constitutional Amendment 8) and abridging Plaintiffs privileges and immunities and depriving Plaintiff of life and liberty without due process and equal protection of the law. | $1,500,000.00 |
| **Total Compensatory Damages** | **$3,000,000.00** |

**33-ANSWER:**    Defendant GRPL denies as untrue any allegations that Plaintiff's constitutional rights have been unconstitutionally abrogated by illegal custom or policy of the library and therefore Plaintiff's demand for compensatory relief based on the allegations set out in this complaint should be denied.

**Table 1 Compensatory Relief**

d)    **Mental & Emotional Stress Relief**

| Mental & Emotional Stress Relief | |
|---|---|
| Mental Anguish - Had to leave library in violation of Civil Rights to access public facilities. | $1,000,000.00 |
| Emotional Anguish - Could not redress violation of Civil Rights Defendant has no complaint form, had to File United States District Court. | $1,000,000.00 |
| **Total Mental, Emotional & Financial Damages** | **$2,000,000.00** |

**34-ANSWER:**    The allegations contained above assert a legal conclusion which requires no responsive pleading.

**Table 2 Mental & Emotional Stress Relief**

e)    **Punitive Relief**

1.    Punitive Damages are imposed in civil rights action for their effect on defendant

and to vindicate public interest in deterring malicious or wanton conduct by public

officials and in arriving at appropriate amount to be awarded in punitive damages, court must take into consideration severity of constitutional violation and what is necessary to reasonably deter such conduct in the future. Aumiller v.University of Delaware, D.C. Del., 1977, 434 F.Supp 1273.

| Punitive Relief | |
|---|---|
| Deprivation of Federally Secured and Protected Constitutional Rights. Const. Amend. 1, 5. 8,14 § 1, Due Process and Equal Protection of the Law. | $10,000,000.00 |
| **Total Punitive Damages** | **$10,000,000.00** |

**Table 3 Punitive Relief**

**35-ANSWER:**    **Defendant GRPL denies as untrue any allegations that Plaintiff's constitutional rights have been unconstitutionally abrogated by illegal custom or policy of the library and therefore Plaintiff's demand for punitive relief based on the allegations set out in this complaint should be denied.**


      **f)**    **Total Relief**

| Total Relief | |
|---|---|
| **Total Damages** | **$15.000,000.00** |

**Table 4 Total Relief**

**36-ANSWER:**    **Defendant GRPL denies as untrue any allegations that Plaintiff's constitutional rights have been unconstitutionally abrogated by illegal custom or policy of the library and therefore Plaintiff's demand for total relief based on the allegations set out in this complaint should be denied.**


    **F.    *JURY INSTRUCTIONS***

2.    FRCP Rule 38(a)(b): The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate, (b) Any party may demand a trial by jury of

any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

**37-ANSWER:** **The allegations contained above assert a legal conclusion which requires no responsive pleading.**

3.    The Plaintiff requests a class action determination, jury trial demanded.

**38-ANSWER:** **Defendant GRPL asserts that Plaintiff's claims do not warrant and do not meet the requirements for class action determination.**

Dated:  November 17, 2006                By: /s/ Daniel A. Ophoff
                                        **DANIEL A. OPHOFF (P23819)**
                                        Assistant City Attorney
                                        *Attorney for*
                                        *Business Address:*
                                        300 Monroe Ave., NW
                                        Grand Rapids, MI  49503
                                        (616) 456-4023

## **AFFIRMATIVE DEFENSES**

Defendant Grand Rapids Public Library by and through its counsel of record, Daniel A. Ophoff, Assistant City Attorney hereby asserts the following Affirmative Defenses to Plaintiff's complaint.

1.       This Court lacks jurisdiction over this matter as asserted by Plaintiff.

2.       That Plaintiff has failed to state a claim upon which relief may be granted.

3.       That Plaintiff's claim is barred by immunity granted by law specifically Michigan's Governmental Immunity Act, MCL 691.1401, *et seq.* as Defendant was engaged in the exercise or discharge of a governmental function.

4.       That Plaintiff has failed to state a claim of avoidance of governmental immunity as granted by MCL 691.1401 *et seq*.

5.       That Plaintiff has failed to state a claim under 42 U.S.C. § 1983 as he has failed to allege any factual basis for his claim that Defendant GRPL acted under color of state law to deprive him of any right guaranteed by the Constitution or laws of the United States.

6.       That Plaintiff has failed to assert a custom or policy that has deprived Plaintiff of any right guaranteed by the Constitution or laws of the United States.

7.       That Plaintiff has failed to state a claim against Defendant GRPL under U.S. Constitution Am. I, as he has failed to allege any factual basis for his assertion that Defendant GRPL acted under color of law to deprive him of his right to free speech, free exercise or establishment of religion, to peaceably assembly, or petition the government for redress of grievances.

8.    That Plaintiff has failed to state a claim under U.S. Constitution Am. V as he has failed to allege any factual basis for his assertion that Defendant GRPL acted under color of law to deprive him of life, liberty or property without due process of law.

9.    That some or all of Plaintiff's claims are barred by applicable statute of limitations.

10.    That Defendant GRPL reserves the right to amend its affirmative defenses as indicated and dictated by development of the facts during discovery.

**WHEREFORE**, Defendant GRPL respectfully requests this Honorable Court dismiss Plaintiff's complaint in its entirety and enter judgment in favor of Defendant along with award of costs and fees as permitted by law.

                                        **CITY OF GRAND RAPIDS,**
                                        a Michigan municipal corporation


Dated:  November 17, 2006              By: /s/ Daniel A. Ophoff_____
                                        **DANIEL A. OPHOFF (P23819)**
                                        Assistant City Attorney
                                        *Attorney for Defendant GRPL*
                                        *Business Address:*
                                        300 Monroe Ave., NW
                                        Grand Rapids, MI  49503
                                        (616) 456-4023