UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONALD WILLIAMS,**

    Plaintiff,

v

**GRAND RAPIDS PUBLIC LIBRARY,**

    Defendant.

Case No. 1:06-CV-0635

Hon. Robert Holmes Bell
Chief, U.S. District Judge

Joseph G. Scoville
U.S. Magistrate Judge

_____/

**DONALD WILLIAMS**
44 ½ S. Division., Apt. 37
Grand Rapids, MI 49503

**DANIEL A. OPHOFF (P23819)**
Assistant City Attorney
Attorney for Defendant
300 Monroe Ave., NW, Suite 620
Grand Rapids, MI 49503
(616) 456-4023

_____/

### JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for December 20, 2006. Appearing for the parties will be:

Plaintiff: Donald Williams, Pro Se

Defendant: Daniel A. Ophoff, Assistant City Attorney, City of Grand Rapids

    1) **Jurisdiction:** The basis for the Court's jurisdiction is:

    Plaintiff: The allegations contained in the complaint have stated an arguable claim pursuant to 42 USC § 1983 over which this Court has original subject matter jurisdiction under 28 USC §§ 1331, 1332 & 1343. Plaintiff believes the arguable §1983 claims alleged in the complaint have stated a violation of Federally Secured and Protected Constitutional Amendment Rights of the 14th Amendment's due process and equal protection clause.

    Defendant does not contest jurisdiction.

2) **Jury or Non-Jury:**

Plaintiff has demanded a jury trial.

3) **Judicial Availability:**

Plaintiff does not agree to have a United States Magistrate Judge conduct any further proceedings in this case.

4) **Geographic Transfer:** The parties agree that a geographic transfer is unwarranted and unnecessary in this case.

5) **Statement of the Case:**

Plaintiff:   Plaintiff's cause is essentially a 42 U.S.C § 1983 action. The crux of Plaintiff's complaint is that Defendant has established a custom, policy and/or practice of banning, barring, Plaintiff from public library facilities for viewing a nude picture in violation of Plaintiff 14th Amendment Constitutional Rights to public library facilities. Consequently, Plaintiff privacy was invaded, Plaintiff was intimidated, harassed and racially discriminated against, Plaintiff was deprived of 14th Amendment Constitutional Rights of due process and equal protection of the law. Plaintiff asserts Title 28 § 1331, 1332, 1343; Title 42 § 1983; Rev. Stat. § 1979; Const. Amend. 1, 5, 8, 14 § 1; 42 § 2000a, 2000d; MCL 600.2907.

Plaintiff claims Defendant's custom, policy, procedure and actions to ban, barred, Plaintiff from Grand Rapids Public Library facilities for viewing a nude picture on 09/21/05 purposefully, willfully and intentionally deprive Plaintiff of Federally Secured and Protected Fourteenth Amendment Constitutional Right, of due process and equal protection of the law, to public library facilities. Plaintiff claims that such deprivation of Constitutional Rights subjected Plaintiff to racial discrimination, invasion of privacy and harassment and thereby causing Plaintiff to be subjected to injunctive, compensatory and mental and emotional stress damages by persons clothed with the authority of state and local government proporting to act thereunder by the exercise of power without reasonable justification in the service of a legitimate governmental objective.

Defendant:   In September of 2005 Plaintiff was using a Grand Rapids Public Library (GRPL) reference center. Mr. Williams was in possession of an using a non-GRPL laptop on that date. The GRPL provides computers with internet access and also has a wireless (WIFI) internet connection for those using the GRPL. The Library has a stated policy on internet use and a policy relating to conduct and demeanor of those using GRPL facilities.

2

During Plaintiff's use of the GRPL facilities in September of 2005, one of its staff observed Plaintiff accessing what was believed to be internet pornography (web-site, pornstars.com). Other Library patrons, including children, were able to view Plaintiff's computer screen and the images displayed on it. The viewing of internet pornography in the GRPL facilities is a violation of its written policy.

The Plaintiff was asked to leave the pornographic website he was viewing and in the future refrain from viewing internet pornography in the GRPL. Mr. Williams disputed the GRPL's right to keep him from viewing anything he wanted on his own computer while in the GRPL. The GRPL staff person continued to advise Plaintiff that he needed to leave the internet pornographic site he was viewing and to refrain from viewing internet pornography while in the GRPL consistent with GRPL policy requirements. This argument continued from some time. Eventually the GRPL staff person asked Plaintiff to leave the Library and not return for the remainder of the Library hours that day because he was creating a public disturbance in the GRPL. Creating a public disturbance in the GRPL is also a violation of written policy.

Plaintiff left the GRPL facility but returned later in the afternoon to complain verbally to GRPL staff supervisor. His complaint was heard and he was given a form which could be used for filing a written complaint. Plaintiff filed his formal written complaint nearly a year after his argument with the GRPL staff person.

Plaintiff's written complaint was delivered to the Library nearly contemporaneously with the filing of his complaint with this Court.

6) **Pendant State Claims**: The parties agree that this case does not involve pendant state claims.

7) **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **February 2, 2007.**

8) **Disclosures and Exchanges**:

(i) Fed. R. Civ. P. 26(a)(1) requires initial disclosures, including disclosure of lay witnesses, unless the court orders otherwise. Any party objecting to the Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more parties objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties.

3

- <u>Plaintiff</u> is unable to agree on voluntary production at this time. Plaintiff objects to making available the laptop to defendant. Defendant will at time of receipt of the laptop sign for it with $600.00 liability damage and setup a scheduled return of the laptop to Plaintiff. Defendant will pay compensatory compensation to Plaintiff for the laptop non-use at $100.00 a day with an advanced payment of $700.00 at time of receipt of the laptop. Defendant will promptly return the laptop to Plaintiff on the scheduled date.

- <u>Defendant</u>: will agree to comply with Rule 26(a)(1) disclosures.

(ii) At this point, the Plaintiff reserves the right to name expert witnesses and will disclose expert witnesses to Defendant by **March 1, 2007**. Defendant wishes to reserve the right to name expert witnesses. Defendant agrees to disclose expert witnesses by **April 1, 2007**.

(iii) In this case, it would be advisable to exchange expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).

(iv) The parties have agreed to make available the following documents without the need of a formal request for production:

Plaintiff will present the laptop computer hard drive he was using in September 2005 to Defendants for professional forensic computer examination within seven (7) days. Defendant refuses to pay any per diem or other costs demanded by Plaintiff in sub-paragraph I above.

Defendant will provide plaintiff with copies of all documents listed at the time of its initial disclosures by _____

  a. Any and all records available to Plaintiff which would substantiate in any way his claim for damages as asserted in this litigation.

  b. Copies of all photographs, videos, digital recordings or other written or digital collections Plaintiff has or has available to him which represent any aspect of the facts relating to his complaint or claim for damages.

9) **Discovery:** The Plaintiff believes that all discovery proceedings can be completed by **March 30, 2007**. Defendant requests that discovery close on **April 30, 2007.**

4

Depositions will be limited to 10 per side, each of no more than 7 hours duration.

Interrogatories will be limited to 50 per side.

Requests to admit will be limited to 20 per side.

Final, supplemental disclosures of documents and lay witnesses will be made no later than 30 days before the close of discovery, **February 28, 2007**.

10) **Motions:** The parties anticipate that all dispositive motions based on the pleadings will be filed by **February 30, 2007**. Plaintiff requests all other dispositive motions will be filed by **April 30, 2007**. Defendant requests their date be **May 30, 2007**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

11) **Alternative Dispute Resolution:** The Plaintiff asserts that alternative dispute resolution is not appropriate in this case and is not willing to participate in alternative dispute resolution. Defendants are willing to participate in alternative dispute resolution.

12) **Length of Trial:** The parties estimate that the trial will last approximately 2 days, total, allocate as follows: ½ day for Plaintiff's case, 1½ day for Defendant's case.

13) **Prospects of Settlement:** The status of settlement negotiations is: POOR

Persons Present At Settlement Negotiations
Plaintiff:    Donald Williams
Defendant:   Daniel A. Ophoff

Plaintiff:    No progress made. Plaintiff submitted a proposal to Defendant with no response from Defendant. Neither has Defendant initiated or made a settlement proposal to Plaintiff.

Defendant:   Plaintiff has presented Defendant with a written proposal to settle his claims for $850,000.00.

14) **Electronic Document Filing System:**

The parties acknowledge having read this Courts Order Setting Rule 16 Scheduling Conference number 14 "Electronic Document Filing System".

5

Defendant agrees to comply with local court rules relating to service of pro se parties.

15) **Other:** The parties agree there are no other matters of this case to which they would inform this Court.

Dated: 12/15/06                By: *[signature]*
                                **DONALD WILLIAMS**
                                Plaintiff, In propria persona
                                44 ½ S. Division, Apt. 37
                                Grand Rapids, MI 49503
                                (616) 459-5076 - message

Dated: December 14, 2006       By: *[signature]*
                                **DANIEL A. OPHOFF**
                                Assistant City Attorney
                                300 Monroe Ave., NW, Suite 620
                                Grand Rapids, MI40853) 49503
                                (616) 456-4023

Y:\SHELLEY\Williams, Donald\CORRESPONDENCE & DOCUMENTS\Joint Status Report.doc

6