Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**

**Chief United States District Judge**

FILED - GR
07 JAN 23 AM 10: 33

# *In The United States District Court*
# *For The Western District Of Michigan*

| | |
|---|---|
| Donald Williams, | ) Case No.: 1:06-cv-635 |
| Plaintiff, | ) |
| | ) Motion For Settlement |
| vs. | ) Conference |
| | ) |
| Grand Rapids Public Library, | ) |
| | ) |
| Defendant, | ) |
| | ) |

**Robert Holmes Bell**
**Chief, U.S. District Judge**

**Joseph G. Scoville**
**U.S. Magistrate Judge**

Comes Now, the Plaintiff Donald Williams, with his Motion For Settlement Conference.

## I. <u>MOTION FOR SETTLEMENT CONFERENCE</u>

### *A. ALTERNATIVE DISPUTE RESOLUTION*

1. LCivR 16.1, 16.2(a)(b)(c)(d)(e)(f):  Upon good cause shown or on the Court's own initiative, the Court may modify the case management order in the interest of justice.  The Alternative Dispute Resolution (ADR) methods approved by these rules include Voluntary Facilitative Mediation (LCivR 16.3); Early Neutral Evaluation (LCivR 16.4); Case Evaluation (LCivR 16.5); Court-Annexed Arbitration (LCivR 16.6); Summary Jury Trials, Summary Bench Trials, and Mini-hearings (LCivR 16.7); and Settlement Conferences (LCivR 16.8).  In addition, the Court will consider additional ADR methods proposed by the parties.  All cases are eligible for ADR except habeas corpus, prisoner civil rights, bankruptcy

appeals, social security cases and motions brought under 28 U.S.C. § 2255, unless otherwise ordered by the Court.

2. LCivR 16.8 - The Court may call a settlement conference to be held before a district judge or a magistrate judge. All parties may be required to be present. For parties that are not natural persons, a natural person representing that party who possesses ultimate settlement authority may be required to attend the settlement conference. By way of example, a Chief Executive of a corporate party may be required to attend. In cases where an insured party does not have full settlement authority, an official of the insurer with authority to negotiate a settlement may be required to attend.

### B. REQUEST SETTLEMENT CONFERENCE

1. A Rule 16 Scheduling Conference was held Wednesday, December 20, 2006, at 11:00am, before Magistrate Judge Joseph G. Scoville, Courtroom 699. The Court entered its Case Management Order on December 21, 2006. During the Rule 16 Scheduling Conference Plaintiff expressed his lack of understanding to ADR and the Court tried to communicate to Plaintiff what that was. Plaintiff was concerned that ADR would interfere with the course and or schedule of this litigation going to trial, Plaintiff actually didn't know what ADR was. After reviewing LCivR of ADR Plaintiff has determined that:

> Plaintiff filed this litigation on Tuesday, September 5, 2006 and the Courts Case Management Order is for trial on January 22, 2008 with a deviation of eight, 8, months from the last order of dispositive motions in a 42 U.S.C.A. § 1983 action (there is no trial date from September 2006 to September 2007 (deviation of 2 months from July 2007) and there is no trial date from July 2007 to January 2008 (a deviation 6 months). A total of 8 months deviation while this litigation is scheduled for 1 year and 4 months).

**Summary of Motion For Settlement Conference - 2**

2. For cause shown, Plaintiff actually didn't know what ADR was and was fearful about ADR interfering with the course of this litigation. After Plaintiff reviewing LCivR's and in an effort to reduce this Courts Case Management Load and resolve contentions between parties Plaintiff request this Court enter a Settlement Conference ORDER for a scheduled settlement conference to be held within 30 days from date of this Motion (LCivR 16.8).

**WHEREFORE**, Plaintiff prays this Honorable Court grant Plaintiffs request for Settlement Conference before a district judge or a magistrate judge.

### C. EFFORT TO COMPLY WITH LCIVR 7.1(d)

1. Plaintiff would show the Court at Rule 16 Scheduling Conference Plaintiff actually didn't know what ADR was.

2. Plaintiff would show the Court LCivR 16.1. Upon good cause shown (Plaintiff reviewed LCivR to ADR and in an effort to reduce this Courts Case Management Load and resolve contentions between parties Motions this Court for Settlement Conference) or on the Court's own initiative, the Court may modify the case management order in the interest of justice.

3. Plaintiff would show the Court, in good faith, believing Defendant will not object to Plaintiff Motion For Settlement Conference.

Dated This Tuesday, January 23, 2007

By:

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

**Summary of Motion For Settlement Conference - 3**

## D. CERTIFICATION OF MAILING

I do hereby certify that on the _____23_____ day of _____January_____,

_____2007_____. I mailed a true and correct copy of the above and foregoing instrument to

Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand

Rapids, MI., 49503.

Dated This Tuesday, January 23, 2007

By: _____

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

**Summary of Motion For Settlement Conference - 4**