Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**

**Chief United States District Judge**

# *In The United States District Court*
# *For The Western District Of Michigan*

Donald Williams,                          )  Case No.: 1:06-cv-635
                                          )
             Plaintiff,                   )  Motion To Amend Pleading
                                          )
     vs.                                  )
                                          )
Grand Rapids Public Library,              )
                                          )
             Defendant,                   )
                                          )
_____ )

Robert Holmes Bell
Chief, U.S. District Judge

Joseph G. Scoville
U.S. Magistrate Judge

Comes Now, the Plaintiff Donald Williams, with his Motion To Amend his Pleading.

# I. <u>MOTION TO AMEND PLEADINGS</u>

## *A. JURISDICTION*

### a) The Plaintiff

1. The Plaintiff is Donald Williams, a citizen of the United States, born at Saint Mary's Hospital, Grand Rapids, MI., June 15, 1956, and resides at 44 ½ S. Division St., SE., Apt., 37, Grand Rapids, MI., 49503.

2. The Plaintiff brings this action pursuant Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### b) The Defendant

1. The Defendant is Grand Rapids Public Library, 111 Library Street N.E, Grand Rapids MI., 49503.

### c) Jurisdiction Of The Court

1. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state.  The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person.  Title 28 U.S.C.A. § 1331, 1332, 1343.

2. This courts jurisdiction is invoked by Plaintiff under the Civil Rights Act, 42 U.S.C. § 1983.  Plaintiff under the Civil Rights Act invokes this courts jurisdiction, Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.  This Court has jurisdiction of this action pursuant to Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

## B. COMPLAINT

### a) Complaint

1. On 9/21/05 at 11:05am I, Plaintiff, walked into the Grand Rapids Public Library, (GRPL), 111 Library Street N.E, Grand Rapids MI., 49503.  I went to a table and setup my laptop computer.

2. About 2:05pm Tim and another employee was talking and I, Plaintiff, overheard Tim say "I'll bet I can catch him."

**Summary of Motion To Amend Pleading - 2**

3. At 2:15pm I, Plaintiff, viewed a topless picture of Veronica Zemanova and I looked behind me and Tim, Grand Rapids Public Library employee, was standing about 8-15 feet behind me from where I was sitting who then walked up from behind me and told me "you can't view that in here."

> From behind me, Tim was looking over my shoulder watching and viewing what I was doing on my laptop computer about 8-15 feet away from where I was sitting. I caught Tim Invading My Privacy – INVASION OF PRIVACY.

I told Tim "I'm not on the internet, this picture is on my personal computer." Tim said, "I don't care, you can't view that in a public place. I'm going to have to ask you to leave. Close it up (the laptop) you're done." After I packed up my laptop computer I walked over to the Reference Desk where Tim was and I asked him his name. He said, "Tim." I said, "Tim what?" He said, "Just Tim." I said, "Over at the table you said I was done. What did you mean? I'm ban, barred, form the Library permanently or what?" Tim said, "No, your just ban, barred, from the library for the day." I, Plaintiff, left the library.

4. At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk, entrance to the library. And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." I went to the 4th floor and talked with Mr. Baldridge, assistant director. I told Mr Baldridge that "I viewed a topless woman on my laptop computer and Tim told me to leave the library for the day." Mr Baldridge said, "It's our policy not to allow the viewing of nudity in the library". I said "I was not viewing the picture on the internet. The picture is on my personal computer." Mr Baldridge said, "We do not allow the viewing of nude pictures in the library at

all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." I asked Mr Baldridge "Was Tim authorized to tell me to leave the library for the day for viewing a topless woman on my personal computer." Mr Baldridge said "Yes, Tim was authorized to tell you to leave the library for the day." I asked Mr Baldridge, "Wouldn't it have been more appropriate for Tim to have informed me of your policy and asked me to stop viewing the picture. And, that if I continued to view the picture that I would then be told to leave the library for the day. Rather, than just telling me to leave the library for the day." Mr Baldridge said "That is something I'll take into consideration." (Mr Baldridge gave me, Plaintiff, the impression that he, Mr Baldridge, was the policy making official). I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." I, Plaintiff, thanked Mr Baldridge for his time, leaving the 4th floor, and searched the library for signs prohibiting the viewing of pornography in the library. I, Plaintiff, found no signs prohibiting the viewing of pornography in the library and left the building, the Grand Rapids Public Library. From 9/21/05 to the filing of this complaint I, Plaintiff, have not seen a sign in the Grand Rapids Public Library prohibiting the viewing of pornography in the Grand Rapids Public Library. (See Exhibit 1 – Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this complaint).

5. One or two weeks later (after 9/21/05) I, Plaintiff, went to the Grand Rapids Public Library and setup my laptop computer and Tim walked up to me (out of the clear blue sky for no apparent reason) and asked me "Is there anything I can

do for you."   I just shook my head no, because, I had not asked for any assistance.   But Tim, was trying to intimidate a 50 year old, full grown and mature, man.   Because, I had already talked with Mr. Baldridge, assistant director, who affirmed Tim was authorized to bar, ban, me, Plaintiff, from the library and Tim knew it.  Tim was further harassing me, Plaintiff, for the incident on 9/21/05 (Harassment – MCL 600.2907).  At the time of this incident (one or two weeks later) Tim's attitude was menacing.  This indicated to me, Plaintiff, that Tim is racist, discriminative against minorities, black people.

### b) Unconstitutional Application Of Law

1. The allegation and evidence clearly demonstrates that Defendant dose not have a complaint form for Plaintiff to challenge or redress Defendant's unconstitutional custom or policy of deprivation of Plaintiffs Civil Rights to public library facilities (Const. Amend. 14 § 1).   Defendant not only affirmatively formulated an unconstitutional custom or policy which deprives Plaintiff Civil Rights to public library facilities (a custom or policy to ban, bar, Plaintiff from public library facilities for viewing a nude picture).   But, Defendant also applies that unconstitutional custom or policy in depriving, circumventing, Plaintiffs Constitutional Rights of due process and equal protection of the law.  West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001).   Defendant's assistant director and policy making official, Mr Baldridge, implicitly authorized and approved a custom or policy that abridges Plaintiff Civil Rights (a custom or policy to ban, bar, Plaintiff from public library facilities for viewing a nude picture) and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim, (racial discrimination, invasion of privacy and harassment in banning, barring, Plaintiff from Public

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Library Facilities).  Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir.

1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982).  42 U.S.C.A. §

1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1.  (See Exhibit 1 –

Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto

and made a part of this complaint).

2. Consequently, Plaintiff was denied access and use of public library facilities by

Defendants custom or policy to ban, bar, Plaintiff from public library facilities for

viewing a nude picture. Defendant thereby, depriving Plaintiffs Civil Rights to the

First Amendment, Fourth Amendment, Fifth Amendment, Eight Amendment and

Fourteenth Amendment of the Constitution of the United States (42 U.S.C.A. §

1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1).  The Defendant's

preference, ordinance, regulation, custom, policy, procedure and action to

purposefully, willfully and intentionally ban, bar, Plaintiff from public library

facilities for viewing a nude picture deprive Plaintiff access and use of public

library facilities thereby depriving (circumventing) Plaintiff Federally Secured and

Protected Fourteenth Amendment Constitutional Right of due process and equal

protection of the law for Plaintiff to receive goods, services, facilities, rights,

privileges, immunities, advantages and accommodations to public library

facilities.  Defendant thereby subjecting Plaintiff to:

   a) Deprivation Of 14 Amendment Constitutional Rights, rights, privileges and

      immunities to public library facilities – due process and equal protection of

      the law (Const. Amend. 14 Sec. 1).

   b) Racial Discrimination – Plaintiff is a minority, black man, whose privacy

      was purposefully, willfully and intentionally invaded in order to deliberately

segregate and harass Plaintiff from public library facilities for viewing of a nude picture (42 USC Sec. 2000a, 2000a (d), 2000d).

c) Invasion of Privacy – Plaintiffs person, papers, laptop computer, picture and effects where willfully and intentionally invaded with the purposeful intent of humiliating and banning, barring, Plaintiff from public library facilities (Const. Amend. 4).

d) Harassment – Defendant vexed and troubled (purposefully, willfully and intentionally invaded Plaintiff privacy and harassed Plaintiff life and liberty to leave public library facilities) Plaintiff because of Plaintiff race or color for viewing a nude picture (Const. Amend. 5, MCL 600.2907).

e) Cruel and Unusual Punishment – Plaintiff was barred, banned, (disciplined, punished) from public library facilities for viewing a nude picture (Const. Amend. 8).

f) Deprivation of Freedom, Life and Liberty – Defendant deprived Plaintiff of his freedom, life and liberty, to access public library facilities in / by banning, barring, Plaintiff for viewing a nude picture (Const. Amend. 5).

g) Deprivation of Redress of Grievance – Defendant deprived Plaintiff redress to challenge Defendant custom or policy to ban, bar, Plaintiff from public library facilities for viewing a nude picture where Defendant has no from of redress, complaint form (Const. Amend. 1).

Defendant thereby causing Plaintiff to be subjected to the deprivation of Federally Secured and Protected Fourteenth Amendment Constitutional Rights in abridging Plaintiffs rights, privileges, immunities, advantages and accommodation to public library facilities for viewing a nude picture by persons

clothed with the authority of state or local government (under color of state law) proporting to act thereunder by the exercise of power without reasonable justification in the service of a legitimate governmental objective, <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998).

3. Whether or not the conduct of Defendant was authorized or even if it was prescribed by law. <u>Monroe v. Pape</u>, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492. The Defendant is liable for the consequences of Defendants acts in a Civil Rights case so long as the conduct of Defendant is done under color of law and deprives a Plaintiff of a Civil Right. <u>Aldridge vs. Mullins</u>, D.C.Tenn.1972 377 F.Supp 850.§ 1. 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1.

4. The offending employee, Tim, in an act of malicious and willful disregard of Plaintiff rights (Harassment MCL 600.2907) had a willful and intentional purpose to vex and trouble Plaintiff particularly in subverting, circumventing, processes of law by:

> (1) willfully, intentionally and purposefully discussing the act of catching Plaintiff in some violation of library policy with a fellow employee (Racial Discrimination and or Segregation - 42 USCA §  2000a, 2000a (d), 2000d and Harassment – MCL 600.2907).and

> (2) willfully, intentionally and purposefully invading Plaintiffs privacy in standing behind Plaintiff watching and viewing what Plaintiff was doing on his laptop computer waiting for an opportunity to accuse Plaintiff of some violation of public library policy because Tim knew he was authorized to ban, bar, Plaintiff from the Grand Rapids Public Library (Const. Amend. 4, 42 USCA §  2000a, 2000a (d), 2000d) and

> (3) willfully, intentionally and purposefully racially discriminating against Plaintiff for being a minority, black man, who viewed a nude picture (42 USCA §  2000a, 2000a

(d), 2000d) in banning, barring, Plaintiff from the Public Library MCL 600.2907 and

(4) banning, baring, Plaintiff from the Grand Rapids Public Library where there was no sign prohibiting the viewing of nudity and without , common courtesy of informing and/or warning Plaintiff of Grand Rapids Public Library Policy (Const. Amend. 14 § 1, MCL 600.2907) and

(5) requiring Plaintiff to leave the Grand Rapids Public Library in violation of Plaintiff Civil Rights  to public library facilities (Harassment – MCL 600.2907, Const. Amend. 14 Sec. 1).    The offending employee Tim conduct was malicious, spiteful, with a disregard of Plaintiffs Civil Rights in vexing (racially discriminating against and invading Plaintiffs privacy) and troubling Plaintiff (invading Plaintiff privacy and harassing Plaintiff to leave Public Library), in subverting, circumventing, processes of law (42 USCA § 2000a, 2000a (d), 2000d, Const. Amend. 1, 4, 5, 8, 14 § 1, MCL 600.2907).   Rice v. Winkelman Bros. Apparel, Inc, (1968) 164 N.W.2d417, 13 Mich. App. 281.

5. Furthermore, one or two weeks later, after the 09/21/05 incident, the offending employee Tim for no apparent reason racially discriminated against Plaintiff again by intimidating Plaintiff (Harassment - MCL 600.2907) with his authority as a Grand Rapids Public Library employee with a racially discriminating and menacing (troublesome and annoying threat) attitude too ban or bar Plaintiff again from the Grand Rapids Public Library.  Because of the previous incident on 09/21/05 Tim knew he had barred Plaintiff and was authorized to ban Plaintiff again from the public library in the second incident (Tim conduct again was malicious and spiteful with willful disregard of Plaintiff rights and willful intent did purposefully vex and trouble Plaintiff for no apparent reason Harassment MCL 600.2907).  Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

## C. ARGUMENT

### a) Exhaustion Of State Remedy

1. On 09/21/05 at 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk. And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." I went to the 4th floor and talked with Mr. Baldridge, Assistant Director. I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." (See Exhibit 1 – Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this complaint).

### b) Federally Secured And Protected Constitutional Rights

### a) Amendment 1

1. Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

### b) Amendment 4

1. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### c) Amendment 5

1. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger;  nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law;  nor shall private property be taken for public use without just compensation.

### d) Amendment 8

1. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

### e) Amendment 14

1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.   No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law;  nor deny to any person within its jurisdiction the equal protection of the laws.

### c) Due Process And Equal Protection

1. According to the mandates of U.S.C.A. Const. Amend. 14 and this section a person's right to good name, reputation, honor & integrity are important and must be protected by courts.   Warren v. National Ass'n of Secondary School Principals, D.C.Tex.1974, 375 F.Supp 1043.  This section providing civil action

for deprivation of rights embraces deprivation of both due process of law and equal protection of laws, it contemplates such deprivation through unconstitutional application of law by conspiracy or otherwise and it permits damages, including punitive damages.  Mansell v. Saunder, C.A.Fla.1967, 372 F.2d 573.

2. Action based on this section providing that every person who under color of any statute, ordinance, etc., of any state or territory subjects any citizen of United States or other person within jurisdiction thereof to deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to injured party is not limited to due process, but extends also to denial of equal protection. Hoffman v. Halden, C.A.Or.1959, 268 F.2d 280.  Conduct under color of state law that can be fairly characterized as intentional, unjustified, brutal and offensive to human dignity violates victims constitutional right to due process. Meredith v. State of Ariz., C.A.Ariz1975, 523 F.2d 481.  So long as the conduct of defendant is done under color of law and deprives a plaintiff of a civil right a defendant is liable for the natural consequences of his acts in a civil rights case. Aldridge v. Mullins, D.C.Tenn, 1972, 377 F.Supp 850.  Lack of ascertainable standards is violation of due process actionable under this section.  Barnes v. Merritt, C.A.Ga.1967, 376 F.2d 8.

### d) Rev. Stat. § 1983

1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C.A. § 1983.

### e) Rev. Stat. § 1979

1. Under Rev. Stat. § 1979 to state claim under due process clause, it need not be alleged that purpose of acts complained of was to discriminate between persons or classes of persons.  To state claim under statute providing for civil action of deprivation of rights, allegation that act was committed under color of state law is necessary.  Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962).  A complaint states a claim under section 1979, if the facts alleged show that the defendant: (1) while acting under color of state or local authority, (2) subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any right, privileges or immunities secured to the plaintiff by the Constitution and laws of the United States.  Marshall v. Sawyer, 301 F.2d at page 646, Cohen v. Norris, at page 30. The facts alleged in a complaint are sufficient with regard to the first of these elements if they lay groundwork for proof that, at the time in question, the defendant was clothed with the authority of state or local government and was purporting to act thereunder.  Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed, 1495; Marshall v. Sawyer, at page 646.

2. The Defendant's' conduct was engaged in under color of state law if they were clothed with the authority of the state and were proporting to act thereunder, whether or not the conduct complained of was authorized or, indeed, even if it was prescribed by law.  Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.  It is clear that under "color" of law means under "pretense" of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded. Acts of officers who undertake to perform their official duties are included

whether they hew to the line of their authority or overstep it.   The Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff of a civil right. Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850.

### f) Immunity

1. Municipal immunity is not deprivative immunity and municipal governments are not entitled to the same scope of immunity as municipal governmental decision-makers responsible for unconstitutional policy or custom. Rheuark v. Shaw, D.C.Tex.1979, 477 F.Supp 897, reversed 628 F.2d 297.   State and municipal officials whose actions violate constitutional rights are not protected by the states sovereign immunity or by U.S.C.A. Const. Amend 11.   Ybarra v. City of Town of Los Altos Hills, C.A.Cal.1974, 503 F.2d 250.  Public officials are not immune from suit when they transcend their lawful authority by invading constitutional rights. American Federation of State, County, and Municipal Emp., AFL-CIO v. Woodward, C.A.Neb.1969, 406 F.2d 137.   The judicially fashion doctrine of official immunity does not reach so far as to immunize criminal conduct proscribed by an Act of Congress.  O'Shea v. Littleton, Ill.1974, 94 S.Ct. 669, 414 U.S. 488, 38 L.Ed 2d 674.  Municipalities have no qualified immunity form liability under Section 1983.   Owen v. City of Independence, 445 U.S. 622, 655-58 (1980).  A Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff a civil right.  Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850.§ 1. Subdivisions of the state, such as counties, and municipalities are not protected by Eleventh Amendment.  Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363,

33 L.Ed. 766 (1890). The Eleventh Amendment limits the jurisdiction only as to suits against a state[1].

2.  Prospective and declaratory relief against individual state and county officials should not be dismissed. Under the fiction Ex parte Young, officials may be stripped of their character as agents of the state when they violate federal law. Lawson, 211 F.3d at 334-335. The state has no power to impart to Defendant any immunity from responsibility to the supreme authority of the United States. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Federal Courts recognize Three exceptions to Eleventh Amendment immunity: (1) waiver/consent by the state, (2) abrogation of immunity by Congress, and (3) prospective injunctive relief pursuant to Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908). Lawson, 211 F.3d at 334-35.

### g) Discrimination

## a) 42 USCA § 2000a – Prohibition against discrimination or segregation in places of public accommodation

1.  Equal Access - All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

2.  42 USCA § 2000a (d) Support by State action - Discrimination or segregation by an establishment is supported by State action within the meaning of this

---

[1] Suits may be brought by private citizens against counties and municipalities under section 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

subchapter if such discrimination or segregation (1) is carried on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof; or (3) is required by action of the State or political subdivision thereof.

> **b) 42 USCA § 2000d - Prohibition against exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on ground of race, color, or national origin**

1. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

> **h) Harassment - MCL 600.2907. Malicious persecution or action; civil liability, penalty**

1. MCL 600.2907. Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way preceded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is not such person known, shall be liable to the person so arrested, attached or preceded against, in treble the amount of damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him;  and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be

deemed guilty of a misdemeanor; punishable on conviction by imprisonment in the county jail for a term not exceeding 6 months.

2. An action for abuse of process of malicious persecution must have as it heart the malicious, willful disregard of rights, or intentionally injurious conduct, of defendant, particularly in attempting to subvert, processes of law.    Rice v. Winkelman Bros. Apparel, Inc, (1968) 164 N.W.2d417, 13 Mich.App. 281.

### i) Triable Issues Of Material Fact

1. This is a Civil Rights case against Defendant for deprivation of Civil Rights, 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1.

2. Defendant affirmatively and by omission, with regard to Plaintiff Civil Rights to public library facilities, did formulate a custom or policy to ban or bar Plaintiff from the public library for viewing a nude picture.  Which custom or policy abridges Plaintiff Civil Rights, rights, privileges and immunities (Const. Amend. 14 § 1) in depriving Plaintiff access and use to public library facilities for viewing a nude picture.  West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001).

3. Defendant's assistant director and policy making official, Mr Baldridge, implicitly authorized and approved a custom or policy (to ban or bar Plaintiff from public library facilities for viewing a nude picture) which deprives Plaintiffs Federally Secured and Protected Constitutional Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim, (racial discrimination, invasion of privacy, and harassment).  Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982).

### D. CLAIM

a) **Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1). Defendant thereby subjecting Plaintiff to the deprivation of goods, services, facilities, rights, privileges, immunities, advantages and accommodations to public facilities. Defendant thereby causing Plaintiff to be subjected to racial discrimination (42 U.S.C.A. § 2000a, 2000a (d), 2000d), invasion of privacy (Const. Amend. 4), harassment and cruel and unusual punishment (harassing Plaintiff to leave public library, MCL 600.2907; Constitutional Amendment 8) abridging Plaintiffs rights, privileges and immunities and depriving Plaintiff of life and liberty (Const. Amend. 5) and causing Plaintiff to be deprived of a redress of grievances to challenge Defendant in having no complaint form (Constitutional Amendment 1) by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of power without reasonable justification

in any service of a legitimate governmental objective (Constitutional Amendment 14 § 1). Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

     **b) Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.    Defendant Thereby Subjecting Plaintiff To Racial Discrimination.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1). Defendant thereby subjecting Plaintiff to racial discrimination on grounds of race or color for viewing a nude picture and segregation from public library facilities for viewing a nude picture by officials of the state or political subdivision proporting to act under color of law, statute, ordinance, regulation; custom or policy to ban or bar Plaintiff from public library facilities for viewing a nude picture (42 USCA § 2000a, 2000a (d), 2000d). Defendant thereby causing Plaintiff to be subjected to the deprivation of goods, services,    facilities,    rights,    privileges,    immunities,    advantages    and

accommodations to public library facilities by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective (Constitutional Amendment 14 § 1). Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

> c) **Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.  Defendant Thereby, Subjecting Plaintiff To Unreasonable Search and or Invasion Of Privacy.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1).  Defendant thereby subjecting Plaintiff to unreasonable search and or invasion of privacy in purposefully, willfully, intentionally standing and starring, looking, over plaintiffs shoulder watching and viewing what Plaintiff was doing on Plaintiff's laptop computer (unreasonably searching Plaintiff laptop computer, papers, pictures, and effects) in an

unreasonable search for an occasion to accuse Plaintiff of some, any, public library policy violation (Const. Amend. 4).  Defendant thereby causing Plaintiff to be subjected to the deprivation of goods, services, facilities, rights, privileges, immunities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective (Constitutional Amendment 14 § 1).  Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

> **d) Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.   Defendant Thereby Subjecting Plaintiff To Harassment.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1).  Defendant thereby subjecting Plaintiff to vexation and trouble by malicious and willful disregard of Plaintiff rights in

(racially discriminating against Plaintiff for being a black man and unreasonably searching and invading Plaintiff privacy by purposefully, willfully, intentionally watching and viewing what Plaintiff was doing on his laptop) harassing Plaintiff to leave the Public Library and segregating Plaintiff from the Public Library for viewing a nude picture, MCL 600.2907. Defendant thereby subjecting Plaintiff to the deprivation of goods, services, facilities, rights, privileges, immunities, advantages and accommodations to public facilities. by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective (Constitutional Amendment 14 § 1). Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

> **e) Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities. Defendant Thereby Subjecting Plaintiff To Infliction Or Discipline Of Cruel And Unusual Punishment.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of

due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1). Defendant thereby subjecting Plaintiff cruel and unusual punishment in inflecting, vexing, Plaintiff with discipline (punishment in restricting, banning or barring, Plaintiff from public library facilities) for viewing a nude picture by denying and depriving Plaintiff life and liberty to access and use of public library accommodations, facilities, (Const Amend. 8, Const Amend. 5). Defendant thereby causing Plaintiff to be subjected to the deprivation of goods, services, facilities, rights, privileges, immunities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective (Constitutional Amendment 14 § 1). Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

          **f) Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.    Defendant Thereby Subjecting Plaintiff To Deprivation Of Life And Liberty Without Due Process And Equal Protection Of The Law.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1). Defendant thereby subjecting Plaintiff to the deprivation of life and liberty to public library facilities without due process and equal protection of the law in racial discrimination, invasion of privacy, harassment, and cruel and unusual punishment by segregating and restricting, banning or barring, Plaintiff from public library facilities for viewing a nude picture (Const. Amend 5, Const. Amend 14 § 1). Defendant thereby causing Plaintiff to be subjected to the deprivation of goods, services, facilities, rights, privileges, immunities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective

(Constitutional Amendment 14 § 1).  Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

**g) Plaintiff Claims Defendant's Preference, Ordinance, Regulation, Custom, Policy, Procedure, And Actions Of Banning, Barring, Plaintiff From The Grand Rapids Public Library Facilities For Viewing A Nude Picture Deprive Plaintiff Of Federally Secured And Protected Fourteenth Amendment Constitutional Right Of Due Process And Equal Protection Of The Law To Access Public Library Facilities.  Defendant Thereby Subjecting Plaintiff To Deprivation Of Redress Of Grievances To Challenge Defendant In Having No Form Of Redress.**

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities (Constitutional Amendment 14 § 1).  Defendant thereby subjecting Plaintiff to the deprivation rights, privileges, immunities and advantages to redress Defendant unconstitutional application of law (affirmative abuse of power) in Defendant not having a from of redress, complaint form (Const. Amend. 1).  Defendant thereby causing Plaintiff to be subjected to the deprivation rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government (under color of state law) proporting to act thereunder by an affirmative abuse of

power without reasonable justification in any service of a legitimate governmental objective (Constitutional Amendment 14 § 1).   Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

## E. DAMAGES

### a)  Fiscal Year Budget of The City Of Grand Rapids, Michigan

1. The City of Grand Rapids, Michigan, Fiscal Year Budget for 2005 is $265, 000,000, http://www.grand-rapids.mi.us/.

### b)  Injunctive Relief

1. District court has power to grant injunctive relief where there has been deprivation of civil rights.  Sewell v. Pegelow, C.A.4 (Va.) 1961, 291 F.2d 196. Schnell v. City Of Chicago, C.A.7 (Ill.) 1969, 407 F.2d 1084.  Dixon v. Duncan, D.C. Va. 1963, 218 F.Supp. 157.

**WHEREFORE**, the Plaintiff requests that this Court enter an Order:

2. Declaring that the discriminatory customs, policies, practices, procedures and prejudices of the Defendant's purposeful, willful and intentional deprivation of Plaintiffs Civil Rights to public library facilities violate Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907 and such deprivations of Plaintiffs Civil Rights by Defendant's discriminatory customs, policies, practices, procedures and prejudices are unconstitutional, and

3. Enjoining Defendant, their employees, agents, and successors, and all other persons in active concert or participation with them from engaging in any act or practice which on the basis of any discriminatory customs, policies, practices,

procedures and prejudices deprives any Civil Rights secured by Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907, and

4. Requiring Defendant, their employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct of deprivation of Civil Rights, discriminatory customs, policies, practices, procedures and prejudices.

### c) Compensatory Relief

1. The Plaintiff further prays for such additional relief as the interests of justice may require together with compensatory, mental and emotional stress and punitive damages.

2. Compensatory damages for deprivation of federal rights are governed by federal standards, both federal and state rules my be utilized.  Sullivan v. Little Hunting Park, Inc., U.S. Va. 1969, 90 S.Ct. 400, 396 U.S. 229, 24 L.Ed.2d 386. Compensatory damages in Sec. 1983 may not only include out-of-pocket loss and monetary harms but also injuries as impairment of reputation, personal humiliation and mental anguish and suffering.  Coleman v. Rahija, C.A.8 (Iowa) 1997, 114 F.3d 778.

| Compensatory Relief | |
|---|---|
| Personal Humiliation – Told could not view nude picture in the library and to leave the library in Violation of Civil Rights to library facilities.  Could not redress violation of Civil Rights.  Plaintiff was humiliated by Defendants abuse of authority. | $1,500,000.00 |
| Impairment of Reputation - Defendant making a public scene subjecting Plaintiff to dishonor, loss of good name and lack of integrity by cruel and unusual punishment (harassing Plaintiff to leave public library) and depriving Plaintiff of life and liberty while | $1,500,000.00 |

1
2

| abridging Plaintiffs rights, privileges and immunities without due process and equal protection of the law. | |
|---|---|
| **Total Compensatory Damages** | **$3,000,000.00** |

3

**Table 1 Compensatory Relief**

4

5

### d)  Mental & Emotional Stress Relief

6

| **Mental & Emotional Stress Relief** | |
|---|---|
| Mental Anguish – Unreasonable Search and Invasion Of Privacy - Plaintiff person, papers, laptop and effects where invaded. Had to leave library in violation of Civil Rights to public library facilities.   Could not redress violation of Civil Rights Defendant has no form of redress, complaint form, had to File United States District Court. | $1,000,000.00 |
| Emotional Anguish – Racial Discrimination, Harassment, Cruel Unusual Punishment - In a public scene, Plaintiff, was discriminated against for being black man and segregated from public library for viewing nude picture, in public, in a public scene.  Could not redress cruel unusual punishment or violation of Civil Rights. | $1,000,000.00 |
| **Total Mental & Emotional Damages** | **$2,000,000.00** |

7
8
9
10
11
12
13
14

**Table 2 Mental & Emotional Stress Relief**

15
16
17

### e)  Punitive Relief

18

1.  Punitive Damages are imposed in civil rights action for their effect on defendant

19

and to vindicate public interest in deterring malicious or wanton conduct by public

20

officials and in arriving at appropriate amount to be awarded in punitive

21

damages, court must take into consideration severity of constitutional violation

22

and what is necessary to reasonably deter such conduct in the future.  Aumiller v.

23

University of Delaware, D.C. Del., 1977, 434 F.Supp 1273.

24
25

| **Punitive Relief** | |
|---|---|
| Deprivation of Federally Secured and Protected Constitutional Rights, Const. Amend. 1, 4, 5, 8, 14 § 1, of Due Process and | $10,000,000.00 |

| Equal Protection of the Law. | |
|---|---|
| **Total Punitive Damages** | **$10,000,000.00** |

**Table 3 Punitive Relief**

### f)  Total Relief

| Total Relief | |
|---|---|
| **Total Damages** | **$15,000,000.00** |

**Table 4 Total Relief**

## F. JURY INSTRUCTIONS

1. FRCP Rule 38(a)(b): The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.  (b)  Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

2. The Plaintiff requests a class action determination, jury trial demanded.

**WHEREFORE**, Plaintiff prays this Honorable Court radically discipline Defendant for deprivations of Plaintiffs Federally Secured and Protected Constitutional Rights.

## G. EFFORT TO COMPLY WITH LCIVR 7.1(d)

1. Plaintiff would show the Court FRCP Rule 15(a).  A party may amend the party's pleading once as a matter of course and leave shall be freely given when justice so requires.

**Summary of Motion To Amend Pleading - 29**

2. Plaintiff would show the Court, this courts, CASE MANAGEMENT ORDER for Rule 16 Scheduling Conference that Plaintiff would file Motion To Amend Pleadings by February 2, 2007.

3. Plaintiff would show the Court, in good faith, believing Defendant will object to Plaintiff Motion To Amend Pleadings.

### *H. CERTIFICATION OF MAILING*

I do hereby certify that on the ___23___ day of ___January___, ___2007___. I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Tuesday, January 23, 2007

By: _____

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

### *I. DECLARATION UNDER PENALTY OF PERJURY*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing [Complaint] is true and correct. 28 U.S.C. § 1746; 18 U.S.C. §§ 1621, et seq.

Dated This Tuesday, January 23, 2007

By: _____

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

**Summary of Motion To Amend Pleading - 30**