Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

Honorable Robert Holmes Bell
Chief United States District Judge

FILED - GR
07 FEB 13 PM 3:44
[illegible] SR. CLERK
[illegible] DISTRICT COURT
WESTERN DISTRICT MICH
BY: [signature]

# In The United States District Court
# For The Western District Of Michigan

| | |
|---|---|
| Donald Williams, | ) Case No.: 1:06-cv-635 |
| Plaintiff, | ) Motion To Strike |
| vs. | ) |
| Grand Rapids Public Library, | ) |
| Defendant | ) |

**COMES NOW,** the Plaintiff Donald Williams, with his Motion to Strike Defendants Response to Plaintiffs Motion To Amend Pleadings and Motion For Settlement Conference.

## I. MOTION TO STRIKE

### A. BRIEF

#### 1. Objection

1. In the Defendants response the Defendant speaks in the passive voice. Defendant doesn't object to the Motion to Amend Pleadings or Motion for Settlement Conference (see Defendant Response To Motion To Amend Pleadings and Motion For Settlement Conference page 1, 1 sentence and page 2, 2nd paragraph). But, Defendant, in the form of a letter to the judge disguises a pleading as a motion in the passive voice and gives his unsupported opinion that Plaintiffs claims are extremely weak or will ultimately provide grounds for

dismissal of all of Plaintiffs claims[1]. Furthermore, Defendant suggests that the Court grant Plaintiff opportunity to amend his amended pleading (see Defendant Response To Motion To Amend Pleadings and Motion For Settlement Conference page 1). The Plaintiff refuses, rejects and denies, to amend his amended pleading and asserts to the court that such opinions unsupported to the Court are passive in the form of a letter, requests to the judge, which are specifically prohibited. FRCP Rule 7 (a), LCivR Rule7.1 (a).

2. This Court is well aware Plaintiff has previously tried to sanction this Defendant and this Court has warned Plaintiff that Rule 11 also applies to Plaintiff. Yet, the violation of the FRCP and the LCivR continues and the Plaintiff wants a stop put to it. FRCP Rule 7 (a), LCivR Rule7.1 (a). Howbeit, this Court has not taken upon it own initiative wherefore the Plaintiff request the Court instruct Defendant to discontinue his unsupported briefs.

3. Defendant asserts that ADR will not be effective before and that ADR should be scheduled after the deadline for dispositive motions and all decisions related to those motions (see Defendant Response To Motion To Amend Pleadings and Motion For Settlement Conference page 2). The question Plaintiff must ask Plaintiffs self is what is the purpose of FRCP Rule 56 and FRCP Rule 12(f). The Plaintiff would assert to this Court that FRCP Rule 56 and FRCP Rule 12(f) are Dispositive Motions and for alternative dispute resolution to be effective it should start and be completed before the close of discovery, June 15, 2007, LCivR 16.1.

---

[1] Even if Plaintiffs evidence is extremely weak and even if Plaintiffs clearly defined rights provide grounds for dismissal at least the LCivR and the FRCP will have required justice, Const. Amend 14 Sec. 1. Furthermore, the Plaintiff will have considered it an opportunity and a privilege just to have tried this litigation as pro se if the amended pleading is weak, 42 USC Sec. 1983, Rev. Stat. Sec., 1979.

**Summary of Motion To Strike - 2**

### 2. Pro Se

1. This Court is well aware of the Plaintiffs financial situation, the Plaintiff filed this litigation Pro Se, Title 28 U.S.C.A. § 1331, 1332, 1343. The Defendant has passively requested standard track case evaluation ADR (see Defendant Response To Motion To Amend Pleadings and Motion For Settlement Conference page 2). Standard track case evaluation ADR requires $150.00 payment of which will have to be waived or deducted from any agreement for the Plaintiff to participate in case evaluation ADR. Which is why Plaintiff merely requested a settlement conference within 30 days (see Plaintiff Motion For Settlement Conference) LCivR 16.8, LCivR 16.1.

### 3. Strike Two

1. The Defendants Response should not be allowed, FRCP Rule 12(f), there shall be a complaint and an answer, no other pleading shall be allowed. Defendants Response is not accompanied by any support. Defendant dose not object to nor is Defendant in opposition of or in support of Plaintiff Motion to Amend or Motion For Settlement. Defendants' briefs is submitted in the form of a letter to the judge, in passive voice to the Plaintiff and disguised as a pleading to the Judge (FRCP Rule 7(a)). FRCP Rule 12(f) and FRCP Rule 56 are mechanisms for dispositive motions and therefore if ADR was held after close of dispositive motions ADR would be ineffective. Furthermore, ADR should be held, decided and closed, before close of discovery, June 15, 2007. In order to be effective Plaintiff requested ADR within 30 Days, (see Plaintiffs Motion For Settlement Conference) LCivR 16.8, LCivR 16.1.

**WHEREFORE**, Plaintiff Prays this Honorable Court, to enter an Order at this Courts discretion, circumspect.

### B. EFFORT TO COMPLY WITH LCIVR 7.1(d)

1. In an effort to comply Plaintiff would show the Court Defendants Response dose not comply with the FRCP 7 (a).

2. In an effort to comply Plaintiff would show the Court Defendants Response dose not comply with the LCivR Rule7.1 (a).

3. In an effort to comply Plaintiff would show the Court that in order for Alternative Dispute Resolution to be effective it should be scheduled before and completed before the closed of discovery and FRCP Rule 12(f) and FRCP Rule 56 are mechanisms for dispositive motions.

4. In an effort to comply Plaintiff would show the Court that Plaintiff, in good faith, believes that Defendant will object to Plaintiff Objection.

5. In an effort to comply Plaintiff would show the Court, in good faith, that Plaintiff is Pro Se and could be wrong about his interpretation.

Dated This Tuesday, February 13, 2007

By: _____

Donald V. Williams
44 ½ S. Division St., SE., Apt., 37
Grand Rapids, MI., 49503

**C. CERTIFICATION OF MAILING**

I do herby certify that on the _____ day of _February, 2007_. I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Tuesday, February 13, 2007

By: _____
Donald V. Williams

Summary of Motion To Strike - 5