Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

Honorable Robert Holmes Bell
Chief United States District Judge

# In The United States District Court
# For The Western District Of Michigan

| | |
|---|---|
| Donald Williams, | ) Case No.: 1:06-cv-635 |
| Plaintiff, | ) First Amended Complaint |
| vs. | ) |
| Grand Rapids Public Library, | ) |
| Defendant, | ) |

Comes Now, the Plaintiff Donald Williams, with his First Amended Complaint.

## I. FIRST AMENDED COMPLAINT

### A. JURISDICTION

**a) The Plaintiff**

1. The Plaintiff is Donald Williams, a citizen of the United States, born at Saint Mary's Hospital, Grand Rapids, MI., June 15, 1956, and resides at 44 ½ S. Division St., SE., Apt., 37, Grand Rapids, MI., 49503.

2. The Plaintiff brings this action pursuant Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

### b) The Defendant

1. The Defendant is Grand Rapids Public Library, 111 Library Street N.E, Grand Rapids Ml., 49503.

### c) Jurisdiction Of The Court

1. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state. The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person. Title 28 U.S.C.A. § 1331, 1332, 1343.

2. This courts jurisdiction is invoked by Plaintiff under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff under the Civil Rights Act invokes this courts jurisdiction, Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907. This Court has jurisdiction of this action pursuant to Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 37.2302, MCL 600.2907.

## B. COMPLAINT

### a) Complaint

1. On 9/21/05 at 11:05am I, Plaintiff, walked into the Grand Rapids Public Library, (GRPL), 111 Library Street N.E, Grand Rapids Ml., 49503. I went to a table and setup my laptop computer.

2. About 2:05pm Tim and another employee was talking and I, Plaintiff, overheard Tim say "I'll bet I can catch him."

3. At 2:15pm I, Plaintiff, viewed a topless picture of Veronica Zemanova and I looked behind me and Tim, Grand Rapids Public Library employee, was standing about 8-15 feet behind me from where I was sitting who then walked up from behind me and told me "you can't view that in here."

> From behind me, Tim was looking over my shoulder watching and viewing what I was doing on my laptop computer about 8-15 feet away from where I was sitting. I caught Tim Invading My Privacy – INVASION OF PRIVACY.

I told Tim "I'm not on the internet, this picture is on my personal computer." Tim said, "I don't care, you can't view that in a public place. I'm going to have to ask you to leave. Close it up (the laptop) you're done." After I packed up my laptop computer I walked over to the Reference Desk where Tim was and I asked him his name. He said, "Tim." I said, "Tim what?" He said, "Just Tim." I said, "Over at the table you said I was done. What did you mean? I'm ban, barred, form the Library permanently or what?" Tim said, "No, your just ban, barred, from the library for the day." I, Plaintiff, left the library.

4. At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk, entrance to the library. And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." I went to the 4th floor and talked with Mr. Baldridge, assistant director. I told Mr Baldridge that "I viewed a topless woman on my laptop computer and Tim told me to leave the library for the day." Mr Baldridge said, "It's our policy not to allow the viewing of nudity in the library". I said "I was

not viewing the picture on the internet. The picture is on my personal computer." Mr Baldridge said, "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." I asked Mr Baldridge "Was Tim authorized to tell me to leave the library for the day for viewing a topless woman on my personal computer." Mr Baldridge said "Yes, Tim was authorized to tell you to leave the library for the day." I asked Mr Baldridge, "Wouldn't it have been more appropriate for Tim to have informed me of your policy and asked me to stop viewing the picture. And, that if I continued to view the picture that I would then be told to leave the library for the day. Rather, than just telling me to leave the library for the day." Mr Baldridge said "That is something I'll take into consideration." (Mr Baldridge gave me, Plaintiff, the impression that he, Mr Baldridge, was the policy making official). I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." I, Plaintiff, thanked Mr Baldridge for his time, leaving the 4th floor, and searched the library for signs prohibiting the viewing of pornography in the library. I, Plaintiff, found no signs prohibiting the viewing of pornography in the library and left the building, the Grand Rapids Public Library. From 9/21/05 to the filing of this complaint I, Plaintiff, have not seen a sign in the Grand Rapids Public Library prohibiting the viewing of pornography in the Grand Rapids Public Library. (See Exhibit 1 – Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this First Amended Complaint).

**Summary of First Amended Complaint - 4**

5. One or two weeks later (after 9/21/05) I, Plaintiff, went to the Grand Rapids Public Library and setup my laptop computer and Tim walked up to me (out of the clear blue sky for no apparent reason) and asked me "Is there anything I can do for you." I just shook my head no, because, I had not asked for any assistance. But Tim, was trying to intimidate a 50 year old, full grown and mature, man. Because, I had already talked with Mr. Baldridge, assistant director, who affirmed Tim was authorized to bar, ban, me, Plaintiff, from the library and Tim knew it. Tim was further harassing me, Plaintiff, for the incident on 9/21/05. At the time of this incident Tim's attitude was menacing. This indicated to me, Plaintiff, that <u>Tim is racist</u>, discriminative against minorities, black people.

### b) Unconstitutional Application Of Law

1. The allegation and evidence clearly demonstrates that Defendant dose not have a form of redress for Plaintiff to challenge Defendant's unconstitutional custom or policy of deprivation of Plaintiffs Civil Rights to public library facilities. Defendant not only affirmatively formulated an unconstitutional custom or policy which deprives Plaintiff Civil Rights to public library facilities. But, Defendant also applies that unconstitutional custom or policy in circumventing, depriving, Plaintiffs Civil Rights. Defendant's assistant director and policy making official, Mr. Baldridge, implicitly authorized and approved a custom or policy that abridges Plaintiff Civil Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim. (See Exhibit 1 – Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this First Amended Complaint).

**Summary of First Amended Complaint - 5**

2. Consequently, Plaintiff was denied access and use of public library facilities by Defendants custom or policy to ban, bar, Plaintiff from public library facilities for viewing a nude picture. Defendant thereby, depriving Plaintiffs Civil Rights to the First, Fourth, Fifth, Eight and Fourteenth Amendment of the Constitution of the United States by persons clothed with the authority of state or local government proporting to act thereunder by the exercise of power without reasonable justification in any service of a legitimate governmental objective. The Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities

3. The offending employee Tim conduct in both instances where acts of malicious disregard of Plaintiff Civil Rights with a willful, intentional and spiteful purpose to vex and trouble Plaintiff particularly in subverting, circumventing, processes of law.

## C. EXHAUSTION OF STATE REMEDY

1. On 09/21/05 at 5:45pm I, Plaintiff, went to the 4th floor and talked with Mr. Baldridge, Assistant Director of Grand Rapids Public Library. Mr. Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." (See Exhibit 1 – Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this First Amended Complaint).

## D. CLAIM

1. Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy, procedure, and actions of banning, baring, Plaintiff from public library facilities for

**Summary of First Amended Complaint - 6**

viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff Federally Secured and Protected Fourteenth Amendment Constitutional Right of due process and equal protection of the law to access public library facilities. Defendant thereby subjecting Plaintiff to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

2. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to racial discrimination from public library facilities on grounds of race or color by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby excluded Plaintiff from participation in and denied Plaintiff benefits of and subjected Plaintiff to racial discrimination under programs or activities receiving Federal financial assistance. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

3. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to segregation from public library facilities on grounds of race or color and under color of law, statute, ordinance, regulation; custom, policy or usage by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy

**Summary of First Amended Complaint - 7**

or usage. Defendant thereby excluded Plaintiff from participation in and denied Plaintiff benefits of and subjected Plaintiff to segregation under programs or activities receiving Federal financial assistance. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

4. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to unreasonable search and invasion of privacy in unreasonably searching Plaintiff laptop computer, papers, pictures, and effects without due process and equal protection of the law by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

5. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to vexation and trouble by malicious and willful disregard of Plaintiff civil rights by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed

with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

6. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff cruel and unusual punishment without due process and equal protection of the law by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

7. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to the deprivation of life and liberty to public library facilities without due process and equal protection of the law by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

8. Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to the deprivation of rights, privileges, immunities and advantages to redress Defendants custom or policy by persons clothed with the authority of state and local government proporting to act under color of law,

statute, ordinance, regulation; custom, policy or usage where Defendant has no from of redress. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

9. Plaintiff is sheltered by and Defendants custom or policy and conduct violates Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 37.2302, MCL 600.2907. Defendant purposefully, willfully and intentionally caused Plaintiff damage by a custom or policy to ban or bar Plaintiff from public library facilities for viewing a nude picture by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective.

10. **Wherefore**, Plaintiff prays this Court enter an order of judgment against Defendant for Injunctive Relief, Compensatory Relief, Mental and Emotional Anguish Relief, Punitive Relief and any other relief this Court sees necessary. (See Exhibit 3 - Damages attached hereto and made a part of this First Amended Complaint).

11. Plaintiff demands trial by jury.

**Summary of First Amended Complaint - 10**

## E. EFFORT TO COMPLY WITH LCIVR 7.1(d)

1. Plaintiff would show the Court Plaintiff conforms with and to this Courts order for hearing conducted on February 14, 2007 that Plaintiff File "First Amended Complaint" conforming to FRCP Rule 8(a) and not contain Argument or citation of cases.

2. Plaintiff would show the Court at hearing conducted on February 14, 2007 this Court ORDED Plaintiff to call Mr. Ophoff. The Plaintiff by his financial statement to the Court can not call Mr. Ophoff as Plaintiff has no telephone nor financially capable. Mr. Ophoff in formed Plaintiff by letter not to come to his office without first being invited on specific date, time and location. Plaintiff communicated and sent Mr. Ophoff by US mail Plaintiffs "First Amended Complaint" for Mr. Ophoff acquiescence on Tuesday, February 20, 2007 and requested response as soon as possible, by Friday, February 23, 2007.

3. Plaintiff would show the Court Plaintiff had this courts leave (see this courts case management order) and consent of the adverse Party (see Joint Status Report) to file Plaintiffs "Motion To Amend Pleadings". Plaintiff would show the Court Plaintiff mailed Mr. Ophoff a letter hoping Mr. Ophoff would not object to Plaintiffs Motion For Settlement Conference, acquiescence.

4. Plaintiff would show the Court, in good faith, Defendant will object to Plaintiffs "First Amended Complaint".

## F. CERTIFICATION OF MAILING

I do hereby certify that on the ___20___ day of __February__, __2007__. I mailed a true and correct copy of the above and foregoing instrument to

Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Monday, February 26, 2007
By: *[signature]*

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

## G. DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury that the foregoing [Complaint] is true and correct. 28 U.S.C. § 1746; 18 U.S.C. §§ 1621, et seq.

Dated This Monday, February 26, 2007
By: *[signature]*

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**