# 3

Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**

**Chief United States District Judge**

# *In The United States District Court*
# *For The Western District Of Michigan*

| | |
|---|---|
| Donald Williams, | ) Case No.: 1:06-cv-635 |
| Plaintiff, | ) DAMAGES |
| vs. | ) |
| Grand Rapids Public Library, | ) |
| Defendant, | ) |

Comes Now, the Plaintiff Donald Williams, with his Damages.

## DAMAGES

### A. DAMAGES

**a) Fiscal Year Budget of The City Of Grand Rapids, Michigan**

1. The City of Grand Rapids, Michigan, Fiscal Year Budget for 2005 is $265,000,000, http://www.grand-rapids.mi.us/.

**b) Injunctive Relief**

1. District court has power to grant injunctive relief where there has been deprivation of civil rights. Sewell v. Pegelow, C.A.4 (Va.) 1961, 291 F.2d 196. Schnell v. City Of Chicago, C.A.7 (Ill.) 1969, 407 F.2d 1084. Dixon v. Duncan, D.C. Va. 1963, 218 F.Supp. 157.

**WHEREFORE**, the Plaintiff requests that this Court enter an Order:

Summary of DAMAGES - 1

Exhibit-3

2. Declaring that the discriminatory customs, policies, practices, procedures and prejudices of the Defendant's purposeful, willful and intentional deprivation of Plaintiffs Civil Rights to public library facilities violate Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907 and such deprivations of Plaintiffs Civil Rights by Defendant's discriminatory customs, policies, practices, procedures and prejudices are unconstitutional, and

3. Enjoining Defendant, their employees, agents, and successors, and all other persons in active concert or participation with them from engaging in any act or practice which on the basis of any discriminatory customs, policies, practices, procedures and prejudices deprives any Civil Rights secured by Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907, and

4. Requiring Defendant, their employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct of deprivation of Civil Rights, discriminatory customs, policies, practices, procedures and prejudices.

### c) Compensatory Relief

1. The Plaintiff further prays for such additional relief as the interests of justice may require together with compensatory, mental and emotional stress and punitive damages.

2. Compensatory damages for deprivation of federal rights are governed by federal standards, both federal and state rules my be utilized. Sullivan v. Little Hunting

Park, Inc., U.S. Va. 1969, 90 S.Ct. 400, 396 U.S. 229, 24 L.Ed.2d 386. Compensatory damages in Sec. 1983 may not only include out-of-pocket loss and monetary harms but also injuries as impairment of reputation, personal humiliation and mental anguish and suffering. Coleman v. Rahija, C.A.8 (Iowa) 1997, 114 F.3d 778.

| Compensatory Relief | |
|---|---|
| Personal Humiliation – Told could not view nude picture in the library and to leave the library in Violation of Civil Rights to library facilities. Could not redress violation of Civil Rights. Plaintiff was humiliated by Defendants abuse of authority. | $1,500,000.00 |
| Impairment of Reputation - Defendant making a public scene subjecting Plaintiff to dishonor, loss of good name and lack of integrity by cruel and unusual punishment (harassing Plaintiff to leave public library) and depriving Plaintiff of life and liberty while abridging Plaintiffs rights, privileges and immunities without due process and equal protection of the law. | $1,500,000.00 |
| **Total Compensatory Damages** | **$3,000,000.00** |

Table 1 Compensatory Relief

### d)  Mental & Emotional Stress Relief

| Mental & Emotional Stress Relief | |
|---|---|
| Mental Anguish – Unreasonable Search and Invasion Of Privacy - Plaintiff person, papers, laptop and effects where invaded. Had to leave library in violation of Civil Rights to public library facilities. Could not redress violation of Civil Rights Defendant has no form of redress, complaint form, had to File United States District Court. | $1,000,000.00 |
| Emotional Anguish – Racial Discrimination, Harassment, Cruel Unusual Punishment - In a public scene, Plaintiff, was discriminated against for being black man and segregated from public library for viewing nude picture, in public, in a public scene. Could not redress cruel unusual punishment or violation of Civil Rights. | $1,000,000.00 |
| **Total Mental & Emotional Damages** | **$2,000,000.00** |

Table 2 Mental & Emotional Stress Relief

### e) Punitive Relief

1. Punitive Damages are imposed in civil rights action for their effect on defendant and to vindicate public interest in deterring malicious or wanton conduct by public officials and in arriving at appropriate amount to be awarded in punitive damages, court must take into consideration severity of constitutional violation and what is necessary to reasonably deter such conduct in the future. Aumiller v. University of Delaware, D.C. Del., 1977, 434 F.Supp 1273.

| Punitive Relief | |
|---|---|
| Deprivation of Federally Secured and Protected Constitutional Rights, Const. Amend. 1, 4, 5, 8, 14 § 1, of Due Process and Equal Protection of the Law. | $10,000,000.00 |
| **Total Punitive Damages** | **$10,000,000.00** |

Table 3 Punitive Relief

### f) Total Relief

| Total Relief | |
|---|---|
| **Total Damages** | **$15,000,000.00** |

Table 4 Total Relief

Dated This Tuesday, September 5, 2006

By: *[signature]*

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

## B. DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury that the foregoing [Damages] are true and correct. 28 U.S.C. § 1746; 18 U.S.C. §§ 1621, et seq.

Dated This Tuesday, September 5, 2006

By: _____
Donald V. Williams

Summary of DAMAGES - 5