## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**DONALD WILLIAMS,**

      Plaintiff,

v

**GRAND RAPIDS PUBLIC LIBRARY,**

      Defendant.

Case No. 1:06-CV-0635

Hon. Robert Holmes Bell
Chief, U.S. District Judge

/

---

| | |
|---|---|
| **DONALD WILLIAMS**<br>44 ½ S. Division., Apt. 37<br>Grand Rapids, MI 49503 | **DANIEL A. OPHOFF (P23819)**<br>Assistant City Attorney<br>Attorney for Defendant<br>300 Monroe Ave., NW, Suite 620<br>Grand Rapids, MI 49503<br>(616) 456-4023 |

/

---

## ANSWER TO AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

### I.  FIRST AMENDED COMPLAINT

#### *A.    JURISDICTION*

##### a)      The Plaintiff

1.      The Plaintiff is Donald Williams, a citizen of the United States, born at Saint

Mary's Hospital, Grand Rapids, Ml., June 15, 1956, and resides at 44 *V\** S.

Division St., SE., Apt, 37, Grand Rapids, Ml., 49503.

**1-ANSWER:      Defendant Grand Rapids Public Library (GRPL) lacks sufficient
information to form a response to these allegations and therefore
enters a general denial and leaves Plaintiff to his proofs.**

2.      The Plaintiff brings this action pursuant Title 28 U.S.C.A. § 1331, 1332, 1343;

Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42

U.S.C.A. § 2000a, 2000a (d), 2000d; MCL 600.2907.

Dockets.Justia.com

**2-ANSWER:**      **These allegations assert a legal conclusion which requires no responsive pleading.**

        **b)      The Defendant**

1.      The Defendant is Grand Rapids Public Library, 111 Library Street N.E, Grand

Rapids Ml., 49503.

**3-ANSWER:**      **Defendant GRPL generally admits the allegations contained in this complaint paragraph.  Defendant GRPL further states that it is a charter created entity of the City of Grand Rapids.**

        **c)      Jurisdiction Of The Court**

1.      The district courts shall have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States. The district courts shall

have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000 and is between citizens of a state. The

district courts shall have original jurisdiction of any civil action authorized by law

to be commenced by any person. Title 28 U.S.C.A. § 1331,1332, 1343.

**4-ANSWER:**      **These allegations assert a legal conclusion which requires no responsive pleading.**

2.      This courts jurisdiction is invoked by Plaintiff under the Civil Rights Act, 42 U.S.C.

§ 1983. Plaintiff under the Civil Rights Act invokes this courts jurisdiction, Title 28

U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const

Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C A § 2000a, 2000a (d), 2000d; MCL 600.2907.

This Court has jurisdiction of this action pursuant to Title 28 U.S.C.A. § 1331,

1332, 1343; Title 42 U.S.CA § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8,

14 § 1; 42 U.S.CA. § 2000a, 2000a (d), 2000d; MCL 37.2302, MCL 600.2907.

**5-ANSWER:**      **Defendant GRPL lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs.**

### B.    COMPLAINT

### a)    Complaint

1.    On 9/21/05 at 11:05am I, Plaintiff, walked into the Grand Rapids Public Library, (GRPL), 111 Library Street N.E, Grand Rapids MI., 49503. I went to a table and setup my laptop computer.

**6-ANSWER:    Defendant GRPL asserts that it generally lacks sufficient information to be able to respond to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs. Defendant GRPL admits Plaintiff at some point in time was sitting at a table in the GRPL with a laptop computer on the date referenced in this paragraph of the Plaintiff's complaint.**

2.    About 2:05pm Tim and another employee was talking and I, Plaintiff, overheard Tim say "I'll bet I can catch him."

**7-ANSWER:    Defendant GRPL denies as untrue Plaintiff's assertions that "Tim" ever said "I'll bet I can catch him" on the date and time in question as asserted in this paragraph of the Plaintiff's complaint.**

3.    At 2:15pm I, Plaintiff, viewed a topless picture of Veronica Zemanova and I looked behind me and Tim, Grand Rapids Public Library employee, was standing about 8-15 feet behind me from where I was sitting who then walked up from behind me and told me "you can't view that in here."

> From behind me, Tim was looking over my shoulder watching and viewing what I was doing on my laptop computer about 8-15 feet away from where I was sitting. I caught Tim Invading My Privacy - INVASION OF PRIVACY.

I told Tim "I'm not on the internet, this picture is on my personal computer." Tim said, "I don't care, you can't view that in a public place. I'm going to have to ask you to leave. Close it up (the laptop) you're done." After I packed up my laptop computer I walked over to the Reference Desk where Tim was and I asked him his name. He said, "Tim." I said, Tim what?" He said, "Just Tim." I said, "Over at

3

the table you said I was done. What did you mean? I'm ban, barred, form the Library permanently or what?"   Tim said, "No, your just ban, barred, from the library for the day." I, Plaintiff, left the library.

**8-ANSWER:**   **Defendant GRPL asserts that it generally lacks sufficient information to be able to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs. Defendant GRPL denies that Plaintiff was viewing a partially nude picture of a female but was viewing an image of a fully nude female performing a sexual act upon herself. Defendant GRPL admits that the Plaintiff was asked to leave the main library branch premises on the date asserted for the remainder of the day (approximately 3 hours). Defendant GRPL affirmatively asserts that Plaintiff argued with the GRPL employee about his right to view internet pornography in the Public Library and was thereafter asked to leave because he refused to reasonably comply with Library rules concerning creating disturbances.**

4.     At 5:45pm I, Plaintiff, went back to the library because I wanted to file a complaint where Tim was now at the Information Desk, entrance to the library. And, I asked him, Tim, for a complaint form. Tim said "we don't have a complaint form. All we have is a suggestion form. You could talk to my supervisor or manager of the Library on the 4th floor." I went to the 4th floor and talked with Mr. Baldridge, assistant director. I told Mr Baldridge that "I viewed a topless woman on my laptop computer and Tim told me to leave the library for the day." Mr Baldridge said, "It's our policy not to allow the viewing of nudity in the library". I said "I was not viewing the picture on the internet. The picture is on my personal computer." Mr Baldridge said, "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." I asked Mr Baldridge "Was Tim authorized to tell me to leave the library for the day for viewing a topless woman on my personal computer." Mr Baldridge said "Yes, Tim

4

was authorized to tell you to leave the library for the day." I asked Mr Baldridge, "Wouldn't it have been more appropriate for Tim to have informed me of your policy and asked me to stop viewing the picture. And, mat if I continued to view the picture that t would then be told to leave the library for the day. Rather, than just telling me to leave the library for the day." Mr Baldridge said "That is something I'll take into consideration." (Mr Baldridge gave me, Plaintiff, the impression that he, Mr Baldridge, was the policy making official). I said to Mr Baldridge "I would like to file a complaint, but, Tim told me you do not have a complaint form." Mr Baldridge said "That is correct. We do not have a complaint form, but a suggestion form. You could write a complaint onto that." I, Plaintiff, thanked Mr Baldridge for his time, leaving the 4th floor, and searched the library for signs prohibiting the viewing of pornography in the library. I, Plaintiff, found no signs prohibiting the viewing of pornography in the library and left the building, the Grand Rapids Public Library. From 9/21/05 to the filing of this complaint I, Plaintiff, have not seen a sign in the Grand Rapids Public Library prohibiting the viewing of pornography in the Grand Rapids Public Library. (See Exhibit 1 - Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this First Amended Complaint).

**9-ANSWER:** **Defendant GRPL asserts that it generally lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs. Defendants deny Plaintiff stated he viewed a partially nude woman and that Bill Baldridge told him the Public Library disallowed viewing nudity. Defendant denies Plaintiff's claim that he was not viewing an image on the internet. Defendant asserts that Plaintiff's claim was only that he could view what he wanted in the Public Library. Defendants further deny Plaintiff asked if a warning was an appropriate first step to his violation of Library rules and affirmatively assert that Plaintiff at all times simply stated his right to view what he wanted in the Public Library.**

5

> **Defendant GRPL admits it has no specific form designated "complaint form" and admits that it prohibits public viewing internet pornographic images in the public library and further admits that "Tim" and William Baldridge are authorized to ask patrons to leave the GRPL premises for violation of patron conduct and internet use policies of the GRPL. Defendant GRPL affirmatively asserts that Plaintiff did file a complaint which was received approximately one year after the incident referenced in this complaint.**

5.      One or two weeks later (after 9/21/05) I, Plaintiff, went to the Grand Rapids Public Library and setup my laptop computer and Tim walked up to me (out of the clear blue sky for no apparent reason) and asked me "Is there anything I can do for you." I just shook my head no, because, I had not asked for any assistance. But Tim, was trying to intimidate a 50 year old, full grown and mature, man. Because, I had already talked with Mr. Baldridge, assistant director, who affirmed Tim was authorized to bar, ban, me, Plaintiff, from the library and Tim knew it. Tim was further harassing me, Plaintiff, for the incident on 9/21/05. At the time of this incident Tim's attitude was menacing. This indicated to me, Plaintiff, that <u>Tim is racist</u>, discriminative against minorities, black people.

**10-ANSWER**:    **Defendant GRPL denies the factual allegations contained in this paragraph of the Plaintiff's complaint as untrue.**

### b)      Unconstitutional Application Of Law

1.      The allegation and evidence clearly demonstrates that Defendant dose not have a form of redress for Plaintiff to challenge Defendant's unconstitutional custom or policy of deprivation of Plaintiffs Civil Rights to public library facilities. Defendant not only affirmatively formulated an unconstitutional custom or policy which deprives Plaintiff Civil Rights to public library facilities. But, Defendant also applies that unconstitutional custom or policy in circumventing, depriving, Plaintiffs Civil Rights. Defendant's assistant director and policy making official,

Mr. Baldridge, implicitly authorized and approved a custom or policy that abridges Plaintiff Civil Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim. (See Exhibit 1 - Suggestion Form and Exhibit 2 - Affidavit Of Donald Williams attached hereto and made a part of this First Amended Complaint).

**11-ANSWER:    Defendant GRPL denies as untrue the Plaintiff's conclusory assertions of unconstitutional custom or policy which deprived Plaintiff of any of his civil rights.**

2.    Consequently, Plaintiff was denied access and use of public library facilities by Defendants custom or policy to ban, bar, Plaintiff from public library facilities for viewing a nude picture. Defendant thereby, depriving Plaintiffs Civil Rights to the First, Fourth, Fifth, Eight and Fourteenth Amendment of the Constitution of the United States by persons clothed with the authority of state or local government proporting to act thereunder by the exercise of power without reasonable justification in any service of a legitimate governmental objective. The Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities

**12-ANSWER:    Defendant GRPL denies as untrue the Plaintiff's conclusory assertions of unconstitutional custom or policy which deprived Plaintiff of any of his civil rights.**

3.    The offending employee Tim conduct in both instances where acts of malicious disregard of Plaintiff Civil Rights with a willful, intentional and spiteful purpose to vex and trouble Plaintiff particularly in subverting, circumventing, processes of law.

**13-ANSWER:    Defendant GRPL denies the factual allegations contained in this paragraph of the Plaintiff's complaint as untrue.**

### C.    EXHAUSTION OF STATE REMEDY

1.    On 09/21/05 at 5:45pm I, Plaintiff, went to the 4* floor and talked with Mr.

Baldridge, Assistant Director of Grand Rapids Public Library. Mr. Baldridge said

"That is correct. We do not have a complaint form, but a suggestion form. You

could write a complaint onto that." (See Exhibit 1 - Suggestion Form and Exhibit

2 - Affidavit Of Donald Williams attached hereto and made a part of this First

Amended Complaint).

**14-ANSWER:    Defendant GRPL lacks sufficient information to form a response to these allegations and therefore enters a general denial and leaves Plaintiff to his proofs.    Defendant GRPL affirmatively asserts Plaintiff did return to the GRPL main branch library to file a complaint after he was asked to leave for violation of library policy.**

### D.    CLAIM

1.    Plaintiff claims Defendant's preference, ordinance, regulation, custom, policy,

procedure, and actions of banning, baring, Plaintiff from public library facilities for

viewing a nude picture purposefully, willfully and intentionally deprives Plaintiff

Federally Secured and Protected Fourteenth Amendment Constitutional Right of

due process and equal protection of the law to access public library facilities.

Defendant thereby subjecting Plaintiff to the deprivation of rights, privileges,

immunities, goods, services, facilities, advantages and accommodations to public

library facilities by persons clothed with the authority of stele and local

government proporting to act under color of law, statute, ordinance, regulation;

custom, policy or usage.

**15-ANSWER:    Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

8

2.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to racial discrimination from public library facilities on grounds of race or color by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby excluded Plaintiff from participation in and denied Plaintiff benefits of and subjected Plaintiff to racial discrimination under programs or activities receiving Federal financial assistance. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

**16-ANSWER:    Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

3.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to segregation from public library facilities on grounds of race or color and under color of law, statute, ordinance, regulation; custom, policy or usage by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby excluded Plaintiff from participation in and denied Plaintiff benefits of and subjected Plaintiff to segregation under programs or activities receiving Federal financial assistance. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by

persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

**17-ANSWER:**    **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

4.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to unreasonable search and invasion of privacy in unreasonably searching Plaintiff laptop computer, papers, pictures, and effects without due process and equal protection of the law by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

**18-ANSWER:**    **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

5.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to vexation and trouble by malicious and willful disregard of Plaintiff civil rights by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons dothed

with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

**19-ANSWER:**    **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

6.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff cruel and unusual punishment without due process and equal protection of the law by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage.

**20-ANSWER:**    **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

7.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby subjecting Plaintiff to the deprivation of life and liberty to public library facilities without due process and equal protection of the law by persons clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation; custom, policy or usage. Defendant thereby causing Plaintiff to be subjected to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local

government proporting to act under color of law, statute, ordinance, regulation;

custom, policy or usage.

**21-ANSWER:    Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

8.    Plaintiff incorporates the first, 1, paragraph of this section. Defendant thereby

subjecting Plaintiff to the deprivation of rights, privileges, immunities and

advantages to redress Defendants custom or policy by persons clothed with the

authority of state and local government proporting to act under color of law,

statute, ordinance, regulation; custom, policy or usage where Defendant has no

from of redress.    Defendant thereby causing Plaintiff to be subjected to the

deprivation of rights, privileges, immunities, goods, services, facilities,

advantages and accommodations to public library facilities by persons clothed

with the authority of state and local government proporting to act under color of

law, statute, ordinance, regulation; custom, policy or usage.

**22-ANSWER:    Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

9.    Plaintiff is sheltered by and Defendants custom or policy and conduct violates

Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.CA § 1983; Rev. Stat. § 1979;

Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.CA. § 2000a, 2000a (d), 2000d; MCL

37.2302, MCL 600.2907. Defendant purposefully, willfully and intentionally

caused Plaintiff damage by a custom or policy to ban or bar Plaintiff from public

library facilities for viewing a nude picture by persons clothed with the authority of

state and local government proporting to act under color of law, statute,

ordinance, regulation; custom, policy or usage by an affirmative abuse of power

without reasonable justification in any service of a legitimate governmental objective.

**23-ANSWER:**    **Defendant GRPL denies as untrue the allegations that Plaintiff's civil rights have been unconstitutionally abrogated by custom or policy of the GRPL.**

10.    Wherefore, Plaintiff prays this Court enter an order of judgment against Defendant for Injunctive Relief, Compensatory Relief, Mental and Emotional Anguish Relief, Punitive Relief and any other relief this Court sees necessary. (See Exhibit 3 - Damages attached hereto and made a part of this First Amended Complaint).

**24-ANSWER:**    **WHEREFORE, Defendant GRPL respectfully requests this Honorable Court dismiss Plaintiff's complaint in its entirety and enter judgment in favor of Defendant along with award of costs and fees as permitted by law.**

11.    Plaintiff demands trial by jury.

**25-ANSWER:**    **Defendant GRPL asserts no response is required to this paragraph of the Plaintiff's complaint.**

### E.    EFFORT TO COMPLY WITH LCIVR 7.1(d)

1.    Plaintiff would show the Court Plaintiff conforms with and to this Courts order for hearing conducted on February 14, 2007 that Plaintiff File "First Amended Complaint" conforming to FRCP Rule 8(a) and not contain Argument or citation of cases.

**26-ANSWER:**    **Defendant GRPL asserts no response is required to this paragraph of the Plaintiff's complaint.**

2.    Plaintiff would show the Court at hearing conducted on February 14, 2007 this Court ORDED Plaintiff to call Mr. Ophoff. The Plaintiff by his financial statement to the Court can not call Mr. Ophoff as Plaintiff has no telephone nor financially capable. Mr. Ophoff in formed Plaintiff by letter not to come to his office without

first being invited on specific date, time and location. Plaintiff communicated and

sent Mr. Ophoff by US mail Plaintiffs "First Amended Complaint for Mr. Ophoff

acquiescence on Tuesday, February 20, 2007 and requested response as soon

as possible, by Friday, February 23, 2007.

**27-ANSWER**: **Defendant GRPL asserts no response is required to this paragraph of the Plaintiff's complaint.**

3.    Plaintiff would show the Court Plaintiff had this courts leave (see this courts case

management order) and consent of the adverse Party (see Joint Status Report)

to file Plaintiffs "Motion To Amend Pleadings". Plaintiff would show the Court

Plaintiff mailed Mr. Ophoff a letter hoping Mr. Ophoff would not object to Plaintiffs

Motion For Settlement Conference, acquiescence.

**28-ANSWER**: **Defendant GRPL asserts no response is required to this paragraph of the Plaintiff's complaint.**

4.    Plaintiff would show the Court, in good faith, Defendant will object to Plaintiffs

"First Amended Complaint.

**29-ANSWER**: **Defendant GRPL asserts no response is required to this paragraph of the Plaintiff's complaint.**

                                        Respectfully submitted,


Dated:  March 9, 2007                    By: _Daniel A. Ophoff_____
                                            **DANIEL A. OPHOFF (P23819)**
                                            Assistant City Attorney
                                            *Attorney for*
                                            *Business Address:*
                                            300 Monroe Ave., NW
                                            Grand Rapids, MI  49503
                                            (616) 456-4023

## AFFIRMATIVE DEFENSES

Defendant Grand Rapids Public Library by and through its counsel of record,

Daniel A. Ophoff, Assistant City Attorney hereby asserts the following Affirmative

Defenses to Plaintiff's complaint.

1.      This Court lacks jurisdiction over this matter as asserted by Plaintiff.

2.      That Plaintiff has failed to state a claim upon which relief may be granted.

3.      That Plaintiff's claim is barred by immunity granted by law specifically

Michigan's Governmental Immunity Act, MCL 691.1401, *et seq.* as Defendant was

engaged in the exercise or discharge of a governmental function.

4.      That Plaintiff has failed to state a claim of avoidance of governmental

immunity as granted by MCL 691.1401 *et seq.*

5.      That Plaintiff has failed to state a claim under 42 U.S.C. § 1983 as he has

failed to allege any factual basis for his claim that Defendant GRPL acted under color of

state law to deprive him of any right guaranteed by the Constitution or laws of the

United States.

6.      That Plaintiff has failed to assert a custom or policy that has deprived

Plaintiff of any right guaranteed by the Constitution or laws of the United States.

7.      That Plaintiff has failed to state a claim against Defendant GRPL under

U.S. Constitution Am. I, as he has failed to allege any factual basis for his assertion that

Defendant GRPL acted under color of law to deprive him of his right to free speech, free

exercise or establishment of religion, to peaceably assembly, or petition the government

for redress of grievances.

8.      That Plaintiff has failed to state a claim under U.S. Constitution Am. V as

he has failed to allege any factual basis for his assertion that Defendant GRPL acted

under color of law to deprive him of life, liberty or property without due process of law.

        9.      That some or all of Plaintiff's claims are barred by applicable statute of

limitations.

        10.     That Defendant GRPL reserves the right to amend its affirmative defenses

as indicated and dictated by development of the facts during discovery.

        **WHEREFORE**, Defendant GRPL respectfully requests this Honorable Court

dismiss Plaintiff's complaint in its entirety and enter judgment in favor of Defendant

along with award of costs and fees as permitted by law.

                                            **CITY OF GRAND RAPIDS,**
                                          a Michigan municipal corporation

Dated:  March 9, 2007                    By: /s/ Daniel A. Ophoff
                                        **DANIEL A. OPHOFF (P23819)**
                                        Assistant City Attorney
                                        *Attorney for Defendant GRPL*
                                *Business Address:*
                                          300 Monroe Ave., NW
                                          Grand Rapids, MI  49503
                                          (616) 456-4023

Y:\SHELLEY\Williams, Donald\CORRESPONDENCE & DOCUMENTS\Answer to Amended Complaint.doc

16