DONALD WILLIAMS

V

GRAND RAPIDS PUBLIC LIBRARY

File No. 1:06-cv-0635

# EXHIBIT A

## to

*BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
UNDER AUTHORITY OF FED.R.CIV.P. 56(b)(c)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONALD WILLIAMS,**

    Plaintiff,

v

**GRAND RAPIDS PUBLIC LIBRARY,**

    Defendant.
_____/

Case No. 1:06-CV-0635

Hon. Robert Holmes Bell
Chief, U.S. District Judge

| | |
|---|---|
| **DONALD WILLIAMS**<br>44 ½ S. Division., Apt. 37<br>Grand Rapids, MI 49503 | **DANIEL A. OPHOFF (P23819)**<br>Assistant City Attorney<br>Attorney for Defendant<br>300 Monroe Ave., NW, Suite 620<br>Grand Rapids, MI 49503<br>(616) 456-4023 |

_____/

## AFFIDAVIT OF TIM GLEISNER

State of Michigan    }
                             }ss.
County of Kent      }

    Tim Gleisner, whose business address is 111 Library St., NE, Grand Rapids, MI 49503, after being duly sworn, deposes and says as follows:

    1.    That he is and at all times material to the referenced action, has been employed by the Grand Rapids Public Library as a manager in the reference adult services department and has knowledge of certain facts and circumstances relating to the above-captioned matter and if called would testify under oath in this matter as follows:

    2.    That affiant is familiar with the Plaintiff in this matter and recognizes him as a frequent user of the research resources of the Grand Rapids Public Library.

3. That prior to September 21, 2005 affiant had no occasion to speak with Plaintiff about any violation of Grand Rapids Public Library rules and regulations.

4. That on September 21, 2005 Plaintiff was using the research facilities located at the Grand Rapids Public Library while affiant was performing his assigned duties on the research level of the Grand Rapids Public Library.

5. That affiant noticed Plaintiff enter the Library sometime in the morning and that in the early afternoon on the referenced date affiant was assisting a mother and her young daughter with a particular research request.

6. That prior to assisting these individuals, affiant had no contact with Plaintiff or conversation with anyone about the Plaintiff.

7. That assisting the mother and her young daughter required that affiant pass by the work table which Plaintiff was using.

8. That affiant passed Plaintiff's work table while assisting the mother and her young daughter with their research project, and when completed escorted them using the same route back to the reference desk.

9. That affiant observed pornographic images displayed on Plaintiff's laptop computer as he passed Plaintiff's work table.

10. That affiant observed that Plaintiff was publicly displaying an internet web site banner for "view porn stars.com" and that the image also displayed was a fully nude female image performing a sexual act upon herself.

11. That affiant returned to his work station at the reference desk and after he had completed assisting the mother and her young daughter with their research project he returned to the work table Plaintiff was using.

12. That affiant advised Plaintiff that this type of computer use in the Grand Rapids Public Library was not appropriate.

13. Affiant states that for the next two to three minutes Plaintiff argued in a raised voice with the affiant asserting he had a right to view the images which were displayed on his computer in the Grand Rapids Public Library.

14. That by arguing with affiant in a raised voice for two to three minutes about Plaintiff's right to view internet pornography in the Grand Rapids Public Library Plaintiff created a disturbance in the Grand Rapids Public Library violating Library rules.

15. That affiant asked Plaintiff to leave the Grand Rapids Public Library for the remainder of that day based on Grand Rapids Public Library rules regarding a disturbance in the Library and Plaintiff's refusal to comply with affiant's directive.

16. That affiant did not touch or in any means come in contact with Plaintiff's laptop computer.

17. That Plaintiff was expelled from the Grand Rapids Public Library for approximately 6 hours as the Library was open until 9:00 p.m. on September 21, 2005.

18. That in spite of the fact that Plaintiff was expelled from the Library, Plaintiff returned approximately three hours after his expulsion asking for a complaint form.

19. That affiant advised Plaintiff the Grand Rapids Public Library did not have a specific complaint form but that if that he wanted to file a written complaint on a Library form, he could use the Library suggestion form.

20. That affiant gave Plaintiff the opportunity to raise his complaints verbally with affiant's supervisor.

3

21. That affiant is informed and believes Plaintiff filed a suggestion form complaint approximately one year after September 21, 2005 and immediately prior to filing his complaint in this matter.

FURTHER AFFIANT SAYETH NOT.

By: _____
**TIM GLEISNER**

Subscribed and sworn to before me July 16, 2007.

_____
Shelley L. Lilly, Notary Public
Ottawa County, Michigan
My Commission Expires: 5/21/08
*Acting in Kent County, Michigan*

Y:\SHELLEY\Williams, Donald\CORRESPONDENCE & DOCUMENTS\AFF Tim Gleisner.doc

4