Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**

**Chief United States District Judge**

# *In The United States District Court*
# *For The Western District Of Michigan*

Donald Williams,

   Plaintiff,

  vs.

Grand Rapids Public Library,

   Defendant

)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:06-cv-635

Motion For Summary Judgment

**FILED - GR**
July 12, 2007 9:17 AM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /Wlc /

**COMES NOW,** the Plaintiff Donald Williams, with his dispositive Motion For Summary Judgment.

## I. <u>MOTION FOR SUMMARY JUDGMENT</u>

### *A. BRIEF*

#### 1. Statement Of The Case

1. Plaintiff claims Defendant's process or custom or policy and conduct and actions of banning or barring Plaintiff from public library facilities for viewing a nude picture purposefully, willfully and intentionally deprived Plaintiff Fourteenth Amendment Constitutional Right of due process and equal protection of the law to public library facilities. Defendant thereby subjecting Plaintiff to the deprivation of rights, privileges, immunities, goods, services, facilities, advantages and accommodations to public library facilities by persons clothed with the authority of state and local government proporting to act under color of law, statute,

ordinance, regulation; custom, policy or usage by an affirmative abuse of power without reasonable justification in any service of a legitimate governmental objective. Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a(d), 2000d; MCL 37.2302, MCL 600.2907.

2. The Defendant's implicitly authorized and approved a process or custom or policy that abridges Plaintiff Civil Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim. The offending employees Tim's conduct was racially motivated, willful, intentional and purposeful, with malicious and callous indifference to Plaintiff and to Plaintiffs Civil Rights in both instances, on 09/21/05 and one or two weeks later. Plaintiff claims Grand Rapids Public Library (GRPL), Defendant, thereby causing Plaintiff to be subjected to:

   a) Abridging Plaintiff's Civil Rights to public library by authorizing, approving and adopting a process or custom or policy to ban or bar Plaintiff from public library facilities for viewing a nude picture without reasonable justification in any service of a legitimate governmental objective. Where, Plaintiff is not locked out from public library facilities (Const. Amend. 14 § 1). See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibit 1 and 2.

   b) Defendant invaded the privacy of Plaintiff by unreasonably searching Plaintiff laptop computer, papers, pictures, and effects without due process and equal protection of the law. Plaintiff caught Tim standing behind Plaintiff looking over Plaintiff shoulder watching and viewing what Plaintiff was doing on Plaintiff laptop computer. The offending employee,

**Summary of Motion For Summary Judgment - 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Tim, watched and waited for an opportunity to accuse Plaintiff of some GRPL policy violation (Const. Amend. 4). See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibit 1 and 2.

c) Defendant created a public scene, disturbance, out of the issue of Plaintiff viewing a nude picture. There where three other people in the listening area and a woman passed by during the conversation. Neither was there a sign prohibiting the viewing of pornography in the area (MCL 600.2907). See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibit 1 and 2

d) Defendant harassed Plaintiff to leave the public library for viewing a nude picture. Defendant vexed and troubled Plaintiff by willful, purposeful and intentional racial maliciousness to Plaintiff and callous disregard of Plaintiff Civil Rights to public library facilities. (Const. Amend 14 § 1, MCL 600.2907). Tim said "You can't view that in here. "I don't care, you can't view that in a public place. I'm going to have to ask you to leave. Close it up (the laptop) you're done." Neither was there a sign prohibiting the viewing of pornography in the area See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibit 1, 2, 4, 5 and 6.

e) Defendant segregated Plaintiff from public library facilities for viewing a nude picture. Neither was there a sign prohibiting the viewing of pornography in the area. (42 U.S.C.A. § 2000a, 2000a(d), 2000d; MCL 37.2302). Tim said "You can't view that in here. "I don't care, you can't view that in a public place. I'm going to have to ask you to leave. Close it up (the laptop) you're done." "No, your just ban, barred, from the library for the day." Mr. Baldridge said "It's our policy not to allow the viewing of

**Summary of Motion For Summary Judgment - 3**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

nudity in the library". "We do not allow the viewing of nude pictures in the library at all. Whether, it is in a magazine, on your personal computer or on the internet. We have signs in the library prohibiting the viewing of pornography." "Yes, Tim was authorized to tell you to leave the library for the day." See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibits 1, 2, 4, 5 and 6.

f) Defendant used cruel and unusual punishment without due process and equal protection of the law in disciplining, restricting, segregating or banning or barring Plaintiff from GRPL facilities for viewing a nude picture (Const. Amend 5, Const. Amend 8, MCL 600.2907). See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibits 1 and 2.

g) Defendant deprived Plaintiff of life and liberty to public library facilities without due process and equal protection of the law for viewing a nude picture (Const. Amend 5). See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibit 1 and 2.

h) Defendant's deprived Plaintiff of rights, privileges, immunities and advantages to redress Defendant's process or custom or policy without due process and equal protection of the law (Const. Amend 1). Defendant has no from of redress for deprivation of Civil Rights in being ban, barred, from GRPL facilities for viewing a nude picture. See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibit 1 and 2.

i) Defendant further intimidated Plaintiff one or two weeks later about the original incident on 09/21/05 whose conduct at the time was malicious, spiteful, and callously indifferent to Plaintiff. See Plaintiffs Motion To Amend Pleading and First Amended Complaint.

**Summary of Motion For Summary Judgment - 4**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

j)  Defendant is in violation of Defendants own process or custom or policy where Defendant banned or barred Plaintiff from GRPL for viewing a nude picture in contrast to Defendant allowing similar white situated citizens to view nude pictures in the GRPL (42 U.S.C.A. § 2000a, 2000a(d), 2000d; MCL 37.2302).  See Plaintiff's Exhibit 4 and 5.

k)  Defendant treated Plaintiff differently by banning or barring Plaintiff from GRPL for viewing a nude picture rather than similar in allowing white citizens to view nude pictures in GRPL (42 U.S.C.A. § 2000a, 2000a(d), 2000d; MCL 37.2302).  See Plaintiff's Motion To Amend Pleadings, First Amended Complaint, Exhibits 1, 2, 4 and 5.

l)  Defendant racially discriminated against Plaintiff on grounds of race or color for viewing a nude picture, because, Defendant's process or custom or policy and actions demonstrate malicious and callous indifference both to Plaintiff and to Plaintiff's Civil Rights.  Defendant discussed the issue of catching Plaintiff in violation of GRPL policy with a fellow employee. Defendant sought an occasion against Plaintiff by invading Plaintiff's privacy in standing behind Plaintiff watching and viewing what Plaintiff was doing on Plaintiff's laptop computer.  Defendant was neither considerate nor courteous to Plaintiff in explaining or giving a warning to Plaintiff of GRPL policy (Just Get Out).  Neither was there a sign prohibiting the viewing of pornography in the area.  Defendant segregated Plaintiff from GRPL for viewing a nude picture in violation of Plaintiff's Civil Rights to public facilities.  One or two week later Defendant intimidated Plaintiff about the incident on 09/21/05. Defendant violated Defendants own policy by allowing similar white citizens to view nude pictures in GRPL.

**Summary of Motion For Summary Judgment - 5**

Defendant treated Plaintiff differently rather than similar. Defendants conduct involves "the exercise of power without reasonable or sufficient justification in any service of a legitimate governmental objective." See Plaintiffs Motion To Amend Pleading, First Amended Complaint and Exhibits 1 and 2.

3. Consequently, Plaintiff is sheltered by and Defendant's process or custom or policy and conduct and actions violates Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979; Const. Amend. 1, 4, 5, 8, 14 § 1; 42 U.S.C.A. § 2000a, 2000a(d), 2000d; MCL 37.2302, MCL 600.2907. The Defendant's motivating factor is racial discrimination, segregation and harassment to Plaintiff. Defendant's process or custom or policy and conduct and actions are both malicious and callously indifferent to Plaintiff and to Plaintiff's Civil Rights. Defendant thereby causing Plaintiff to be excluded from participation in and denying Plaintiff benefits of and subjecting Plaintiff to deprivation of rights, racial discrimination, segregation and harassment under programs or activities receiving Federal Financial Assistance. Defendant failed to comply with Title VI of the Civil Rights Act of 1964. See Plaintiff's Motion to Amend Pleadings, First Amended Complaint, Exhibits 1, 2, 3, 4, 5, and 6.

## B. AUTHORITIES

### 1. Affirmative Abuse Of Power

1. Plaintiff established Defendant's actions are pursuant Defendant's process, custom, policy, procedure and conduct of banning, barring, Plaintiff from public library facilities for viewing a nude picture. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibits 1, 2, 3, 4, 5 and 6.

2. Plaintiff has not only shown that Plaintiffs Constitutional Rights have been infringed. But, Plaintiff has also shown that Plaintiff's Constitutional Rights have been infringed "under color of [state] statute, ordinance, regulation, custom, policy or usage" by persons clothed with the authority of state and local government proporting to purposefully, willfully and intentionally act under color of law, statute, ordinance, regulation; custom, policy or usage (Rev. Stat. Sec. 1979).    Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492. Aldridge vs. Mullins, D.C.Tenn.1972 377 F. Supp 850.

3. Plaintiff has also shown Defendant is liable for the acts of Defendant's conduct in a Civil Rights case so long as Defendant's conduct is done under color of law and deprives Plaintiff of a Civil Right (Rev. Stat. Sec. 1979). Aldridge vs. Mullins, D.C.Tenn.1972 377 F. Supp 850.§ 1. Whether or not the conduct of Defendant was authorized or even if it was prescribed by law. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.

4. Plaintiff's liberty interest, ability and opportunity, to access and use GRPL facilities could be characterized as a fundamental right protected by the Fourteenth Amendment as either part of the Plaintiffs right to public library facilities the government is required to protect or as part of Plaintiffs right not to be subjected to punishment without due process. Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991).

5. Plaintiff's ability and opportunity, liberty interest, to access and use public library facilities is a matter of liberty and freedom and is a fundamental right subject to due process and equal protection. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006 (1989). Plaintiff liberty and freedom is infringed and restrained in a manner similar to the restraints on a

1
2
3
4
5
6
7

prisoner's freedom.  Plaintiff was not free to do as Plaintiff pleased when he, Plaintiff, wanted to access and use public library facilities, services and programs (See Plaintiff's Motion To Amend Pleading, First Amended Complaint and Exhibits 1, 2, 4, 5 and 6).  "In substantive due process analysis it is the State's affirmative act of restraining, preventing, or restricting the individual's freedom to act on his own behalf which is the deprivation of the freedom of liberty triggering the protections of the Due Process and Equal Protection Clause."

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

6. Furthermore, substantive due process encompasses, in addition to those rights expressly set forth in the Bill of Rights, "fundamental rights implicit in the concept of ordered liberty, rooted in this Nation's history and tradition[s]."  Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998).  The Sixth Circuit observed that fundamental rights subject to protection from arbitrary governmental action include:  "the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, to terminate one's pregnancy, and possibly the right to refuse unwanted lifesaving medical treatment."  Seal, 229 F.3d at 574-75 (citing Washington v. Glucksberg, 521 U.S. 702, 720, 117 S. Ct. 2258, 2267 (1997)).  Plaintiff was not free to do as Plaintiff pleased when he, Plaintiff, wanted to access and use public library facilities, services and programs.

7. Having concluded that Plaintiff has a fundamental right to public library facilities. The question must be answered as to whether Defendant's actions involve "the exercise of power without reasonable justification in the service of a legitimate governmental objective."  County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

a) The Defendant discussed the issue of catching Plaintiff in some GRPL policy violation with a fellow employee.   See Plaintiff's Motion To Amend Pleadings, Plaintiff's First Amended Complaint and Exhibit 1 and 2.

b) The Defendant stood behind Plaintiff watched and viewed what Plaintiff was doing on Plaintiff's laptop computer waiting and watching for an opportunity to accuse Plaintiff of some GRPL policy violation.   See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibit 1 and 2.

c) The Defendant segregated Plaintiff from the public library by a process or custom or policy of banning or barring Plaintiff from GRPL for viewing a nude picture.   The Defendants conduct and action where malicious to Plaintiff and callously indifferent to Plaintiff's Civil Rights without so much as common courtesy to inform the Plaintiff of GRPL policy or warn Plaintiff that viewing nude pictures in GRPL was prohibited.   Neither was a sign prohibiting the viewing of nudity in the area.    See Plaintiff's Motion To Amend Pleadings, First Amended Complaint. and Exhibits 1, 2, 4, 5 and 6.

d) The Defendant racially discriminated against Plaintiff by a process or custom or policy of banning or barring Plaintiff from GRPL for being a black man who viewed a nude picture.   See Plaintiff's Motion To Amend Pleadings, First Amended Complaint. and Exhibits 1, 2, 4, 5 and 6.

e) Defendant affirmatively and by omission, with regard to Plaintiff's Civil Rights to public facilities authorized, approved and adopted a process

**Summary of Motion For Summary Judgment - 9**

1

2

3

4

5

6

7

or custom or policy that abridges Plaintiff Civil Rights (West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001)) and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982). See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibits 1, 2, 4, 5 and 6.

8

9

10

11

12

f)   Defendant violates the Defendant's own process or custom or policy by banning or barring Plaintiff for viewing a nude picture and allowing the viewing of nude pictures by similar white citizens.   See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibit 4 and 5.

13

14

15

16

17

g)   Defendant treated Plaintiff differently rather than similar by banning or barring Plaintiff for viewing a nude picture and allowing the viewing of nude pictures by similar white citizens.   See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibit 1, 2, 4 and 5.

18

19

20

21

22

h)   Defendant again treated Plaintiff differently rather than similar one or two weeks later by the Defendant creating another incident with the Plaintiff by intimidating the Plaintiff about the incident which previously occurred on 09/21/05.   See Plaintiff's Motion To Amend Pleadings and Plaintiff's First Amended Complaint.

23

24

25

i)   The offending employees Tim's conduct in both instances was racially motivated, willful and intentional, with the purpose of malicious and callous indifference to Plaintiff and to Plaintiffs Civil Rights.   See

**Summary of Motion For Summary Judgment - 10**

1

2

Plaintiff's Motion To Amend Pleadings, First Amended Complaint and
Exhibits 1, 2, 4, 5 and 6.

3

4

5

6

7

8

9

10

11

8. There is no policy preventing Plaintiff from public library facilities where the Plaintiff is not locked out. The Defendant's violates Defendant's own process or custom or policy by allowing the viewing of nude pictures by similar white citizens and banning or barring Plaintiff for viewing a nude picture. Defendant's conduct and action treated Plaintiff differently rather than similar white citizens. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). The Defendant process or custom or policy and conduct and actions are not rationally or substantially related to a legitimate state interest. Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976).

12

13

14

15

16

17

18

19

9. Applying the deliberate indifference standard to the facts of the present case. Defendant's conduct shocks the conscience because Defendant is deliberately malicious to Plaintiff and callously indifferent to Plaintiff's Civil Rights. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. Thus, where there is an opportunity to deliberate, the deliberate indifference standard is appropriate. See id. at 850-52, 118 S. Ct. at 1718-19.

20

21

22

23

24

25

10. Because, the Defendant violates the Defendants own process or custom or policy and because the Defendant's conduct and actions treated Plaintiff differently rather than similar. Defendant's process or custom or policy and conduct and actions is not rationally or substantially related to a legitimate state interest. Defendants process or custom or policy of banning or barring Plaintiff from GRPL for viewing a nude picture involves "the exercise of power without reasonable justification in any service of a legitimate governmental objective."

**Summary of Motion For Summary Judgment - 11**

See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6. See Plaintiff's Exhibits 1, 2, 4, 5 and 6.

11. Defendants process or custom or policy and conduct and actions demonstrates both Defendants maliciousness to Plaintiff by racial discrimination, segregation and harassment of the Plaintiff and Defendants callous indifference to Plaintiff Civil Rights in banning or barring Plaintiff from GRPL for viewing a nude picture. Furthermore, Defendant has no policy for Plaintiff to redress Defendant's unconstitutional application of law where Defendant has no form of redress. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibits 1, 2, 3, 4, 5 and 6.

12. The factual evidence shows that had Defendant adopted and relied upon an accurate rational process or custom or policy Plaintiff would have been treated similar rather than differently and Plaintiff's Civil Rights had not been deprived. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibits 1, 2, 4, 5 and 6.

13. Additionally, this Honorable Court should enter an injunctive order against Defendant and award Plaintiff compensatory and punitive damages against Defendant because Defendant's actions demonstrates both malicious and callous indifference, an evil motive and bad faith intent, both to Plaintiff and to Plaintiff's Civil Rights. See Plaintiff's Exhibit 3. Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640 (1983).

## 2. Matters Of Law

1. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone under §1983 providing redress for "the deprivation of any rights, privileges or

immunities secured by the Constitution and laws" of the United States. Where a claim is grounded on a protection of the Fourteenth Amendment or one of the provisions of the Bill of Rights, the suitability of section 1983 for redress is unlikely to be questioned. 42 U.S.C. § 1997c 457 U.S. at 509.  Daniels v. Williams, 720 F.2nd 792 (4th Cir. 1986). Aff'd, 477 U.S.327 (1986).

2. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone by this section embracing deprivation of both due process of law and equal protection of laws. It contemplates such deprivation through unconstitutional application of law by conspiracy or otherwise and it permits damages, including punitive damages. See Plaintiff's Exhibit 3. Mansell v. Saunder, C.A.Fla.1967, 372 F.2d 573. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.

3. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Plaintiffs complaint states a claim under Rev. Stat. § 1979. To state claim under due process clause, it need not be alleged that purpose of acts complained of was to discriminate between persons or classes of persons. To state claim under statute providing for civil action of deprivation of rights, allegation that act was committed under color of state law is necessary. Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). Under section 1979 unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101, 102, 2L.Ed, 2d 80. A complaint states a claim under section 1979 and the facts alleged show that the Defendant: (1) is acting under color of state or local authority, and (2) subjected the Plaintiff, or caused the Plaintiff to be subjected, to the deprivation of rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of the United States. Marshall v. Sawyer,

**Summary of Motion For Summary Judgment - 13**

1
2

301 F.2d at page 646; Cohen v. Norris, at page 30. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint, Exhibits 1, 2, 3, 4, 5 and 6.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

4. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant is not immune from suit. State and municipal officials whose actions violate constitutional rights are not protected by the states sovereign immunity or by U.S.C.A. Const. Amend 11. Subdivisions of the state, such as counties, and municipalities are not protected by Eleventh Amendment. Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890). The Eleventh Amendment limits the jurisdiction only as to suits against a state[1]. Ybarra v. City of Town of Los Altos Hills, C.A.Cal.1974, 503 F.2d 250. Federal Courts recognize Three exceptions to Eleventh Amendment immunity: (1) waiver/consent by the state, (2) abrogation of immunity by Congress, and (3) prospective injunctive relief pursuant to Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908). Lawson, 211 F.3d at 334-35. The state has no power to impart to Defendant any immunity from responsibility to the supreme authority of the United States. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The doctrine of immunity does not immunize criminal conduct proscribed by an Act of Congress. O'Shea v. Littleton, Ill.1974, 94 S.Ct. 669, 414 U.S. 488, 38 L.Ed 2d 674. Municipalities have no qualified immunity form liability under Section 1983. Owen v. City of Independence, 445 U.S. 622, 655-58 (1980). Public officials are not immune from suit when they transcend their lawful authority by invading constitutional rights. American Federation of State, County, and Municipal Emp., AFL-CIO v. Woodward, C.A.Neb.1969, 406 F.2d 137.

25

---

[1] Suits may be brought by private citizens against counties and municipalities under section 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

Under the fiction Ex parte Young officials may be stripped of their character as agents of the state when they violate federal law. Lawson, 211 F.3d at 334-335. Prospective and declaratory relief against individual state and county officials should not be dismissed.

5. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Plaintiff ability and opportunity to access and use public library facilities is a matter of "liberty interest" and freedom and is a fundamental right subject to due process and equal protection DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006 (1989). Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991). Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998). Seal, 229 F.3d at 574-75 (citing Washington v. Glucksberg, 521 U.S. 702, 720, 117 S. Ct. 2258, 2267 (1997)).

6. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant affirmatively and by omission, with regard to Plaintiff Civil Rights, did formulate, adopt, approve and authorize a process or custom or policy of banning or barring Plaintiff from public library facilities for viewing a nude picture which abridged Plaintiff Civil Rights to public library facilities. See Plaintiff's, Exhibits 1, 2, 3, 4, 5 and 6. West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001).

7. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant implicitly authorized and approved a process or custom or policy which deprives Plaintiff's Civil Rights and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982). See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6.

**Summary of Motion For Summary Judgment - 15**

8. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant violates Defendant's own process or custom or policy by banning or barring Plaintiff for viewing a nude picture and allowing the viewing of nude pictures by similar white situated citizens. See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. The Defendant's motivating factor is racial discrimination, segregation and harassment to Plaintiff.

9. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant treated Plaintiff differently rather than similar white citizens who are allowed to view nude pictures in GRPL by banning or barring Plaintiff for viewing a nude picture. See Plaintiff's Exhibits 4 and 5. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. The Defendant's motivating factor is racial discrimination, segregation and harassment to Plaintiff.

10. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant's actions involve "the exercise of power without reasonable justification in any service of a legitimate governmental objective." County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See id. at 850-52, 118 S. Ct. at 1718-19. See Plaintiff's Exhibits 4 and 5. Defendant's treated Plaintiff differently in banning or barring Plaintiff from GRPL for viewing a nude picture rather than similarly by allowing white citizens to view nude pictures. Defendant's process or custom or policy and conduct and actions can not be

**Summary of Motion For Summary Judgment - 16**

1

2

rationally or substantially related to a legitimate state interest. See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6.

3

4

5

6

7

8

11. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Defendant's process or custom or policy and actions demonstrates malicious and callous indifference both to Plaintiff and to Plaintiff's Civil Rights. Defendant's motivating factor is racial discrimination, segregation and harassment to Plaintiff. See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6. Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640 (1983).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

12. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Plaintiff has shown Defendant violated the equal protection clause. Washington v. Davis, 426 U.S. 229, 239 (1976). Plaintiff has shown direct evidence that (1) Defendant purposefully, willfully and intentionally treated Plaintiff differently by banning or barring Plaintiff for viewing a nude picture because Plaintiff is a black man rather than treating Plaintiff as similarly situated white citizens who are allowed to view nude pictures in GRPL (See Plaintiff Exhibit 4 and 5) (2) Plaintiff belongs to a protected minority group, black minority (3) Plaintiff has right to public library facilities, services and programs (4) Plaintiff was denied the benefits of public library facilities, services and programs (5) Defendant violates Defendants own process or custom or policy (6) similarly white situated citizens are allowed to view nude pictures in GRPL in violation of Defendants process or custom or policy of banning or barring Plaintiff for viewing a nude picture. Lautermilch v. Findlay City Schools, 314 F.3d 271, 275-276 (6th Cir. 2003). McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

25

13. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where Plaintiff has shown Defendant violated the due process clause. Holbrook

v. Pitt, 643 F.2d 1261, 1276-1277 (7th Cir. 1981). Plaintiff has shown that (1) Plaintiff is entitled to public library facilities, services and programs which Defendant denied (2) Defendant used a discriminatory criterion such as race or color (See Plaintiff Exhibits 4 and 5) (3) Defendant precluded Plaintiff from exercising Plaintiff's right to public library facilities, services and programs (4) Defendants process or custom or policy of banning or barring Plaintiff from public library facilities for viewing a nude picture resulted in Plaintiff being deprived the right of liberty interest or due process clause. Davis v. Mansfield Metropolitan Housing Authority, 751 F.2d 180, 184 (6th Cir. 1984). Parate v. Isibor, 868 F.2d 821, 831 (6th Cir. 1989).

14. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone whether or not the conduct of Defendant was authorized or even if it was prescribed by law. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492. Defendant is liable for the consequences of Defendant's acts in a Civil Rights case so long as the conduct of Defendant is done under color of law and deprives a Plaintiff of a Civil Right (Rev. Stat. Sec. 1979). Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibits 1, 2, 3, 4, 5 and 6.

15. Plaintiff Is Entitled To Judgment As A Matter Of Law on the issue of liability alone where the rights of the Plaintiff are clearly established. Defendant is not liable for allegedly violating rights which are not clearly established. Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410-11, 102 S. Ct. 2727 (1982). In Harlow, the United States Supreme Court provided a mechanism by which "insubstantial claims [could be resolved] on summary judgment." Id.

[T]he judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably anticipate subsequent legal developments.

Id. If the right of the Plaintiff is not clearly established, summary judgment for the Defendant is appropriate.

### 3. The Pleadings

1. Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact (FRCP Rule 56(c)). In the circumstances of the present case Defendant has rested upon mere allegations and denials of Plaintiffs' pleadings and has not set forth specific evidence showing that there is a genuine issue for trial. Celtics Corp. v. Catrett, 477 U.S. 317, 325 (1986). Daniel v. Cantrell, 375 F.3d 377, 381 (6th Cir. 2004). FRCP Rule 56(e).

2. Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact under Rev. Stat. § 1979. The facts alleged show that Defendant (1) is clothed with and acting under color of state or local government authority and (2) subjected the plaintiff or caused the plaintiff to be subjected to the deprivation of rights, privileges and immunities secured to the plaintiff by the Constitution and laws of the United States and (3) purported to willfully, intentionally and purposefully deprive Plaintiff's Civil Rights under color of law, statute, ordinance, regulation, custom, policy or usage. See Plaintiff's Exhibit 6(A) Request For Admission No. 1 and Request For Admission No. 8. Marshall v. Sawyer, 301 F.2d (at page 646), Cohen v. Norris, 300 F.2d 24 (9th

Cir. 1962) (at page 30).  Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed, 1495.

3.  Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact of Defendant's officials "implicitly authorizing and approving a process or custom or policy that abridges Plaintiff's Civil Rights and knowingly acquiescing the unconstitutional conduct of the offending employee Tim."  See Plaintiff's Exhibit 6(A) Request For Admission No. 8. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989 (citjng Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir. 1982).

4.  Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact of Defendant violating Defendant's own process or custom or policy of banning or barring Plaintiff for viewing a nude picture by allowing similar white situated citizens to view nude pictures in GRPL.  See Plaintiff's Exhibits 4 and 5. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18.  Id. at 851, 118 S. Ct. at 1719.

5.  Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact of Defendant treating Plaintiff differently by banning or barring Plaintiff for viewing a nude picture rather than similarly allowing white situated citizens to view nude pictures in GRPL.  See Plaintiff's Exhibits 1, 2, 4 and 5. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18.  Id. at 851, 118 S. Ct. at 1719.

6.  Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact of Defendants process or custom or policy and

**Summary of Motion For Summary Judgment - 20**

conduct and actions being reasonably or substantially related to a legitimate governmental objective. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976). See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6.

7. Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact of the Defendants process or custom or policy and conduct and actions involving the "exercise of power without reasonable justification in any service of a legitimate governmental objective." County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See id. at 850-52, 118 S. Ct. at 1718-19.

8. Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no sufficient evidentiary basis not to find Summary Judgment in favor of Plaintiff. Celtics Corp. v. Catrett, 477 U.S. 317, 325 (1986). This Court should determine that Plaintiff can prove facts in support of Plaintiff's claims which would entitle Plaintiff to relief (Rev. Stat. § 1979). See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6. Conly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101, 102, 2L.Ed, 2d 80. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

9. Plaintiff Is Entitled To Judgment As A Matter Of Law where there is no genuine issue as to any material fact. Summary Judgment is properly granted if "the pleadings, depositions, interrogatories, admissions and affidavits if any show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FRCP Rule 56(c).

> Although, there is a genuine issue as to the amount of damages.
> Lambert v. Inryco, 569 F.Supp. 908 (Ok., 1980)).

**Summary of Motion For Summary Judgment - 21**

10. The non-moving party must come forward with evidence that there is a genuine issue of material fact FRCP Rule 56(e). The "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which a jury could reasonably find for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Id., 252. An issue is "genuine" only if there is sufficient evidence favoring the non-moving party upon which a jury could base a verdict for that party. Id., 249-50. If the non-movant's evidence is "colorable, or not significantly probative, summary judgment may be granted. Id. When the non-moving party bears the burden of proof the movant's initial burden can be met simply by pointing the district court to the absence of evidence to support the non-movant's case". Celtics Corp. v. Catrett, 477 U.S. 317, 325 (1986).

11. Plaintiff Is Entitled To Judgment As A Matter Of Law where Plaintiff's evidence is so one-sided that Plaintiff must prevail as a matter of law (See Plaintiff's Exhibits 1, 2, 3, 4, 5 and 6). Plaintiff's evidence is so powerfully overwhelming that no reasonable trier of fact or jury would disbelieve it. Arnett, 281 F.3d at 561. There is no sufficient disagreement to require submission to a jury. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 251-52 (1986).

## C. CONCLUSION

1. A complaint states a claim under Rev. Stat. § 1979 and Defendant is clothed with the authority of state and local government proporting to act under color of law, statute, ordinance, regulation, custom, policy or usage while subjecting the Plaintiff and causing the Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of

1     the United States. Plaintiff has in a light most favorable to Defendant shown

2     Plaintiff is entitled to judgment as a matter of law on the issue of liability alone.

2. The one-sided facts show Defendant's process or custom or policy and conduct and actions involve the "exercise of power without reasonable justification in any service of a legitimate governmental objective." Defendant's arbitrary and capricious process or custom or policy dose not relate to a legitimate governmental objective and Defendants flagrant conduct and actions treated Plaintiff differently rather than similar white citizens.

3. Defendant overwhelmingly failed to comply with Title VI of the Civil Rights Act of 1964 and caused Plaintiff the denial of the full rights and privileges of a place of public accommodation or a place of public use. Defendant thereby caused the Plaintiff to be subjected to deprivation of civil rights, racial discrimination, segregation and harassment.

4. Summary Judgment should be rendered in favor of Plaintiff on the issue of liability alone, because, the evidence is one-sided and so powerfully overwhelming that no trier of fact would reasonably submit it to a jury. Although, there is a genuine issue as to the amount of damages.

**WHEREFORE**, Plaintiff Prays this Honorable Court, GRANT Plaintiffs Motion For Summary Judgment.

### *D. EFFORT TO COMPLY WITH LCIVR 7.1(d)*

1. In an effort to comply Plaintiff would show the Court that this Courts Case Management Order is that All Dispositive Motions are to be filed by July 15, 2007.

**Summary of Motion For Summary Judgment - 23**

2. In an effort to comply Plaintiff would show the Court that Plaintiff requested Mr. Ophoff acquiescence to Plaintiff's "Motion For Summary Judgment" by letter and US mail on Friday, July 6, 2007.

3. In an effort to comply Plaintiff would show the Court that Plaintiff, in good faith, believes that Defendant will object to Plaintiff Motion For Summary Judgment.

Dated This Thursday, July 12, 2007

By: _____

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

### E. CERTIFICATION OF MAILING

I do herby certify that on the ___12___ day of ___July___, ___2007___ I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Thursday, July 12, 2007

By: _____

**Donald V. Williams**

**Summary of Motion For Summary Judgment - 24**