# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DONALD WILLIAMS,**

    Plaintiff,                        Case No. 1:06-CV-0635

v                                        Hon. Robert Holmes Bell
                                         Chief, U.S. District Judge

**GRAND RAPIDS PUBLIC LIBRARY,**

    Defendant.
                                                                                            /

**DONALD WILLIAMS**                          **DANIEL A. OPHOFF (P23819)**
44 ½ S. Division., Apt. 37                       Assistant City Attorney
Grand Rapids, MI  49503                     Attorney for Defendant
                                                      300 Monroe Ave., NW, Suite 620
                                                      Grand Rapids, MI  49503
                                                      (616) 456-4023
                                                                                             /

## REPLY BRIEF ON BEHALF OF DEFENDANT
## GRAND RAPIDS PUBLIC LIBRARY

      The parties to this matter have filed counter summary judgment motions with this Court.  Plaintiff relies on the allegations contained in his amended complaint and the content of his exhibits all of which are attached to his summary judgment motion. Defendant has produced for this Court the deposition of Donald Williams along with the Affidavits of Tim Gleisner and William Baldridge who were at all times material to this complaint employed by the Grand Rapids Public Library.  Defendant asserts Plaintiff's motion for summary judgment is meritless and further that Plaintiff has failed to establish by pleadings or the record the critical elements required for his case. Discovery was closed in this matter and therefore Defendant's summary judgment motion should be granted.

The standard of review for the motions before this Court have been adequately briefed in Defendant's motion for summary judgment. Defendant asserts there is significant doubt that the material facts and the record taken as a whole could ever lead to a judgment for Plaintiff. Further, Defendant asserts Plaintiff has failed to present or offer evidence on critical issues which would be sufficient to allow a reasonable jury to return a verdict for him. Therefore, based on existing case law, Defendant's motion for summary judgment should be granted. *Street v. JC Bradford & Co.,* 886 F.2d 1472 (6th Cir. 1989); *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399 (6th Cir. 1992).

The only new facts presented by the Plaintiff in his motion for summary judgment are found at Exhibit 4 and Exhibit 5 of his motion. Exhibit 4 is a compilation of books with, presumably, copies from those books depicting photographs of human nude forms. The Plaintiff asserts the books listed in Exhibit 4 are available to be checked out at the Grand Rapids Public Library. Exhibit 5 is an affidavit from Plaintiff's employee, Jason Buzzalini which relates that he is a white Native American and was able to check out the books described in Exhibit 4 while using Plaintiff's library card. These exhibits are offered by Plaintiff to show racially discriminatory practices on the part of the Defendant. Plaintiff asserts that if a white Native American is able to check out books with human nude forms and an African American is not able to view what he wants on his own computer, racial discrimination must exist.

The new facts raised in Exhibit 4 and Exhibit 5 of Plaintiff's motion for summary judgment are insufficient to rescue his otherwise deficient cause of action. The affidavit of Mr. Williams' employee and the actions of Mr. Williams which resulted in his removal from the Library represent different circumstances. Mr. Buzzalini checked out books

2

that had human nude forms in them while Mr. Williams, was by his pleadings, publicly viewing material downloaded from a pornographic internet site. The internal differences in circumstances between the situation described in Mr. Buzzalini's affidavit and those set out in Plaintiff's complaint render Plaintiff's Exhibits 4 and 5 worthless and essentially non-persuasive.

Further, Exhibits 4 and 5 do not advance Mr. Williams claims of racial discrimination. Racial animus or discriminatory practices must be based on more than what has been demonstrated by Plaintiff. The mere fact that Mr. Buzzalini was able to check out books without more does not suggest that Mr. Williams would not have been able to check out the same books. Further, Mr. Williams has not asserted or demonstrated that a white Native American would be able to publicly view internet pornography at the Grand Rapids Public Library.

Exhibits 4 and 5 to Plaintiff's summary judgment motion offer nothing to support or substantiate his assertions of constitutional violations or racial discrimination. Defendant argues that a reasonable jury presented with all of the facts found in the pleadings in the record before the Court could not conclude that Plaintiff would ever prove his claims. The period for discovery is complete. Plaintiff has not offered sufficient facts to even minimally support his claim.

## **CONCLUSION**

Defendant Grand Rapids Public Library asserts that the facts set out in Plaintiff's claims are legally insufficient and Defendant's motion for summary judgment should be granted. Similarly, Plaintiff's motion for summary judgment which requires a higher standard of proof obviously must be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  August 16, 2007 | By: /s/ Daniel A. Ophoff<br>**DANIEL A. OPHOFF (P23819)**<br>Assistant City Attorney<br>*Attorney for Defendant*<br>*Business Address:*<br>300 Monroe Ave., NW<br>Grand Rapids, MI  49503<br>(616) 456-4023 |

Y:\SHELLEY\Williams, Donald\CORRESPONDENCE & DOCUMENTS\BRF Reply to Pls' SJ Motion 8-16-07.doc