Donald Williams
44 1/2 S. Division Apt., 37
Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**

**Chief United States District Judge**

Joseph G. Scoville
U.S. Magistrate Judge

# *In The United States District Court*
# *For The Western District Of Michigan*

Donald Williams,                                    )    Case No.: 1:06-cv-635
                                                    )
          Plaintiff,                          )    Opposition To Defendants Motion For
                                                    )    Summary Judgment
     vs.                                     )
                                                    )
Grand Rapids Public Library,                        )
                                                    )
          Defendant                           )
_____ )

**FILED - GR**
August 21, 2007 9:10 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____ /_____

**COMES NOW,** the Plaintiff Donald Williams, with his Opposition To Defendants Motion

For Summary Judgment.

## I. <u>OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT</u>

### *A. STATEMENT OF THE CASE*

1. Plaintiff filed violations of constitutional rights based on Defendant's conduct and

actions involving two incidents.  Plaintiff asserted Defendant's process or custom

or policy of banning or barring Plaintiff from Grand Rapids Public Library (GRPL)

for viewing a nude picture is deprivation of Plaintiff's Civil Rights and Defendant's

malicious conduct and callous actions are racial discrimination, segregation and

harassment.    See Plaintiff Complaint, Motion To Amend Pleadings, First

Amended Complaint, Motion For Summary Judgment and Exhibits 1 through 6.

2. Plaintiff asserted Defendant racially segregated Plaintiff from GRPL for viewing a single nude picture with no interned or website markings where similar "White Citizens" are allowed to view pornography in GRPL. Plaintiff asserted violations of the First, Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States with Federal Law violations of racial discrimination (42 U.S.C.A. § 2000a, 2000a (d), 2000d), segregation (42 U.S.C.A. § 2000a, 2000a (d), 2000d) (MCL 37.2302) and harassment (MCL 600.2907). See Plaintiff Complaint, Motion To Amend Pleadings, First Amended Complaint, Motion For Summary Judgment, Exhibits 1 through 6.

## B. FACTUAL SUMMARY

1. Plaintiff's segregation was over viewing a single half nude picture with no internet or website markings for about five seconds at about 2:15 pm not 2:05 pm. (See Plaintiff's Complaint (B)(a)(1), Motion To Amend Pleadings(B)(a)(3) and First Amended Complaint (B)(a)(3), Affidavit Of Donald Williams (A)(1) first sentence and Williams Dep. pg. 82-85, 108, 122-123).

2. Plaintiff has stated under penalty of perjury that no other conversation transpired (See Williams Dep., pg. 81-86, 95, 97-103, 108) and Plaintiff dose not have wireless internet and was not connected to the internet at the time of the incident (See Williams Dep., pg. 73,75, 77, 79, 82, 97). Plaintiff did not argue but cooperated with Tim as instructed and left GRPL for viewing a nude picture. See Plaintiff's Complaint (B)(a)(1), Motion To Amend Pleadings (B)(a)(3) and First Amended Complaint (B)(a)(3), Exhibit 1 last paragraph and Exhibit 2(A)(1) and Williams Dep., pg 82-85, 108, 122-123.

3.  There is no statement in Tim Gleisner Affidavit that Tim asked or told Plaintiff to turn off his laptop computer (See Defendant's Motion For Summary Judgment pg. 2, 2nd paragraph, 3rd sentence and Tim Gleisner Affidavit). Tim immediately ban or barred Plaintiff at the time of the incident and this is the reason there was no argument because Plaintiff immediately packed up his laptop computer and proceeded to leave and asked Tim his name. (See Plaintiff's Complaint (B)(a)(1), Motion To Amend Pleadings(B)(a)(3), First Amended Complaint(B)(a)(3) and Williams Dep., pg. 79-81).

4.  Defendant statement that Plaintiff was less interested in redressing his complaint is presumptuous (See Defendant Motion For Summary Judgment pg. 3). (See Plaintiff's Complaint (B)(a)(2), Motion To Amend Pleadings (B)(a)(4), First Amended Complaint (B)(a)(4), Exhibit 1, 3rd and last paragraphs and Williams Dep., pg. 89-90).

5.  Defendant asserts William Baldridge spoke to Plaintiff on September 15, 2005 (See Defendant's Motion For Summary Judgment pg. 3, 2nd paragraph, 1st sentence). Plaintiff spoke with Mr. Baldridge on September 21, 2005 (See Plaintiff's Complaint, Motion To Amend Pleadings, First Amended Complaint and Exhibits 1 and 2).

6.  Just what does all Defendant's assertions mean? (See Defendant's Motion For Summary Judgment pg. 3 and 4). Is Defendant asserting that Plaintiff was or is precluded from filing deprivation of Civil Rights and violations of Federal Law against Defendant because of Plaintiff's previously filed litigation or Plaintiff's employment status (42 U.S.C. Sec. 1983)? At the time of the incident Plaintiff cooperated with Defendant's instructions to leave GRPL and procedure in filing a "Suggestion Form" as a complaint. Furthermore, let the court reflect Plaintiff

**Opposition To Defendants Motion For Summary Judgment - 3**

used a third party person to conduct Plaintiff's discovery. The significance of Plaintiff's action in historical context is Plaintiff has taken a stand against violations of Plaintiff's Civil Rights and being racial discriminated against, harassed and slandered by "White Supremacy Persons, Racists Or Groups." And, whether Plaintiff uses GRPL to do legal research with precision or not Plaintiff has a Civil Right to do so before, during and after this litigation (Const. Amend. 14).

7. Plaintiff informs the court that Plaintiff had to warn defense counsel Mr. Ophoff not to intimidate Plaintiff for release forms in Plaintiff's deposition (See Williams Dep., pg. 6-7, 28). Because, Plaintiff had answered Mr. Ophoff's question and it was Plaintiff's Civil Right (14th Amendment) to deny Mr. Ophoff release forms. Furthermore, Plaintiff has a Civil Right to file a complaint with Defendant (Not A Suggestion Form from which no response would be replied, Const. Amend. 1) and to expect a reply! From Defendant's assertions the Plaintiff is not entitled to a response from Defendant's "Suggestion Form" or a resolution of differences or to redress deprivation of Civil Rights and violations of Federal Laws by "White Supremacy Racist Persons Or Groups." (42 U.S.C. Sec. 1983, Const. Amend 14 Sec. 1).

8. Parties are given power to join claims and parties in a single suit, FRCP Rule 13, 14, 18, 20, 24. They are given latitude to plead all possible claims, FRCP Rule 8(a), 8(e)(2), 11. Pleadings are liberally construed, FRCP Rule 8(f); *Conley v. Gibson,* 355 U.S. 41 (1957). Amendments freely allowed, FRCP Rule 15(a). Even if amendments are not offered the court can treat the pleadings *as though* they had been amended when justice requires (FRCP Rule 15(b)) and may grant parties the relief to which they are entitled even though they never asked for it

**Opposition To Defendants Motion For Summary Judgment - 4**

(FRCP Rule 54(c)). Also, Amended Pleadings relate back to the original, FRCP Rule 15(c)(1)(2).

9. But once the parties have had opportunity to be heard all indulgences comes to an end. Plaintiff had an obligation to Amend his Pleadings and assert his claims where the doctrine of "Res Judicata" guards the doors of re-litigating a complaint! All Plaintiff's pleadings are filed within the scope of FRCP. Furthermore, Plaintiff would have this Court reflect Plaintiff used a third party person to conduct his discovery and discovery did not close until June 15 2007. See Plaintiff's Exhibit 4 and 5. Plaintiff's Amended Pleading relates back to the original (FRCP Rule 15(c)(1)(2)) and in a "motion to dismiss, the material allegations of the complaint are taken as admitted." Walter Process Equipment v. Food Machinery, 382 U.S. 172 (1965).

10. Defendant asserts that Plaintiff computer screen is facing away from Mr. Gleisner (See Defendant's Motion For Summary Judgment and reference Williams Dep., at p. 49). See Plaintiff's Motion To Amend Pleadings (B)(a)(2 and 3), First Amended Complaint (B)(a)(2 and 3) and Affidavit Of Donald Williams (A)(1).

11. Plaintiff will let this court and or the jury draw the conclusion as to what Mr. Gleisner was referencing by the conduct of Defendant violating Defendant's own policy and actions of Defendant treating Plaintiff differently rather than similar. See Plaintiff's Motion For Summary Judgment (B)(1)(7-13) and (B)(2)(12-13) and Exhibits 4 and 5.

12. In Plaintiff's deposition Plaintiff asserted to Mr. Ophoff that Defendant did re-approach Plaintiff the second time and that it did happen under penalty of perjury. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint, Exhibit 2 and Williams Dep., pg. 102 through 104.

**Opposition To Defendants Motion For Summary Judgment - 5**

13. Defendant violates LCivR 7.1 by sending a letter to Magistrate Judge Scoville. Defendant did not seek Plaintiff's acquiescence to Defendant's "Motion For Summary Judgment" in violation of LCivR 7.1(d).   Defendants "Motion For Summary Judgment did not affirmatively state the efforts of the Defendant's compliance with the obligation created by rule LCivR 7.1(d).   Defendant is in violation of FRCP Rule 5(a)(b) where Plaintiff has not received Defendant's Judges Copy sent to Magistrate Judge Scoville.   Furthermore, according to the mandates of Const. Amend. 14 and 42 U.S.C. section 1983 a person's right to good name, reputation, honor & integrity are important and must be protected by courts.  Warren v. National Ass'n of Secondary School Principals, D.C.Tex.1974, 375 F.Supp 1043.    Michigan Penal Code 750.370 Falsely and maliciously accusing another of crime.  Poirer v. Hodges, D.C.Fla.1978, 445 F.Supp 838. Defendant's conduct and actions of slandering Plaintiff by filing Defendants "Motion for Summary Judgment" with no factual evidence or support Plaintiff perjured testimony is criminal.  See Defendant's Proof of Service dated July 16th, letter to Judge Scoville dated July 17th, and Motion For Summary Judgment.  For reasons above Defendant's "Motion for Summary Judgment" should be DENIED (FRCP Rule 11(a)(b)(c)).

## C. LAW AND ARGUMENT

### 1. Summary Judgment Standard

1. FRCP Rule 56(c) In the present case Defendant has rested upon mere allegations and denials of Plaintiffs' pleadings and has not set forth specific evidence showing that there is a genuine issue for trial.  Celtics Corp. v. Catrett,

477 U.S. 317, 325 (1986). Daniel v. Cantrell, 375 F.3d 377, 381 (6th Cir. 2004). FRCP Rule 56(e).

2. There is no genuine issue as to any material fact under Rev. Stat. § 1979. See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibit 1 through 6. Marshall v. Sawyer, 301 F.2d (at page 646), Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962) (at page 30). Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed, 1495.

3. There is no genuine issue as to any material fact Defendant "implicitly authorized and approved a process or custom or policy that abridges Plaintiff's Civil Rights and knowingly acquiesced the unconstitutional conduct of the offending employee Tim." See Plaintiff's Exhibit 1 through 6 and 6(A) Request For Admission No. 8. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989 (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir. 1982).

4. There is no genuine issue as to any material fact Defendant violating Defendant's own process or custom or policy and treating Plaintiff differently rather than similar. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See Plaintiff's Exhibits 1 through 6 and 6(A) Request For Admission No. 8.

5. There is no genuine issue as to any material fact Defendants process or custom or policy and conduct and actions are not rationally or substantially related to a legitimate governmental objective. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976). See Plaintiff's Exhibits 1 through 6.

**Opposition To Defendants Motion For Summary Judgment - 7**

6. There is no genuine issue as to any material fact Defendants process or custom or policy and conduct and actions involve the "exercise of power without reasonable justification in any service of a legitimate governmental objective." County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See id. at 850-52, 118 S. Ct. at 1718-19.

7. There is no genuine issue as to any material fact that Plaintiff can prove facts in support of Plaintiff's claims which would entitle Plaintiff to relief (Rev. Stat. § 1979). See Plaintiff's Exhibits 1 through 6. Conly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101, 102, 2L.Ed, 2d 80. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

8. There is no genuine issue as to any material fact Plaintiff's evidence is one-sided and so powerfully overwhelming that no reasonable trier of fact or jury would disbelieve it. See Plaintiff's Exhibits 1 through 6. Arnett, 281 F.3d at 561. There is no sufficient disagreement to require submission to a jury. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 251-52 (1986).

## 2. 42 U.S.C. § 1983

1. 42 U.S.C. § 1983 embraces deprivation of both due process of law and equal protection of laws. It contemplates such deprivation through unconstitutional application of law by conspiracy or otherwise and it permits damages, including punitive damages. See Plaintiff's Exhibit 3. Mansell v. Saunder, C.A.Fla.1967, 372 F.2d 573. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.

2. Action based on this section providing that every person who under color of any statute, ordinance, etc., of any state or territory subjects any citizen of United

States or other person within jurisdiction thereof to deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to injured party is not limited to due process, but extends also to denial of equal protection. Hoffman v. Halden, C.A.Or.1959, 268 F.2d 280.

3. Defendant's violation of Defendant's own process or custom or policy should be characterized as intentional, unjustified, brutal and offensive to Plaintiff's dignity and violates Plaintiff's Constitutional Right to due process and equal protection. Meredith v. State of Ariz., C.A.Ariz1975, 523 F.2d 481. Defendant violating Defendant's own process or custom or policy and treating Plaintiff differently rather than similar should be characterized as a lack of ascertainable standards which violates Plaintiff's Constitutional Right of due process and equal protection. Barnes v. Merritt, C.A.Ga.1967, 376 F.2d 8. So long as the conduct of Defendant is done under color of law and deprives a Plaintiff of a Civil Right Defendant is liable for the consequences of his acts in a Civil Rights case. Aldridge v. Mullins, D.C.Tenn, 1972, 377 F.Supp 850.

4. Plaintiff's "Liberty Interest" to access and use GRPL facilities should be characterized as a fundamental right protected by the Fourteenth Amendment as part of the Plaintiffs right to public library facilities the government is required to protect and as part of Plaintiffs right not to be subjected to punishment without due process. Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991). Plaintiff's "Liberty Interest" to access and use public library facilities is a matter of "Liberty" and freedom and is a fundamental right subject to due process and equal protection. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006 (1989).

5.  Defendant affirmatively and by omission, with regard to Plaintiff's Civil Rights to public facilities, authorized, approved and adopted a process or custom or policy that abridges Plaintiff Civil Rights (West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001)) and knowingly acquiesced in the unconstitutional conduct of the offending employee, Tim.  See Plaintiff's Motion To Amend Pleadings, First Amended Complaint and Exhibits 1 through 6.  Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982).

6.  "In substantive due process analysis it is the State's affirmative act of restraining, preventing, or restricting the individual's freedom to act on his own behalf which is the deprivation of the freedom of liberty triggering the protections of the Due Process and Equal Protection Clause."  Where Defendant violates Defendant's own process or custom or policy and treats Plaintiff differently rather than similar the Defendant's conduct shocks the conscience because Defendant is deliberately malicious to Plaintiff and callously indifferent to Plaintiff's Civil Rights. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998).  See id. at 846-850, 118 S. Ct. at 1717-18.  Id. at 851, 118 S. Ct. at 1719. Where there is an opportunity to deliberate, the deliberate indifference standard is appropriate.  See id. at 850-52, 118 S. Ct. at 1718-19.  See Plaintiff Exhibits 1 through 6(A) Request For Admission No. 8.

### 3.  Plaintiff's First Amendment Claim

1.  Plaintiff's claims indicate a deprivation of First Amendment Right to redress grievance and to challenge Defendant in having no form of redress.   See Plaintiff's Motion To Amend Pleadings (D)(g) and First Amended Complaint (D)(8).

**Opposition To Defendants Motion For Summary Judgment - 10**

2. From Defendants "Suggestion Form" which Plaintiff filed with Defendant (See Plaintiff's Exhibit 1). Defendant has not responded or replied in an effort to resolve differences to this date. Defendant's "Suggestion Form" is insufficient form of redress for deprivation of Plaintiff's Civil Rights and violations of Federal Laws where Defendant has no formal way to respond and fails to reply by "Suggestion Form".

3. Plaintiff has shown Plaintiff's "Liberty Interest" to access and use public library facilities is a fundamental right subject to due process and equal protection. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006 (1989). See Plaintiff's Motion To Amend Pleading, First Amended Complaint and Exhibits 1 through 6.

4. The Plaintiff has shown Defendant violated the equal protection clause. See Plaintiff Exhibits 1 through 6(A) Request For Admission No. 8, Motion For Summary Judgment (B)(2)(12). Washington v. Davis, 426 U.S. 229, 239 (1976). Lautermilch v. Findlay City Schools, 314 F.3d 271, 275-276 (6th Cir. 2003). McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

5. The Plaintiff has shown Defendant violated the due process clause. See Plaintiff Exhibits 1 through 6(A) Request For Admission No. 8, Motion For Summary Judgment (B)(2)(13). Holbrook v. Pitt, 643 F.2d 1261, 1276-1277 (7th Cir. 1981). Davis v. Mansfield Metropolitan Housing Authority, 751 F.2d 180, 184 (6th Cir. 1984). Parate v. Isibor, 868 F.2d 821, 831 (6th Cir. 1989).

6. The Defendant's actions involve "the exercise of power without reasonable justification in the service of a legitimate governmental objective". See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See Plaintiff's Exhibits

1   1 through 6.  Because Defendant violated Defendant's own process or custom or

2   policy and treated Plaintiff differently rather than similar.

3   7. There has been infringement of rights, subject to due process and equal

4      protection and review under rational basis is inappropriate.    DeShaney v.

5      Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006

6      (1989).  There is no rational basis in Defendant's process or custom or policy of

7      including pornography in Defendant's print collection and deeming it

8      inappropriate for viewing in GRPL (United States v. American Library

9      Association, 539 U.S. 194 (2003)).  Id. at 208.  There is no rational basis in

10     Defendant's process or custom or policy of blocking internet pornography and

11     having and allowing the viewing of pornography in GRPL print collection.  There

12     is no rational basis in Defendant's process or custom or policy of deeming

13     pornography inappropriate for viewing in GRPL and allowing the viewing of

14     pornography by "White Citizens" in GRPL.   There is no rational basis in

15     Defendant process or custom or policy or conduct and actions of treating Plaintiff

16     differently by segregating Plaintiff for viewing a nude picture rather than treating

17     Plaintiff as similar "White Citizens" who are allowed to view pornography in GRPL

18     City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985).  Id., 440.

19     There is no rational basis for the Defendant affirmatively and by omission

20     authorize, approve and adopt a process or custom or policy that abridges Plaintiff

21     Civil Rights (West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St. Edward, 241

22     F.3d 530, 532 (6th Cir. 2001)) and knowingly acquiesced in the unconstitutional

23     malicious and callous conduct of the offending employee, Tim, (Leach v. Shelby

24     County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668

25     F.2d 869, 874 (6th Cir 1982)).  See Plaintiff's Motion For Summary Judgment

**Opposition To Defendants Motion For Summary Judgment - 12**

(B)(1)(7)(a-i) and Exhibits 1 through 6(A) Request For Admission No. 8. It is not rational where Defendants judgments (in allowing "Whites" to view pornography) made for different reasons (of banning or barring "Blacks" for viewing a nude picture) are not made for the same purpose (in prohibiting nudity in GRPL). United States v. American Library Association, 539 U.S. 194 (2003)). Id. at 203, 206, 208. It makes no sense for Defendant to fail to ensure a rational means to further a legitimate governmental interest or objective. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976).

8. Defendant continues to have an obligation and overwhelming failed to comply with Title VI of the Civil Rights Act of 1964 and deprived Plaintiff due process and equal protection of the law (Const. Amend. 14). Even if Defendant's assertion that library rules for internet pornography applied. Defendant overwhelming failed to comply with the equal protection clause of the 14th Amendment and Title VI of the Civil Rights Act of 1964 in violating Defendant's own process or custom or policy of having pornography in GRPL print collections (See United States v. American Library Association, 539 U.S. 194 (2003). See Id. at 208) and deeming pornography inappropriate for viewing while allowing similar "White Citizens" to view pornography in GRPL and banning or barring Plaintiff for viewing a nude picture. Defendant further violated Defendant's process or custom or policy by treating Plaintiff differently by banning or barring Plaintiff for viewing a nude picture rather than treating Plaintiff as similar "White Citizens" who are allow to view and checkout pornography in GRPL (Title VI of the Civil Rights Act of 1964). Defendant deprived Plaintiff due process and equal protection of the law. Const.

Amend. 1, 4, 5, 8, 14, 42 U.S.C.A. § 2000a, 2000a(d), 2000d, MCL 600.2907. See Plaintiff Exhibits 1 through 6.

9. Defendant's process or custom or policy requires the highest scrutiny test because the only sense Defendant's process or custom or policy and conduct and action make is that Defendant is "White Supremacy Racist Persons Or Groups." Defendant's conduct shocks the conscience because Defendant is deliberately malicious to Plaintiff and callously indifferent to Plaintiff's Civil Rights. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See Plaintiff Exhibits 1 through 6(A) Request For Admission No. 8.

10. Under First Amendment analysis Plaintiff has a "Liberty Interest" to protect. Plaintiff has a right to redress and challenge Defendants process or custom or policy of banning or barring Plaintiff from GRPL for viewing a nude picture in the due process and equal protection clause (Const. Amend. 14) which Defendant denied Plaintiff. Plaintiff also had a right to redress violation of Federal Laws which Defendant denied Plaintiff in having no from of redress (Const. Amend. 1). Title VI of the Civil Rights Act of 1964.

### 4. Plaintiff's Due Process Claims

1. Plaintiff facts show a recognized "Liberty Interest" and the abridgement of that right without appropriate process (See Plaintiff's Motion For Summary Judgment (B)(1)(4 – 8 and Exhibits 1 through 6). Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991).

2. Defendant asserts Plaintiff's "Liberty Interest" to access and use GRPL was reconstituted when Plaintiff returned to file a complaint. Plaintiff's return to GRPL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

was nothing more than to file a complaint with Defendant (See Plaintiff's Exhibit 1). After speaking with Mr. Baldridge Plaintiff continued his segregation (See Plaintiff's Motion to Amend Pleadings, First Amended Complaint (B)(a)(4) and Exhibits 1 through 6.

3. The nature of the allegations and claims of Plaintiff concludes the procedural due process Plaintiff was due on September 21, 2005 needed to be extensively formal (See Plaintiff's Motion To Amend Pleadings (D), First Amended Complaint (D). The oral complaint to Assistant Library Director William Baldridge and written "Suggestion Form" for Plaintiff's segregation on September 21, 2005 has not been adequately resolved to this date. Defendant has made a law or prohibited and abridged the right of the Plaintiff to petition the Government for a redress of grievances and to challenge Defendant (Const. Amend. 1). Plaintiff asserts any infringement of Plaintiff's Civil Rights and violation of Federal Laws whether for one hour, six hours, one day or one month is actionable under this section for redress (42 U.S.C. § 1983, Const. Amend. 14, Const. Amend. 1, Williams Dep., pg. 102-104, 108-109, 122-124). The facts show Defendant's "Suggestion Form" is inadequate complaint procedure and Plaintiff was not accorded appropriate process on September 21 2005.

4. Defendant is guilty of an arbitrary and capricious process or custom or policy whose conduct and action and "Suggestion Form" do not relate to a legitimate governmental interest or objective. Seal, 229 F.3d at 574-75 (citing Washington v. Glucksberg, 521 U.S. 702, 720, 117 S. Ct. 2258, 2267 (1997)). Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998). See Plaintiff Exhibits 1 through 6(A) Request For Admission No. 8.

**Opposition To Defendants Motion For Summary Judgment - 15**

5.  Defendant's conduct of violating the Defendant's own process or custom or policy
    is "extremely egregious" and racially prejudicial in treating Plaintiff differently
    rather than as similar "White Citizens. Plaintiff's evidence indicates Defendant is
    guilty of extremely egregious arbitrary and flagrant conduct (See Plaintiff's Motion
    For Summary Judgment (B)(1)(7)(a-i) and Exhibits 1 through 6). There are no
    facts or evidence to suggest Plaintiff manipulated any circumstance. The facts
    and evidence presented to this Court by Plaintiff where all conducted according
    to the statute of limitations of Sec. 1983, the FRCP and Plaintiff's third party
    person.

## 5. Plaintiff's Search and Seizure and Cruel and Unusual Punishment Claims

1.  Plaintiff's search and seizure and cruel and unusual punishment claims are
    supported (See Plaintiff's Motion To Amend Pleadings (D)(c)(e), First Amended
    Complaint (D)(4)(6)) and Exhibits 1 through 6). Plaintiff asserted Tim Gleisner,
    an employee of GRPL, purposefully, willfully and intentionally discussed the issue
    of catching Plaintiff in some GRPL policy violation with a fellow employee. Who,
    Tim Gleisner, then 10 minutes later moved behind Plaintiff and stood watching
    and viewing what Plaintiff was doing on Plaintiff's laptop computer waiting and
    watching for an occasion to accuse Plaintiff of some GRPL policy violation. (See
    Plaintiff's Motion To Amend Pleadings (B)(a)(2-3), First Amended Complaint
    (B)(a)(2-3) and Williams Dep., pg. 61-64).

2.  And, Tim Gleisner, upon seeing a single nude picture displayed on Plaintiff's
    laptop computer for about 5 seconds segregated Plaintiff from GRPL without so
    much as common courtesy or generosity in giving Plaintiff a warning that viewing
    nude pictures was prohibited (Just Get Out Of GRPL). Plaintiff deleted the

**Opposition To Defendants Motion For Summary Judgment - 16**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

picture from his laptop computer almost as fast as the picture could be opened, closed and deleted. Plaintiff asserts that in the circumstances of the incident Tim purposefully, willfully and intentionally intended to ban or bar Plaintiff because Tim knew he was authorized to do so, which is why there was no argument, the Plaintiff had to leave! This is why Tim provokingly re-approached and intimidated Plaintiff one or two weeks later because Tim knew he was authorized to ban or bar Plaintiff. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492. Plaintiff's Amended Complaint relates back to the original FRCP Rule 15(c)(1)(2).

3. The Defendant's racially discriminative conduct takes on meaning in the pattern of Defendant's actions towards Plaintiff. Tim discusses catching Plaintiff with a fellow employee and makes the statement "I'll Bet I Can Catch Him." Tim then seeks an unprovoked occasion against Plaintiff in standing behind Plaintiff watching a viewing what Plaintiff was doing on Plaintiff's laptop computer. Tim's lack of common courtesy or generosity in giving Plaintiff a warning indicates his willful, purposeful intentions in racially discriminating against Plaintiff by banning or barring Plaintiff immediately for viewing a single nude picture for about five seconds. And, one or two weeks later unprovoked Tim Gleisner re-approaches Plaintiff again and provokingly intimidates Plaintiff about the incident which previously occurred on 09/21/05. Tim's racial conduct is reflected in the context Defendant violates Defendant own process or custom or policy of viewing pornography in GRPL. And Defendant knowingly acquiesced in the conduct of Tim. See Plaintiff's Motion To Amend Pleadings (B)(a)(2-5), First Amended Complaint (B)(a)(2-5) and Exhibits 1 through 6.

4. Plaintiff's attempt to discuss the incident with Mr. Baldridge resulted in Mr. Baldridge knowingly acquiescing in the unconstitutional conduct of the offending

**Opposition To Defendants Motion For Summary Judgment - 17**

1    employee Tim.  Mr. Baldridge knowingly condoned the conduct of Tim baring

2    Plaintiff and informed Plaintiff that he, Mr. Baldridge, would take into

3    consideration giving a warning rather than just barring Plaintiff for viewing a nude

4    picture.    See Plaintiff's Complaint (B)(a)(2), Motion To Amend Pleadings

5    (B)(a)(4), First Amended Complaint (B)(a)(4) and Exhibits 1 through 6(A) Request

6    For Admission No. 8.  The flagrant conduct of Defendant lacked all generosity

7    and the only courtesy Defendant gave Plaintiff was a "Suggestion Form" which

8    Defendant knew no response would be replied.

9    5. 42 U.S.C.A. § 1983 provides redress for deprivation of any rights, privileges, or

10   immunities secured by the Constitution and laws of the United States against

11   persons acting under color of any statute, ordinance, regulation, custom, or

12   usage, of any State or Territory or the District of Columbia.

13

14   6. Plaintiff's "Liberty Interest" to access and use public library facilities is a

15   fundamental right subject to due process and equal protection.  DeShaney v.

16   Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006

17   (1989).   Plaintiff's "Liberty Interest" is restrained in a manner similar to the

18   restraints on a prisoner's freedom.  Meredith v. State of Ariz., C.A.Ariz1975, 523

19   F.2d 481.

20   7. Plaintiff's "Liberty Interest" to access and use GRPL facilities should be

21   characterized as a fundamental right protected by the Fourteenth Amendment as

22   part of Plaintiffs right to public library facilities the government is required to

23   protect (from unreasonable searches) and as part of Plaintiffs right not to be

24   subjected to punishment (cruel and unusual punishment) without due process.

25   Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991). See Plaintiff's

     Motion To Amend Pleading, First Amended Complaint and Exhibits 1 through 6.

**Opposition To Defendants Motion For Summary Judgment - 18**

1

## 6. Plaintiff's Racial Discrimination Claims

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

1. Plaintiff racial discrimination claim is based on the Defendant's violating Defendant's process or custom or policy and conduct and actions of the Defendant treating Plaintiff differently rather than similar in two different events. Tim's conduct towards the Plaintiff is deliberate and malicious by Tim's discussion with a fellow employee to catch Plaintiff in some public library policy violation. Tim is willful, intentional and deliberate in standing behind Plaintiff watching, waiting and viewing what Plaintiff was doing on Plaintiff's laptop computer. Upon seeing a single nude picture displayed on Plaintiff's laptop computer for about five seconds. Tim, without common courtesy or generosity to give Plaintiff a warning exercises his authority to segregate Plaintiff from GRPL for viewing a single nude picture for less than five seconds just because he could and was authorized too (there is no sign in the area prohibiting the viewing of nudity). And in the context of one or two weeks later unprovoked Tim Gleisner re-approaches Plaintiff again and intimidates Plaintiff about the incident which previously occurred on 09/21/05.

17
18
19
20
21
22
23

2. Plaintiff's discussion with Mr. Baldridge affirmed the Defendants abridging Plaintiff Civil Rights to public facilities by process or custom or policy of barring Plaintiff for viewing a nude picture and Mr. Baldridge knowingly condoned the conduct of the offending employee Tim. See Plaintiff's Complaint (B)(a)(2), Motion To Amend Pleadings (B)(a)(4), First Amended Complaint (B)(a)(4) and Exhibits 1 through 6(A) Request For Admission No. 8.

24
25

3. Defendant violates Defendant's own process or custom or policy of having pornography in GRPL print collections (See United States v. American Library Association, 539 U.S. 194 (2003). See Id. at 208). Defendant deemed

**Opposition To Defendants Motion For Summary Judgment - 19**

1   pornographic pictures inappropriate for viewing in GRPL but allows similar "White

2   Citizens" to view pornography in GRPL. Defendant treated Plaintiff differently by

3   banning or barring Plaintiff for viewing a nude picture in GRPL rather than

4   treating Plaintiff as similar "White Citizens" who are allowed to view pornography

5   in GRPL. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708,

6   1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at

7   1719. See Plaintiff's Exhibit 1, 2, 4, 5, and 6.

8   4. Defendant affirmatively and by omission, with regard to Plaintiff's Civil Rights to

9      public facilities implicitly authorized, approved and adopted a process or custom

10     or policy of banning or barring Plaintiff for viewing a nude picture that abridges

11     Plaintiff Civil Rights (West v. Atkins, 487 U.S. 42, 48 (1988); Redding v. St.

12     Edward, 241 F.3d 530, 532 (6th Cir. 2001)) and knowingly acquiesced in the

13     unconstitutional conduct of the offending employee, Tim. Leach v. Shelby

14     County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668

15     F.2d 869, 874 (6th Cir 1982). See Plaintiff's Complaint (B)(a)(2), Motion To

16     Amend Pleadings (B)(a)(4), First Amended Complaint (B)(a)(4) and Exhibits 1

17     through 6.

18  5. Defendant's process or custom or policy and conduct and actions are not

19     rationally or substantially related to a legitimate governmental objective. City of

20     New Orleans v. Dukes, 427, U.S. 297, 303 (1976). Id., 440. Defendant

21     purposefully, willfully, intentionally and deliberately racially discriminated against

22     Plaintiff. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985).

23

24  6. It is evident that Defendant's violation of Defendant's process or custom or policy

25     and Defendant's conduct and actions along with Plaintiff's exhibits 1 through 6

       offer factual predicates for deprivation of Plaintiff's Civil Rights and violation of

Federal Laws based on 42 U.S.C. § 1983, 42 U.S.C. § 2000a, 2000a (d), 2000d and MCL 600.2907 under due process and equal protection of the 14th Amendment and Title VI of the Civil Rights act of 1964.

### 7.  Plaintiff Segregation Claim

1. Let the court reflect that there is no genuine issue as to any material fact of Plaintiff's segregation claim and that Plaintiff is entitled to judgment as a matter of law.   See Plaintiff First Amended Complaint (D)(3) and Motion For Summary Judgment.

### 8.  Plaintiff Harassment Claim

1. Let the court reflect that there is no genuine issue as to any material fact of Plaintiff's harassment claim and that Plaintiff is entitled to judgment as a matter of law.   See Plaintiff First Amended Complaint (D)(5) and Motion For Summary Judgment.

### 9.  Objection To Defendant's Answer and Defenses

1. Plaintiff Objects to Defendants Answer and Affirmative Defenses (See Defendant's Answer To Amended Complaint And Affirmative Defenses).  (1) This court has subject matter jurisdiction. Title 28 U.S.C.A. § 1331, 1332, 1343; Title 42 U.S.C.A. § 1983; Rev. Stat. § 1979.   (2) Plaintiff has stated a claim upon which relief can be granted under § 1983 and Rev. Stat. § 1979.  (3) Defendant is not immune from suite.  Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  Lawson, 211 F.3d at 334-335.  (4) Plaintiff has stated a claim upon which relief can be granted under § 1983 and Rev. Stat. § 1979.  (5) Plaintiff has stated a claim upon which relief can be granted under § 1983 and Rev. Stat. § 1979.  (6) Plaintiff has stated a claim upon which relief can be granted under §

1983 and Rev. Stat. § 1979. (7) Plaintiff has stated a claim upon which relief can be granted under § 1983 and Rev. Stat. § 1979. (8) Plaintiff has stated a claim upon which relief can be granted under § 1983 and Rev. Stat. § 1979. (9) The statute of limitations on § 1983 is one year. None of Plaintiff's claims are barred by the statute of limitations in this § 1983 action. See Plaintiffs Complaint, Motion To Amend Pleadings, First Amended Complaint, Motion For Summary Judgment and Exhibits 1 through 6.

## D. CONCLUSION

1. In Conley v. Gibson, 355 U.S. 41 at 48(1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits" FRCP Rule 8(f). Thus, pleading is not to become a decisive trap for the less skilled pro se. The Federal Rules do not require the claimant to detail the facts upon which Plaintiff bases his claim. They only require a "short and plain statement of the claim" that will give fair notice to the Defendant of the claim and the grounds on which it rests. Any further facts needed to define the scope of the claim can be obtained through discovery. Plaintiff's Amended Complaint relates back to the original (FRCP Rule 15(c)(1-2)) and pro-se complaint requires a less stringent reading than one drafted by a lawyer. Puckett v. Cox, (456 F2d 233 (1972 Sixth Circuit USCA).

2. Plaintiff has in no wise manipulated any circumstance or violated any Rule in this litigation. Rule 8(e)(2) allows a party to set forth two or more statements of a claim in the alternative. This assists a Plaintiff who may be genuinely uncertain about what substantive law will apply and what he will have to prove (Rule 18(a)). Rule 8(e)(2) allows a Plaintiff to claim as many separate claims as he has

**Opposition To Defendants Motion For Summary Judgment - 22**

regardless of consistency. Rule 11 requires that the signature constitutes a certification that there is good ground to support it and that it is not interposed for improper purpose.

3. Defense counsel is an attorney who knows what the prerequisites for summary judgment are. He also knows how to attack the credibility of a witness and establish issues of material fact. Defendant's conjecture of Plaintiff history is out of context in relation to Plaintiff's claims. Plaintiff has a right to redress and Defendant has attacked and slandered Plaintiff's credibility in an effort to establish grounds for a dispositive motion for summary judgment.

4. Defendant's sole evidence in support of Defendant's "Defense" is his own conjecture and opinion that "Plaintiff has failed to state a claim upon which relief can be granted" and "Library Rules relating to internet pornography apply." Defendant's process or custom or policy makes is not rational and makes no sense at all and Defendant's conduct and actions violate Civil Rights and racially discriminate against and harass the Plaintiff.

5. Defendant's assessment is not evidence of his defense Wade v. Knoxville Utilities Bd., 259 F.3d 452 (6th Cir. 2001). Conclusory allegations, improbable inferences and unsupported speculation are not "evidence of the type or quality adequate to stave off summary judgment within the context of McDonnell-Douglas for discrimination claims." Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 871 (1st Cir. 1997). See also Penny v. Unitied Parcel Service, 138 F.3d 408, 415 (6th Cir. 1997).

6. The federal courts require that the classification challenged be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 477 U.S. 297, 303 (1976). When a law impacts a "suspect class" (such as race) or invades

**Opposition To Defendants Motion For Summary Judgment - 23**

"fundamental rights" (such as "due process and equal protection") will the courts impose the more rigorous strict scrutiny test. City of Cleburne, 473 U.S. at 440.

7. This Court should be reluctant to dismiss this complaint unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle Plaintiff to relief. Conley vs. Gibson, 355 U.S. 41(1957).

8. This Court should scrutinized the variance in Defendant's process or custom or policy and reflect on Defendant's conduct and actions and place under a magnifying glass the fact Defendant treated Plaintiff differently rather than similar. Plaintiff can prove intentional discrimination of state actor by both methods. (A) That Defendant treated Plaintiff differently because he is a "Black Man" rather than as similar "White Citizens." (B) The Defendant's conduct and actions evidence (1) Plaintiff belongs to a protected minority group (2) Plaintiff was entitled to public library facilities (3) Plaintiff was denied the benefit of public library facilities (4) Similar "White Citizens" are allowed to view nudity in GRPL where Plaintiff "Black Man" is not. Plaintiff has shown direct evidence that the Plaintiff "A Black Minority" is impacted by Defendant's process or custom or policy with regard to race or color and the Defendant's conduct and actions have an adverse impact on Plaintiff and "Minorities As A Group". Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). See Plaintiff's Exhibits 1 through 6.

9. Because the Defendant conduct is criminal and violates the FRCP. And, because Defendant violates Defendant's own process or custom or policy and whose conduct and actions are racially discriminative both to Plaintiff and to Plaintiff's Civil Rights. The Plaintiff is entitled to judgment as a matter of law. Plaintiff's factual evidence is one-sided and so powerfully overwhelming that no trier of fact would reasonably submit it to a jury. Arnett, 281 F.3d at 561. No jury

would disbelieve Defendant overwhelming failed to comply with Title VI of the Civil Rights Act of 1964 and caused Plaintiff the denial of the full rights and privileges of a place of public accommodation or a place of public use. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 251-52 (1986).

**WHEREFORE**, Plaintiff Prays this Honorable Court, DENY Defendant's and GRANT Plaintiff's Motion For Summary Judgment.

Dated This Tuesday, August 21, 2007

By: _____

**Donald V. Williams**
**44 ½ S. Division St., SE., Apt., 37**
**Grand Rapids, MI., 49503**

**E. CERTIFICATION OF MAILING**

I do herby certify that on the ___21 st___ day of ___August___, ___2007___. I mailed a true and correct copy of the above and foregoing instrument to Daniel A. Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids, MI., 49503.

Dated This Tuesday, August 21, 2007

By: _____

**Donald V. Williams**