1 Donald Williams
60 S. Division Apt., 323
2 Grand Rapids, MI., 49503

**Honorable Robert Holmes Bell**

**Chief United States District Judge**

3

4

5

# *In The United States District Court*
# *For The Western District Of Michigan*

6

7  Donald Williams,                                  )    Case No.: 1:06-cv-635

8           Plaintiff,                                )    Reply To Defendants Reply Brief On
                                                      )    Behalf Of Defendant Grand Rapids Public
9    vs.                                              )    Library        **FILED - GR**
                                                      )              September 5, 2007 12:09 PM
10  Grand Rapids Public Library,                      )         RONALD C. WESTON, SR., CLERK
                                                      )              U.S. DISTRICT COURT
11           Defendant                                )         WESTERN DISTRICT OF MICHIGAN
                                                      )                  BY:  EC /

12  **COMES NOW,** the Plaintiff Donald Williams, with his Reply To Defendants Reply Brief

13  On Behalf Of Defendant Grand Rapids Public Library.

14

15  ## I. <u>REPLY TO DEFENDANTS REPLY BRIEF ON BEHALF OF</u>

16  ## <u>DEFENDANT GRAND RAPIDS PUBLIC LIBRARY</u>

17      ### *A. THE MERITS*

18  1. Tim's conduct and actions demonstrates Defendant's character "White

19      Supremacy Racist Persons or Groups". See Plaintiff's Motion To Amend

20      Pleadings (B)(a)(3), Plaintiff's First Amended Complaint (B)(a)(3).

21  2. Mr. Baldridge affirmatively and by omission to Plaintiff's Civil Rights authorized,

22      approved and adopted a process or custom or policy to ban or bar Plaintiff for

23      viewing a nude picture that abridges Plaintiff Civil Rights (West v. Atkins, 487

24      U.S. 42, 48 (1988); Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001))

25      and knowingly acquiesced in the unconstitutional racial conduct of the offending

**Reply To Defendants Reply Brief - 1**

employee, Tim, (Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982)). See Plaintiff's Motion To Amend Pleadings (B)(a)(4), First Amended Complaint (B)(a)(4), Motion For Summary Judgment (B)(1)(7)(a-i), Exhibits 1 through 6 and 6(A) Request For Admission No. 8.

3. Defendant allows the viewing of pornography for different reasons in Defendant's judgments which are not made for the same purpose of prohibiting pornography in GRPL. Defendants judgments (allowing "Whites" to view publicly displayed pornography in GRPL) made for different reasons (of banning or barring "Blacks" for viewing a nude picture) are not made for the same purpose (in prohibiting the viewing of nudity in GRPL). United States v. American Library Association, 539 U.S. 194 (2003)). Id. at 203, 205, 206, 208. Defendant's process or custom or policy fails to ensure a rational means to further a legitimate governmental interest or objective. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976).

4. The only rational basis or sense Defendant's process or custom or policy and conduct and action make is that Defendant's character merits "White Supremacy Racist Persons or Groups." Defendant's conduct shocks the conscience because Defendant is deliberately malicious to Plaintiff and callously indifferent to Plaintiff's Civil Rights. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. See Plaintiff Exhibits 1 through 6(A) Request For Admission No. 8.

5. Defendant prohibits the viewing of pornography in GRPL. Defendant contains pornographic pictures in GRPL print collection. Defendant prohibits or blocks

**Reply To Defendants Reply Brief - 2**

1
2
3
4
5
6
7
8
9
10
11
12
13

internet pornography. The Defendant discusses catching Plaintiff in some GRPL policy violation with a fellow employee. Defendant's actions invading Plaintiff's privacy by watching and view what Plaintiff was doing on Plaintiff's laptop computer where purposeful and willful. Defendant's banning or barring Plaintiff immediately for viewing a nude picture for about five seconds without common courtesy or generosity in informing or warning Plaintiff that viewing nudity was prohibited was intentional. The Plaintiff by process or custom or policy is ban or barred from GRPL for viewing a nude picture for about five seconds. Defendant's officials knowingly acquiesced the unconstitutional conduct of the offending employee. The offending employee unprovoked re-approaches Plaintiff again and intimidates Plaintiff about the previous incident. Plaintiff was not accorded appropriate process. Mr. Buzzalini is allowed to view and publicly display pornographic pictures in GRPL without discipline or restriction or incident.

14
15
16
17
18
19
20
21
22
23

6. There is no claim in Plaintiff's complaint to a right to view nude pictures or a right to view internet pornography or a right to checkout books with nude pictures in them. There is no genuine issue as to any material fact of a right to view nude pictures or a right to view internet pornography or a right to checkout books with nude pictures in them. There is a genuine issue as to the material fact of Defendant treating Plaintiff differently rather than similar in banning or barring Plaintiff from GRPL by process or custom or policy for viewing a nude picture rather than treating Plaintiff as similarly "White Citizen" who are allowed to publicly view and display pornography in GRPL.

24
25

7. Defendant's disputes are; Plaintiff has failed to state a claim upon which relief may be granted, the rules for library internet use apply and Defendant's mere denial of abridging or depriving Plaintiff Civil Rights.

**Reply To Defendants Reply Brief - 3**

8. In Defendant's "Motion For Summary Judgment pg.11, middle paragraph" Defendant asserts:

> "The issue is the public display of pornographic material in the GRPL." "Nor should there be dispute that what Plaintiff was viewing was pornographic."

9. Plaintiff's complaint states a claim upon which relief can be granted under Rev. Stat. Sec. 1979. Under Rev. Stat. § 1979 unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of Plaintiff claim which would entitle Plaintiff to relief. A complaint states a claim. Conly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101, 102, 2L.Ed, 2d 80. See Plaintiff's Exhibit 6(A) Request For Admission 1 and 8.

10. Even if the rules for library internet pornography apply Defendant violated Defendant's own process or custom or policy in allowing similar "White Citizen" to view and publicly display pornographic pictures in GRPL. See Plaintiff's Exhibits 4 and 5. Plaintiff can prove purposeful, willful and intentional discrimination of state actor by both methods. (A) That Defendant treated Plaintiff differently because he is a "Black Man" rather than as similar "White Citizens." (B) The Defendant's process or custom or policy and conduct and actions evidence (1) Plaintiff belongs to a protected minority group (2) Plaintiff was entitled to public library facilities (3) Plaintiff was denied the benefit of public library facilities (4) Similar "White Citizens" are allowed to view nudity in GRPL where Plaintiff "Black Man" is not. Plaintiff "A Black Minority" is impacted by Defendant's process or custom or policy with regard to race or color and Defendant's conduct and actions have an adverse impact on Plaintiff and "Minorities As A Group". Wards

Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). See Plaintiff's Exhibits 1 through 6.

11. The only remaining dispute is the Defendant's mere denial of Defendant abridging and depriving Plaintiff's Federally Secured and Protected Civil Rights. Defendant's process or custom or policy and conduct and actions demonstrate malicious and callous indifference both to Plaintiff and to Plaintiff's Civil Rights. No jury would disbelieve Defendant overwhelming failed to comply with treating Plaintiff equally (Title VI of the Civil Rights Act of 1964) and caused Plaintiff the denial of the full rights and privileges of a place of public accommodation or a place of public use by segregating Plaintiff for viewing a nude picture (Const. Amend. 1, 4, 5, 8, 14). Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 251-52 (1986). It makes no sense for Defendant to fail to ensure a rational means to further a legitimate governmental interest or objective. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976). Plaintiff's factual evidence is one-sided and so powerfully overwhelming that no trier of fact would reasonably submit it to a jury. Arnett, 281 F.3d at 561. See Plaintiff's Exhibits 1 through 6.

12. Summary Judgment in favor of Defendant's burden of persuasion "Is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." Hunt v. Cromartie, 526 U.S. 541, 553 (1990). In Defendant Motion For Summary Judgment pg.11, middle paragraph Defendant asserts:

> "The issue is the public display of pornographic material in the GRPL." "Nor should there be dispute that what Plaintiff was viewing was pornographic."

**Reply To Defendants Reply Brief - 5**

1

2

3

Defendant now has a different interpretation and infers that different circumstances exist between what Plaintiff' publicly displayed in GRPL and what Mr. Buzzalini publicly displayed in GRPL. Defendant now asserts that:

4

5

6

"The mere fact that Mr. Buzzalini was able to check out books without more does not suggest that Mr. Williams would not have been able to check out the same books."

7

8

9

10

"Further, Mr. Williams has not asserted or demonstrated that a white Native American would be able to publicly view internet pornography at the Grand Rapids Public Library."

11

12

13

14

15

16

17

18

19

20

See Defendant's Reply Brief On Behalf Of Defendant Grand Rapids Public Library pg. 2, 3rd paragraph last 3 sentences and pg. 3, 2nd paragraph 3rd and 4th sentence. Plaintiff's pleadings and record are consistent. One of the elements for Plaintiff's case (established in the pleadings and on record) is that Plaintiff's segregation was over viewing a single half nude picture with no internet or website markings. (See Plaintiff's Complaint (B)(a)(1), Motion To Amend Pleadings(B)(a)(3) and First Amended Complaint (B)(a)(3), Exhibit 2(A)(1) first sentence and Williams Dep. pg. 82-85, 108, 122-123). Obviously, Mr. Buzzalini had to view and publicly display the pornographic pictures inside GRPL before he could assess that they where in fact what Plaintiff requested (See Exhibit 4).

21

22

23

24

25

Under Rev. Stat. Sec. 1979 it is not necessary to allege that the action taken was authorized. The issue is "The public display of pornographic material in the GRPL" and not the "Checking out of books" or the "Viewing of internet pornography" where there is no claim to these issues (See Plaintiff's Exhibit 6 Request For Admission 8). Obviously, Mr. Buzzalini publicly viewed and displayed the pornographic pictures in Exhibit 4 inside GRPL before he checked

**Reply To Defendants Reply Brief - 6**

1     the books out. (See Exhibit 4 and $5(A)(2)$ 2nd sentence).  Nor should there be

2     dispute that what Mr. Buzzalini viewed in Exhibit 4 while inside GRPL is

3     pornographic.    Plaintiff has shown the Court Defendant treated Plaintiff

4     differently rather than similar in violation of Title VI of the Civil Rights Act of 1964

5     and deprived Plaintiff the full rights and privileges to a place of public

6     accommodation or use.

7     Because the Defendant changes context at whim; from the "Public display of

8     pornographic material in the GRPL" to the "Checking out of books" and the

9     "Viewing of internet pornography" by different interpretations and inferences to

10    suite Defendant's purpose of establishing grounds of genuine issues of material

11    fact in violation of Rule 11(a)(b)(1-4)(c).  The Defendant's Motion for Summary

12    Judgment should be DENIED and the Plaintiff's GRANTED.

13. Plaintiff asserts that racial discrimination exists where Defendant intimidates

      Plaintiff for release forms (See Williams Dep., pg. 6-7, 28), violates FRCP Rule

      11, fails to comply with Title VI of the Civil Rights Act of 1964 and deprives the

      Plaintiff Federally Protected Civil Rights (Const. Amend. 14).

14. The evidence presented by Plaintiff both in the pleadings and on record

      represents both the same circumstances and context.  Where both Plaintiff and

      Mr. Buzzalini viewed and publicly displayed nude or pornographic pictures in

      GRPL.  Under the same context and circumstances Plaintiff was ban or barred

      (segregated) from GRPL for viewing a nude picture where Mr. Buzzalini was not.

      Mr. Buzzalini's statement was clear (See Exhibit 5(A)(2-3)).

15. Where both Plaintiff and Mr. Buzzalini circumstance represent the same context

      it is not rational for Defendants judgments (in allowing "Whites" to view

      pornography) made for different reasons (of banning or barring "Blacks" for

1
2
3
4
5

viewing a nude picture) are not made for the same purpose (in prohibiting nudity in GRPL). See Mr. Baldridge Statement in Plaintiff's Motion To Amend Pleadings (B)(a)(4), First Amended Complaint (B)(a)(4), Exhibits 1 through 5 and 6(A) Request For Admission No. 8. United States v. American Library Association, 539 U.S. 194 (2003)). Id. at 203, 205, 206, 208.

6
7
8
9
10
11
12
13
14
15
16
17
18
19

16. Plaintiff asserts "White Supremacy Racist Persons or Groups" exists where Defendant fails to ensure a rational means to further a legitimate governmental interest or objective. City of Cleburne v. Cleburne Living Center, Inc., 473, 439 (1985). Id., 440. City of New Orleans v. Dukes, 427, U.S. 297, 303 (1976). Where Defendant intimidates Plaintiff for release forms (See Williams Dep., pg. 6-7, 28) and fails to comply with FRCP Rule 11. Where Defendant violates Defendants own policy and treats Plaintiff differently rather than similar (Title VI of the Civil Rights Act of 1964). Where Defendant abridges and deprives Plaintiff's Civil Rights in the malicious and callous conduct and actions of the offending employee Tim. "White Supremacy Racist Persons or Groups" exists where Defendant egregiously violates Defendant's own process or custom or policy and whose conduct and actions arbitrarily and flagrantly racially prejudice Plaintiff in treating differently rather than similar.

20

## B. CONCLUSION

21
22
23
24
25

1. What higher standard of proof could Plaintiff offer where Defendant switches or changes the context to different interpretations and inferences at whim to suite Defendant's purpose of establishing grounds of genuine issues of material fact in violation of Rule 11. The Defendant's Motion For Summary Judgment should be DENIED and the Plaintiff's GRANTED.

2. The standard of proof that Racial Discrimination Exists is in Defendant overwhelming failing to comply with Title VI of the Civil Rights Act of 1964 and depriving Plaintiff Federally Secured and Protected Civil Rights (Const. Amend. 14). The Defendant's conduct shocks the conscience because Defendant is deliberately malicious to Plaintiff and callously indifferent to Plaintiff's Civil Rights. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719. Defendant's judgments made for different reasons are not made for the same purpose. It is not rational and it makes no sense for Defendant to fail to ensure a rational means to further a legitimate governmental interest or objective.

3. The Federal Courts require that the classification challenged be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 477 U.S. 297, 303 (1976). When a law impacts a "suspect class" (such as race or color) or invades "fundamental rights" (such as "due process and equal protection") will the courts impose the more rigorous strict scrutiny test. City of Cleburne, 473 U.S. at 440. There has been infringement of rights, subject to due process and equal protection, and review under rational basis is inappropriate. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 1006 (1989). The Defendant is liable for the consequences of Defendant's acts in a Civil Rights case so long as Defendant's conduct is done under color of law and deprives a Plaintiff of a Civil Right. Aldridge vs. Mullins, D.C.Tenn.1972 377 F.Supp 850. Whether or not the conduct of Defendant was authorized or even if it was prescribed by law. Monroe v. Pape, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.

1  **WHEREFORE**, Plaintiff Prays this Honorable Court, DENY Defendant's and GRANT

2  Plaintiff's "Motion For Summary Judgment."

3

                                    Dated This Monday, September 3, 2007

4

5                  By: _____

6                      **Donald V. Williams**

7                      **60 S. Division St., SE., Apt., 323**
                       **Grand Rapids, MI., 49503**

8

9    *C. CERTIFICATION OF MAILING*

10  I do herby certify that on the ___4___ day of September 2007. I

11  mailed a true and correct copy of the above and foregoing instrument to Daniel A.

12  Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids,

13  MI., 49503.

14

                                   Dated This Monday, September 3, 2007

15                  By: _____

16                    **Donald V. Williams**

17

18

19

20

21

22

23

24

25

**Reply To Defendants Reply Brief - 10**