Donald Williams
60 S. Division Apt., 323
Grand Rapids, MI., 49503

**FILED - GR**
September 28, 2007 10:24 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____

# *In The United States District Court*
# *For The Western District Of Michigan*

Donald Williams,                          ) Case No.: 1:06-cv-635
                                          )
          Plaintiff,                      ) Appeal To Report And
                                          ) Recommendation
     vs.                                  )
                              Robert Holmes Bell      Joseph G. Scoville
Grand Rapids Public Library,   Chief, U.S. District Judge    U.S. Magistrate Judge
                                          )
          Defendant                       )
_____)

**COMES NOW,** the Plaintiff Donald Williams, with his Appeal To Magistrate Judge

Joseph G. Scoville's Report And Recommendation.

## I.  Appeal To Report And Recommendation

1. Plaintiff would show the Court that a Summary Judgment "Hearing" was held

   Thursday, September 20, 2007 at 10:00 AM in Courtroom 699, Ford Federal

   Building, Grand Rapids, Michigan, before Magistrate Judge Joseph G. Scoville.

2. Review and appeal of magistrate judges' decisions FRCP Rule 72(b), LCivR

   72.3(a)(b), 28 U.S.C. § 636(b)(1)(A)(B).   Plaintiff objects and appeals to

   Magistrate Judge Joseph G. Scoville's Report And Recommendation.  Plaintiff

   would show this Court Magistrate Judge Joseph G. Scoville's Report And

   Recommendation is erroneous by respondeat superior being inapplicable to

   section 1983 litigation and discriminatively unfair where Plaintiff has stated a

claim upon which relief can be granted and clearly established the rights of the Plaintiff as a matter of law.

3. The doctrine of "respondeat superior" applies only when the relation of master and servant, employer and employee, or principal and agent is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong, at the time and in respect to the very transaction out of which the injury arose.    Carter vs. Thruston Motor Lines, 41 S.E.2d 586, 587, 227 N.C. 193. Under rule of "respondeat superior", both master and servant are liable to third persons for negligent performance of duty by servant.    Atterbury vs. Temple Stephens Co., 181 S.W. 2d 659, 662, 353 Mo. 5.

4. The United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation.    (Monell vs. Department Of Social Services, 436 U.S. 658 (1978)).  The Tenth Circuit Court of Appeals has held that "a private entity that employs an off duty police officer is not vicariously liable for its employees' deprivations of citizen's civil rights".  (Lusby vs. TG&Y Stores, Inc., 749 F.2d 1423 (10th Cir. 1984).  The word "person" in Section 1983 includes public bodies, but limits such inconclusion to conduct which implements or executes a policy or custom (See Monell, super.).

5. Suits may be brought by private citizens against counties and municipalities under section 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

6. Under Rev. Stat. § 1979 to state claim under due process clause, it need not be alleged that purpose of acts complained of was to discriminate between persons or classes of persons.  To state claim under statute providing for civil action of deprivation of rights, allegation that act was committed under color of state law is

necessary. <u>Cohen v. Norris,</u> 300 F.2d 24 (9th Cir. 1962). A complaint states a claim under section 1979, if the facts alleged show that the defendant: (1) while acting under color of state or local authority, (2) subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any right, privileges or immunities secured to the plaintiff by the Constitution and laws of the United States. <u>Marshall v. Sawyer</u>, 301 F.2d at page 646, <u>Cohen v. Norris</u>, at page 30. The facts alleged in a complaint are sufficient with regard to the first of these elements if they lay groundwork for proof that, at the time in question, the defendant was clothed with the authority of state or local government and was purporting to act thereunder.   <u>Screws v. United States</u>, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed, 1495; <u>Marshall v. Sawyer</u>, at page 646.

7. The Defendant's' conduct was engaged in under color of state law if they were clothed with the authority of the state and were proporting to act thereunder, whether or not the conduct complained of was authorized or even if it was prescribed by law. <u>Monroe v. Pape</u>, 365, U.S. 167, 187, 81 S.Ct 473, 5 L.Ed.2d 492.  The Defendant is liable for the natural consequences of his acts in a civil rights case so long as his conduct is done under color of law and deprives a plaintiff of a civil right. <u>Aldridge vs. Mullins</u>, D.C.Tenn.1972 377 F.Supp 850.

8. Inorder to show that defendant where acting "under color of state law," thus giving rise to action under this section, it is not necessary to allege that the action taken was authorized by the state as long as facts are stated which show that defendant were clothed with the authority of the state and were purporting to act thereunder. <u>Sykes v. State of Cal.,</u> (Dept. of Motor Vehicles), C.A.Cal.1974, 487 F.2d 197.

9.  This Court should be reluctant to dismiss this complaint unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle Plaintiff to relief. Conley vs. Gibson, 355 U.S. 41(1957).

10. This Court asserts that "Upon review of the record, I conclude that plaintiff has failed to meet his burden to establish grounds for municipal liability. In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that municipalities may not be held liable in a section 1983 action on a respondeat superior theory for the actions of their subordinates. 436 U.S. at 691." (See Magistrate Judge Joseph G. Scoville's Report And Recommendation pg. 6.). Plaintiff asserts that these stringent standards are not a requisite to section 1983 action (Rev. Stat. Sec. 1979) and that the United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation (Monell vs. Department Of Social Services, 436 U.S. 658 (1978). Sykes v. State of Cal., (Dept. of Motor Vehicles), C.A.Cal.1974, 487 F.2d 197.

11. This Court asserts that "Consequently, the record is devoid of any official policy or custom of the City of Grand Rapids, or its Library Commission, that would prohibit the viewing of nudity in the library or allow a library employee to take action against it. If, as plaintiff alleges, Mr. Gleisner enforced such a rule on his own initiative, this action cannot be attributed to the official policies of the Library Commission or the City." (See Magistrate Judge Joseph G. Scoville's Report And Recommendation pg. 8). Plaintiff asserts Magistrate Judge Joseph G. Scoville's Report And Recommendation erroneous and not a requisite to a section 1983 action (Rev. Stat. Sec. 1979) where the United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation.

(Monell vs. Department Of Social Services, 436 U.S. 658 (1978)). Sykes v. State of Cal., (Dept. of Motor Vehicles), C.A.Cal.1974, 487 F.2d 197.

12. A cause of action will be recognized under this section where a person's right to be free from illegal searches of himself and his property has been violated. Skrocki v. Caltabiano, D.C.Pa.1981, 511 F.Supp 651.

13. Magistrate Judge Joseph G. Scoville's Report And Recommendation asserts that "The Supreme Court has recognized that policy can arise from the action of executive decision makers as well has legislative bodies. In summary, any deprivation of liberty or of First Amendment rights that occurred on September 21, 2005, cannot be attributed to the City of Grand Rapids for purposes of section 1983, as no policy of the City can be deemed the "moving force" behind these events." (See Magistrate Judge Joseph G. Scoville's Report And Recommendation pg. 8 - 9). Plaintiff asserts Magistrate Judge Joseph G. Scoville's Report And Recommendation is erroneous and not a requisite to section 1983 action (Rev. Stat. Sec. 1979) and that the United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation. (Monell vs. Department Of Social Services, 436 U.S. 658 (1978)). Sykes v. State of Cal., (Dept. of Motor Vehicles), C.A.Cal.1974, 487 F.2d 197.

14. Magistrate Judge Joseph G. Scoville's Report And Recommendation asserts "The same conclusion applies to plaintiff's claims of race discrimination. These problems of proof aside, however, plaintiff' claim of race discrimination against the City must fail for lack of an official policy or custom motivating Gleisner's alleged act. Consequently, plaintiff cannot show that the City of Grand Rapids, or its Library Commission, was the "moving force" behind any alleged violation." (See Magistrate Judge Joseph G. Scoville's Report And Recommendation pg. 9 -

10).    Plaintiff asserts Magistrate Judge Joseph G. Scoville's Report And Recommendation is erroneous where the United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation. (Monell vs. Department Of Social Services, 436 U.S. 658 (1978)), Sykes v. State of Cal., (Dept. of Motor Vehicles), C.A.Cal.1974, 487 F.2d 197.

15. Furthermore, The Magistrate Judge failed to consider the entire conduct of the offending employee Tim's actions and the fact Plaintiff has establish by evidence in Exhibits 1, 2, 4, 5 and 6 that the Defendant treated Plaintiff differently rather than similar.  A reasonable fact finder or jury or this Court could find beyond a reasonable doubt and a preponderance of evidence in the circumference of the offending employee Tim's conduct of;

1 Discussing catching Plaintiff.

2 Invading Plaintiff's privacy in standing behind Plaintiff watching and viewing what Plaintiff was doing on Plaintiff's laptop computer.

3 Immediately (purposefully, willfully and intentionally) banning or barring Plaintiff without common courtesy.

4    Unprovoked re-approaching Plaintiff again a week or two later and intimidating Plaintiff about the previous incident.

5,    That the conduct and actions of Tim where malicious and callous indifference both to Plaintiff and Plaintiff's Civil Rights.

16. And, that Defendant was racially motivated where Defendant violated Title VI of the Civil Rights Act of 1964 in treating Plaintiff differently rather than similar (County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998). See id. at 846-850, 118 S. Ct. at 1717-18. Id. at 851, 118 S. Ct. at 1719)

and where Defendant violated Defendant's own process or custom or policy of prohibiting nudity in Grand Public Library (GRPL) in allowing similar white citizens to view nudity or pornography (See Exhibits 1 through 6).  West v. Atkins, 487 U.S. 42, 48 (1988), Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001), Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir 1982).

17. Plaintiff can prove these set of facts in support of Plaintiff claims which would entitle Plaintiff to relief (Rev. Stat. § 1979).  See Plaintiff's Exhibits 1 through 6. Conly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101, 102, 2L.Ed, 2d 80. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

18. Plaintiff can prove intentional discrimination of state actor by both methods.  (A) That Defendant treated Plaintiff differently because he is a "Black Man" rather than as similar "White Citizens."   (B) The Defendant's conduct and actions evidence (1) Plaintiff belongs to a protected minority group (2) Plaintiff was entitled to public library facilities (3) Plaintiff was denied the benefit of public library facilities (4) Similar "White Citizens" are allowed to view nudity in GRPL where Plaintiff "Black Man" is not.  Plaintiff has shown direct evidence that the Plaintiff "A Black Minority" is impacted by Defendant's process or custom or policy with regard to race or color and the Defendant's conduct and actions have an adverse impact on Plaintiff and "Minorities As A Group".  Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989).  See Plaintiff's Exhibits 1 through 6.

19. Plaintiff would show this Court Plaintiff's Footnote in Plaintiff's "Motion To Amend Pleadings pg. 15."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

> Suits may be brought by private citizens against counties and municipalities under section 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

20. Plaintiff would show this Court Magistrate Judge Joseph G. Scoville's Report And Recommendation cites the very same case and basis the majority of his report and recommendation on it (See Magistrate Judge Joseph G. Scoville's Report And Recommendation pg. 6, last paragraph, first sentence). Plaintiff would show this Court that the United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation. (Monell vs. Department Of Social Services, 436 U.S. 658 (1978)). Thus, all three cases are one in the same.

21. Magistrate Judge Joseph G. Scoville's Report And Recommendation is erroneously unfair in citing inapplicable case law and knowingly asserting a prejudicial bias Report And Recommendation that cannot be anything but further violation and deprivation of Plaintiff protected Civil Rights in denying Plaintiff's motion for summary judgment and dismissal by report and recommendation.

### A. Conclusion

22. Prospective and declaratory relief against individual state and county officials should not be dismissed. Under the fiction Ex parte Young, officials may be stripped of their character as agents of the state when they violate federal law. The state has no power to impart to Defendant any immunity from responsibility to the supreme authority of the United States. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Lawson, 211 F.3d at 334-35. The United States

1

2

Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation. (Monell vs. Department Of Social Services, 436 U.S. 658 (1978)).

3

4

5

6

7

8

9

23. Magistrate Judge Joseph G. Scoville Report And Recommendation is erroneous in asserting inapplicable respondeat superior to this litigation and prejudicially unfair where Plaintiff has stated a claim upon which relief can be granted (42 U.S.C. Sec. 1983, Rev. Stat. Sec. 1979) and where Plaintiff has clearly established the rights of the Plaintiff as a matter of law (See Plaintiff's Motion To Amend Pleadings, First Amended Complaint, Motion For Summary Judgment and Opposition To Defendant's Motion for Summary Judgment).

10

11

12

13

14

15

16

24. Plaintiff's allegation and evidence are sufficient under this section to support a summary judgment motion and or a jury finding in favor of Plaintiff that Defendant racially discriminated against Plaintiff. Plaintiff can prove facts in support of Plaintiff's claims which would entitle Plaintiff to relief (Rev. Stat. § 1979). See Plaintiff's Exhibits 1 through 6. Conly v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct 99, 101, 102, 2L.Ed, 2d 80. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

17

18

19

20

21

22

23

24

25. Plaintiff request this Court reverse Magistrate Judge Joseph G. Scoville's Report And Recommendation and "GRANT" Plaintiff's Motion For Summary Judgment because the United States Supreme Court has held that respondeat superior is inapplicable to section 1983 litigation and Plaintiff has stated a claim upon which relief can be granted and clearly established the rights of the Plaintiff as a matter of law (See Plaintiff's Motion To Amend Pleadings, First Amended Complaint, Motion For Summary Judgment and Opposition To Defendant's Motion for Summary Judgment).

25

**WHEREFORE**, Plaintiff prays this Honorable Court Radically Reverse Magistrate Judge Joseph G. Scoville's Report And Recommendation and Exterminate Defendant's Motion

1  For Summary Judgment by GRANTING Plaintiffs Appeal and Motion For Summary
2  Judgment.

3
                              Dated This Friday, September 28, 2007
4
                    By:
5
                          **Donald V. Williams**
6                         **60 S. Division St., SE., Apt., 323**
                          **Grand Rapids, MI., 49503**
7

8  ## II. <u>CERTIFICATION OF MAILING</u>

9  I do herby certify that on the 28th day of September 2007. I
10
   mailed a true and correct copy of the above and foregoing instrument to Daniel A.
11
   Ophoff, Assistant City Attorney, 620 City Hall, 300 Monroe Ave., NW, Grand Rapids,
12
   MI., 49503.
13
                              Dated This Friday, September 28, 2007
14
                    By:
15
                          **Donald V. Williams**
16

17

18

19

20

21

22

23

24

25