UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WILLIAMS,

       Plaintiff,

File No. 1:06-CV-635

v.

HON. ROBERT HOLMES BELL

GRAND RAPIDS PUBLIC LIBRARY,

       Defendant.
                                         /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

This is a civil rights action brought by *pro se* Plaintiff Donald Williams pursuant to 42 U.S.C. § 1983. The parties filed cross-motions for summary judgment. (Dkt. No. 62, Pl.'s Mot. for Summ. J.; Dkt. No. 58, Def.'s Mot. for Summ. J.) The cross-motions were referred to the Magistrate Judge, who held a hearing on the cross-motions on September 20, 2007. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court deny Plaintiff's motion for summary judgment, grant Defendant Grand Rapids Public Library's motion for summary judgment, and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. (Dkt. No. 71.) This matter is presently before the Court on Plaintiff's objections to the R&R that were filed on September 28, 2007. (Dkt. No. 72.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of this Court.

This Court reviews *de novo* those portions of a R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's claims arose out of the events of September 21, 2005. On September 21 Plaintiff entered the library at about 11:00 a.m. Shortly after 2:00 p.m. Plaintiff overheard an employee of Defendant say "I'll bet I can catch him." At 2:15 p.m. Plaintiff was viewing a picture of a partially nude woman on his laptop computer. An employee of Defendant advised Plaintiff that he could not view such material in the library and asked Plaintiff to leave the library for the remainder of the day. Plaintiff returned to the library at 5:45 p.m. of that same day to file a complaint against the employee of Defendant who had asked him to leave. One or two weeks later when Plaintiff returned to the library, the same employee of Defendant who had asked the Plaintiff to leave on September 21, asked "Is there anything I can do for you?" Plaintiff alleges that this was asked in a menacing and intimidating manner that indicated the racism and discriminatory intent of Defendant's employee. Plaintiff has not been excluded from the library, other than when he was requested to leave on September 21. Plaintiff filed this lawsuit on September 5, 2006, seeking damages of $15,000,000.00.

Plaintiff's first objection is that the Magistrate Judge incorrectly applied respondeat superior to Plaintiff's § 1983 claim. (Pl.'s Objs. ¶¶ 3-4, 10-11, 14, 20, 22.) The R&R states:

> In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities may not be held liable in a section

1983 action on a respondeat superior theory for the actions of their subordinates. 436 U.S. at 691. Rather, the municipality is only responsible when, through its own deliberate content [*sic*], the municipality was the "moving force" behind the injury alleged. *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). Liability may be found against a municipality under section 1983 when its employees have acted pursuant to an official policy or custom. *Monell*, 436 U.S. at 694-95; *see Graham ex rel. Graham v. County of Washtenaw,* 358 F.3d 377 (6th Cir. 2004).

(R&R 6-7.) The Magistrate Judge correctly stated the law, that "'a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) (quoting *Monell*, 436 U.S. at 691)). The Magistrate Judge then properly focused on the question of whether the actions at issue were taken pursuant to an official policy or custom. Contrary to Plaintiff's contention, the Magistrate Judge concluded that Defendant is entitled to summary judgment because the actions at issue were not taken pursuant to an official policy or custom. The Magistrate Judge never applied the principles of respondeat superior to Plaintiff's claims, in fact, the Magistrate Judge properly concluded that respondeat superior is inapplicable to Plaintiff's claims.

Plaintiff's second objection is that the Magistrate Judge erred, because Plaintiff's complaint alleges that Defendant acted under color of state or local authority. (Pl.'s Objs. ¶ 6.) Plaintiff does not dispute that the Grand Rapids Public Library, the only defendant, is an arm of the City of Grand Rapids. City of Grand Rapids, Mich., Charter, tit. XIII, § 2 (1991). A prerequisite to a municipality being liable under § 1983 is that the actions at issue were taken pursuant to an official policy or custom. *Graham*, 358 F.3d at 382-83. Plaintiff's objection does not address the absence of any official policy or custom of Defendant.

Plaintiff's final objection is that the Magistrate Judge erred, because Plaintiff can prove his race discrimination claim. (Pl.'s Objs. ¶¶ 15, 18.) None of the evidence to which Plaintiff refers addresses the Magistrate Judge's conclusion that Plaintiff's "claim of race discrimination against the City must fail for lack of an official policy or custom motivating" the alleged act of Defendant's employee. (R&R 9.) The Magistrate Judge properly concluded that the record does not contain any evidence of an official policy or custom of Defendant favoring discrimination on account of race.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 72) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 71) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment under authority of Fed. R. Civ. P. 56(b) and (c) (Dkt. No. 58) is **GRANTED**.

A judgment will be entered consistent with this memorandum opinion.

Date:   November 9, 2007          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE